UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-95** |
| **LAMORAK INSURANCE CO., et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is Defendant General Electric Company's ("General Electric") "Motion for Reconsideration."[1] In this litigation, Plaintiffs Louise Ella Simon Dempster, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Mr. Dempster") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Mr. Dempster was employed by Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.) ("Avondale").[2] In the instant motion, General Electric argues that the Court should reconsider an order by the state trial court overruling General Electric's exception of res judicata and dismiss Plaintiffs' survival claim and Louise Ella Simon Dempster's ("Mrs. Dempster") wrongful death claim pending against

---

[1] Rec. Doc. 28.

[2] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. In particular, Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

General Electric on res judicata grounds.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

## I. Background

### A. *Factual Background*

In this litigation, Plaintiffs allege that Mr. Dempster was employed by Avondale from 1962 to 1994.[4] During that time, Plaintiffs aver that Mr. Dempster was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Mr. Dempster breathing in asbestos fibers and later developing asbestos-related cancer.[5] Plaintiffs assert strict liability and negligence claims against various Defendants.[6]

In 1991, Mr. and Mrs. Dempster, along with several thousand other plaintiffs, sued multiple defendants for asbestos-related injuries in *In re Asbestos, Plaintiffs v. Borden, Inc., et al.*, Case No. 91-18397, in the Civil District Court for the Parish of Orleans.[7] The record shows that, during the *Borden* litigation, Mr. and Mrs. Dempster were represented by the Wilson Law Firm. That litigation resulted in a settlement between Mr. and Mrs. Dempster and General Electric; the parties agreed to settle all claims and executed a "Release of General Electric Company" (the "Dempster Release").[8] When Mr. and Mrs. Dempster executed the Dempster Release, Mr. Dempster had been diagnosed with asbestosis but had not yet been diagnosed with lung cancer.

---

[3] Rec. Doc. 28-1.

[4] Rec. Doc. 1-2 at 5.

[5] *Id.*

[6] *Id.* at 7–8.

[7] Rec. Doc. 28-16.

[8] *Id.*

## B.    *Procedural Background*

Mr. Dempster filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[9] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Avondale Interests") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[10] In the first notice of removal, Avondale Interests alleged that removal was proper because this is an action "for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1)."[11]

On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[12] The Court found that Defendants presented no evidence that Mr. Dempster came into contact with asbestos aboard a government vessel, and thus, no federal interest was implicated.[13] Alternatively, even accepting Defendants' argument that Mr. Dempster came into contact with asbestos aboard a government vessel as true, the Court did not find that the necessary causal nexus existed between Federal Government action and Mr. Dempster's claims.[14] This determination was based on the fact that Mr. Dempster brought negligence claims, rather than strict liability claims, against Avondale Interests.[15] Defendants did not appeal the January 7, 2019 Order.

---

[9] Rec. Doc. 1-2 at 2–3.

[10] Case No. 18-6158, Rec. Doc. 1 at 2.

[11] *Id.*

[12] Case No. 18-6158, Rec. Doc. 89.

[13] *Id.* at 31.

[14] *Id.*

[15] *Id.* at 36–37. The January 7, 2019 Order predated the Fifth Circuit's en banc decision in *Latiolais v. Huntington Ingalls, Inc.*, overruling prior precedent and holding that Avondale was entitled to remove a negligence

Mr. Dempster passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Mr. Dempster's heirs as Plaintiffs on January 17, 2019.[16] The amended petition does not purport to assert any strict liability claims against Avondale.[17] Trial was scheduled to begin before the state trial court on January 13, 2020.[18]

On January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[19] In the second notice of removal, Avondale once again alleges that removal is proper because this is an action "for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1)."[20] In the second notice of removal, Avondale contends that the jury interrogatories, jury charges, and Pre-Trial Order recently filed by Plaintiffs in state court directly contradict Mr. Dempster's prior representation in federal court that he was not asserting strict liability claims against Avondale.[21] On January 10, 2020, Plaintiffs filed an "Emergency Motion to Remand"[22] and an "Ex Parte Motion for Expedited Hearing and for Emergency Ruling."[23]

---

case filed by a former Navy machinist because of his exposure to asbestos while the Navy's ship was being repaired at the Avondale shipyard under a federal contract. 951 F.3d 286, 289 (5th Cir. 2020).

[16] Rec. Doc. 1-8.

[17] *Id.*

[18] Rec. Doc. 1-12.

[19] Rec. Doc. 1.

[20] *Id.* at 2.

[21] *Id.* at 4–5.

[22] Rec. Doc. 4.

[23] Rec. Doc. 5.

On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[24] Specifically, the Court found that the notice of removal was timely filed and Plaintiffs' pretrial filings constitute a proper basis for the second removal.[25] Additionally, the Court found that Avondale met the three-part test for federal officer removal.[26] Namely, (1) Avondale is a person within the meaning of the statute, (2) Avondale acted pursuant to a federal officer's directions and a causal nexus exists between its actions under color of federal office and plaintiffs' claims, and (3) Avondale has a colorable federal defense to Plaintiffs' claims under the government contractor immunity defense.[27]

On February 18, 2020, General Electric filed the instant "Motion for Reconsideration."[28] On March 3, 2020, Plaintiffs filed an opposition to the instant motion.[29] General Electric, with leave of Court, filed a reply brief in further support of the motion on March 10, 2020.[30] At the request of the parties, the Court heard oral argument on this motion on March 11, 2020.[31]

---

[24] Rec. Doc. 17.

[25] *Id*. at 20–22.

[26] *Id*. at 23–36.

[27] *Id*. The January 28, 2020 Order also predated the Fifth Circuit's en banc decision in *Latiolais*. In *Latiolais*, the Fifth Circuit held that "to remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." 951 F.3d at 296. The Fifth Circuit overruled prior caselaw applying the "causal nexus" requirement to Section 1442(a) as amended in 2011. *Id.*

[28] Rec. Doc. 28.

[29] Rec. Doc. 89.

[30] Rec. Doc. 118.

[31] Rec. Doc. 120.

## II. Parties' Arguments

### A. *General Electric's Argument in Support of the Motion*

In the instant motion, General Electric argues that the Court should reconsider an order by the state trial court overruling General Electric's exception of res judicata and dismiss Plaintiffs' survival claim and Mrs. Dempster's wrongful death claim pending against General Electric on res judicata grounds.[32] General Electric acknowledges that the state district court denied General Electric's original motion on October 10, 2019, finding that the claims were not barred by res judicata because the prior release agreement Mr. and Mrs. Dempster signed did not include the words "lung cancer."[33] However, General Electric contends that on January 29, 2020, the Louisiana Supreme Court issued its opinion in *Gistarve Joseph, Sr., et al v. Huntington Ingalls Incorporated* in which the court rejected the rationale that a release must expressly refer to the specific disease at issue in order to be effective.[34] Accordingly, in light of this new authority from the Louisiana Supreme Court, General Electric argues that this Court should reconsider the state district court's order overruling General Electric's exception of res judicata.[35]

General Electric contends that by the unambiguous terms of the agreement, Mr. Dempster and Mrs. Dempster settled all current and future claims against General Electric.[36] General Electric argues that the state district court erroneously denied General Electric's exception based upon the state district court's mistaken belief that the release needed to include an express reference to "lung

---

[32] Rec. Doc. 28-2.

[33] *Id*. at 1.

[34] *Id*. at 2.

[35] *Id*. at 2.

[36] *Id*. at 7.

cancer" in order to be effective.[37] However, General Electric contends that in *Joseph*, the Louisiana Supreme Court expressly rejected the argument that a release must identify with particularity the future disease or injury being released to be effective.[38] Regarding the legal standard applicable to a motion for reconsideration, General Electric argues that *Joseph* is an intervening change in the controlling law with respect to the interpretation of releases like the release at issue.[39]

General Electric contends that the doctrine of res judicata applies to a transaction or settlement of a disputed or compromised matter.[40] Thus, General Electric argues that settlement agreements are empowered with the same preclusive effect as final judgments with respect to litigation involving the same parties and the same issues the parties intended to settle.[41] Here, General Electric contends that the release is in writing, between Mr. and Mrs. Dempster and General Electric, involves the same claims at issue, and was for the purposes of preventing or ending a lawsuit and compromising all future claims.[42] Therefore, General Electric argues that by the unambiguous terms of the agreement, Mr. Dempster and Mrs. Dempster agreed to settle all future claims against General Electric, including claims arising out of Mr. Dempster's alleged exposure to asbestos or any future malignancies Mr. Dempster might develop as a result of alleged asbestos exposure.[43] Additionally, General Electric contends that the release clearly releases any

---

[37] *Id.* at 8.

[38] *Id.* at 9.

[39] *Id.* at 10.

[40] *Id.* at 12.

[41] *Id.* at 12.

[42] *Id.* at 13.

[43] *Id.* at 7.

"wrongful death" claim that might inure to Mrs. Dempster as a result of Mr. Dempster's death.[44] For these reasons, General Electric asserts that its exception of res judicata should granted.[45]

### B.   *Plaintiffs' Argument in Opposition to the Motion*

In the opposition memorandum, Plaintiffs argue that *Joseph* does not support General Electric's argument.[46] Plaintiffs argue that in *Joseph*, the Louisiana Supreme Court did not indicate that it was overruling the Fourth Circuit's decision in *Becnel*, wherein the Fourth Circuit considered this identical General Electric release, denied General Electric's writ application, and upheld the trial court's overruling of General Electric's exception of res judicata.[47] Plaintiffs contend that for res judicata to apply, the intent of the parties to the compromise must be clear, unambiguous and unequivocal.[48] Plaintiffs argue that the Louisiana Supreme Court previously held that "if the release instrument leaves any doubt as to whether a particular future action is covered by the compromise, it should be construed not to cover such future action."[49]

Plaintiffs contend that here, the intent of the parties as to the release is unclear.[50] Plaintiffs argue that Mr. Dempster only received payment for an asbestosis claim, and that he never received compensation for lung cancer.[51] Therefore, Plaintiffs contend that the circumstances and events surrounding the General Electric release leaves significant doubt as to whether the parties intended

---

[44] *Id.*

[45] *Id.* at 16.

[46] Rec. Doc. 89 at 1.

[47] *Id.* at 2.

[48] *Id.* at 3.

[49] *Id.* at 4 (citing *Brown v. Drillers*, 630 So. 2d 741, 753 (La. 1994)).

[50] *Id.* at 6.

[51] *Id.* at 9.

to release future asbestos-related malignancy claims.[52] Plaintiffs argue that because both the general language of the release and the surrounding circumstances all indicate that neither General Electric nor the Dempsters intended to release any future claims for lung cancer, the motions should be denied.[53]

Plaintiffs contend that while General Electric's motion does not appear to seek preclusion of the wrongful death claims of Mr. Dempster's children, out of an abundance of caution, Plaintiffs state the such claims would not be precluded.[54] Additionally, Plaintiffs argue that the purported release is unenforceable as *contra bona mores* because Mr. Dempster was never advised of the workings of the master settlement.[55] Plaintiffs argue that there is no evidence that General Electric signed the purported release agreement nor that the signature on the purported release is even the signature of Mr. Dempster.[56] Furthermore, Plaintiffs contend that there was no intent between Mr. Dempster and General Electric to settle any lung cancer claims.[57] Lastly, Plaintiffs argue that the agreement lacks consideration.[58] Accordingly, Plaintiffs assert that General Electric's exception of res judicata fails, and this Court should not reconsider the state court's order overruling the exception.[59]

---

[52] *Id.* at 10.

[53] *Id.*

[54] *Id.* at 11.

[55] *Id.* at 13.

[56] *Id.* at 15.

[57] *Id.* at 17.

[58] *Id.* at 23.

[59] *Id.* at 24–25.

## C. *General Electric's Argument in Further Support of the Motion*

In reply, General Electric first argues that Plaintiffs' reliance on Louisiana Civil Code article 2004 is misplaced because the release at issue is not against public policy.[60] Responding to Plaintiffs' argument that a valid compromise does not exist because General Electric did not sign the release, General Electric contends that the Louisiana Supreme Court previously held that where two instruments read together outline the obligations each party has to one another and evidence each party's acquiescence in the agreement, and valid compromise exists.[61] General Electric contends that Plaintiff's reliance on *In Re: Ungar* and *In Re: Hoffman* is misplaced, because those cases concern the ethical rules for attorneys, not the validity of releases.[62]

General Electric argues that the language of the release, namely that Mr. and Mrs. Dempster were "completely giving up, relinquishing, and discharging any and all rights, past, present, and future that they possess against General Electric …, including the right to sue for future injuries, including, but not limited to, malignancies and death" is clear and unambiguous.[63] General Electric contends that Plaintiffs' argument to admit parole evidence to vary the clear wording of the release is without merit and would be inconsistent with Louisiana law.[64] Furthermore, General Electric argues that Plaintiffs' reliance on other cases decided before the Louisiana Supreme Court's decision in *Joseph*, is without merit because *Joseph* changed the

---

[60] Rec. Doc. 118 at 1–2.

[61] *Id*. at 3 (citing *Felder v. Georgia Pacific Corp., et al.*, 405 So. 2d 521, 524 (La. 1981)).

[62] *Id*. at 4 (citing *In Re: Ungar*, 2009-0573 (La. 10/30/09), 25 So. 3d 101, and *In Re: Hoffman*, 2003-B-2499 (La. 9/9/04). 883 So. 2d 425).

[63] *Id*. at 5 (citing Rec. Doc. 28-6).

[64] *Id*. at 5–6 (citing *Hymel v. Eagle, Inc.*, 7 So.3d at 1257–58).

landscape with respect to the interpretation of releases.[65]

Responding to Plaintiffs' argument that Mr. Dempster did not settle his lung cancer claim in this case since he was not paid the scheduled amount for lung cancer, General Electric argues that Mr. Dempster did not have lung cancer at the time the release was signed.[66] Furthermore, General Electric contends that Plaintiffs are not entitled to a "comeback right" nor are Plaintiffs entitled to bring another lawsuit against General Electric.[67] General Electric argues that the amount of the settlement plays no role in the court's analysis.[68] General Electric argues that the release at issue is not against public policy.[69] General Electric contends that Plaintiffs' claim that a valid compromise does not exist because General Electric did not sign the release is without merit.[70] Accordingly, General Electric asserts that the Court should grant its "Motion to Reconsider and reverse the ruling of the state district court overruling the peremptory exception of res judicata filed by General Electric."[71]

### III. Legal Standard

#### A. *Legal Standard for Reconsideration*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[72] it has consistently recognized that such a motion may challenge

---

[65] *Id.* at 7.

[66] *Id.* at 8.

[67] *Id.*

[68] *Id.* at 9.

[69] *Id.* at 1–2.

[70] *Id.* at 3.

[71] *Id.* at 10.

[72] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[73] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[74] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[75] with relief being warranted only when the basis for relief is "clearly establish[ed]."[76] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)   the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)   the movant presents newly discovered or previously unavailable evidence;

(3)   the motion is necessary in order to prevent manifest injustice; or

(4)   the motion is justified by an intervening change in controlling law.[77]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[78] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[79] "It is well

---

[73] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Rule 54).

[74] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[75] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[76] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

[77] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[78] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[79] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks

settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[80] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[81]

## IV. Analysis

### A. *Whether General Electric is Entitled to Reconsideration*

General Electric requests reconsideration of the state district court judgment overruling General Electric's exception of res judicata.[82] The state district court judge stated on the record that he denied General Electric's exception of res judicata because the Dempster Release did not explicitly mention "lung cancer."[83] Both the Louisiana Fourth Circuit Court of Appeal and the Louisiana Supreme Court denied General Electric's related writ applications.[84] However, two Louisiana Supreme Court justices indicated that they would grant the writ application, and Justice Crichton issued a concurring opinion to the Louisiana Supreme Court's decision.[85] Justice Crichton stated that he concurred in the decision to deny the writ application due to the impending

---

omitted).

[80] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[81] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[82] Rec. Doc. 28-11.

[83] Rec. Doc. 28-3 ("I'm going to overrule the exception of res judicata. The GE release doesn't mention 'lung cancer.' That's what concerns me. So I know y'all have some other things y'all are going to do, however I rule. But that's today's ruling.").

[84] Rec. Docs. 89-1, 89-2.

[85] Rec. Doc. 89-2.

trial date.[86] Justice Crichton also stated in his concurrence that "the lower courts may find guidance in this Court's pending decision in *Gistarve Joseph, Sr. v. Huntington Ingalls Incorporated, et al.*, writ granted, 18-2061 (La. 10/15/2019), 280 So.3d 596."[87] General Electric argues that the Louisiana Supreme Court's decision in *Joseph* is an intervening change in the law regarding the interpretation of releases, namely, whether releases must explicitly mention a term in order to be effective for res judicata.[88]

The Court must first determine the proper procedure to follow in resolving a motion for reconsideration of a state court's order denying an exception of res judicata before the case was removed to federal court. Namely, the Court must determine what degree of deference is owed to an interlocutory state court order once a case has been removed to federal court. After removal of an action to federal district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the [federal] district court."[89]

The Fifth Circuit addressed this issue in *Nissho–Iwai American Corp. v. Kline*.[90] There, a Texas state court granted a plaintiff's motion to strike a defendant's defenses and counterclaims before the case was removed to federal court.[91] In addressing the issue of deference, the Fifth Circuit concluded that where "the state court's ruling is purely interlocutory, it remains subject to

---

[86] *Id.*

[87] *Id.*

[88] Rec. Doc. 28-2 at 10.

[89] 28 U.S.C. § 1450.

[90] 845 F.2d 1300 (5th Cir. 1988).

[91] *Id.*

reconsideration just as it had been prior to removal."[92] The Fifth Circuit reasoned that "judicial economy is served by eliminating the need for duplicative proceedings in federal court."[93] However, the Fifth Circuit held that federal procedure rather than state procedure governs the manner in which the state court decision is to be enforced.[94] "In sum, whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed. The district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered."[95]

The Fifth Circuit addressed this issue again in *Resolution Trust Corp. v. Northpark Joint Venture*.[96] There, the Fifth Circuit held that a "prior state court order in essence is federalized when the action is removed to federal court, although the order 'remains subject to reconsideration just as it had been prior to removal.'"[97] In other words, the Federal Rules of Civil Procedure govern the enforcement of a prior state court ruling in a case removed to federal court.[98] For example, in *Northpark*, where the prior state court order was decided on summary judgment, the Fifth Circuit instructed that the federal court must ensure that the order is consistent with the requirements of Federal Rule of Civil Procedure 56.[99] "The standard of review is the same as if the federal court

---

[92] *Id.* at 1303 (citing *General Investment Co. v. Lake Shore & Michigan Southern Ry.*, 260 U.S. 261, 267, (1922)).

[93] *Id.*

[94] *Id.*

[95] *Id.* at 1304.

[96] 958 F.2d 1313 (5th Cir. 1992).

[97] *Id.* at 1316 (quoting *Nissho–Iwai American Corp.*, 845 F.2d at 1303).

[98] *Id.*

[99] *Id.* ("If the federal court declines to reconsider the state court summary judgment, then the federal court certifies that the order is indeed consistent with Rule 56(c).").

itself had entered the order. . ."[100]

The Fifth Circuit's opinions in *Nissho–Iwai American Corp.* and *Resolution Trust Corp.* show that (1) when a case is removed from state court, all orders of the state court remain in full force and effect and (2) once removed, federal procedure governs the manner of enforcement of the state court order.[101] When this case was removed to federal court, the state court had overruled General Electric's exception of res judicata.[102] The Fifth Circuit instructs federal district courts to treat interlocutory state court orders as orders of the federal district court to which the action is removed. The district court may treat the state court order as it would any interlocutory order it might itself have entered.

General Electric argues that "[t]he Louisiana Supreme Court's decision in *Gistarve Joseph* clearly is an intervening change in the controlling law with respect to the interpretation of releases like the Dempster Release."[103] General Electric argues that its "Motion is necessary to correct a manifest error of law since on its face, the opinion in *Gistarve Joseph* expressly rejects the sole reason given by the [state district court] in denying General Electric's Exception of Res Judicata. General Electric's Motion is necessary to prevent a manifest injustice. If General Electric's Exception of Res Judicata is not granted, it will be forced to defend at trial claims that it previously settled."[104] Lastly, General Electric argues that "*Gistarve Joseph* completely changed the landscape with respect to the interpretation of releases such as the Dempster Release."[105]

---

[100] *Id.*

[101] *Nissho–Iwai American Corp.*, 845 F.2d at 1303; *Resolution Trust Corp.,* 958 F.2d at 1316.

[102] Rec. Doc. 28-11.

[103] Rec. Doc. 28-2 at 10.

[104] *Id.* at 12.

[105] Rec. Doc. 118 at 7.

While the state district court judgment's overruling General Electric's exception of res judicata was issued before the Louisiana Supreme Court's decision in *Joseph*, General Electric's argument that *Joseph* "completely changed the landscape with respect to the interpretation of releases" is unavailing.[106] General Electric argues that *Joseph* is an intervening change in the controlling law because, for the first time, "the Louisiana Supreme Court expressly rejected the argument that a Release must identify with particularity the future disease or injury being released to be effective."[107] However, the Louisiana Supreme Court had previously stated in *Brown v. Drillers* that its holding "permits defendants to conclusively compromise potential wrongful death claims, provided the intent to do so is unequivocally reflected, *while not necessarily by express mention of such claims*, in the language employed in the release instrument."[108] In fact, the Louisiana Supreme Court expressly acknowledged that its decision in *Joseph* was in fidelity to its prior decision in *Brown*.[109] As such, *Joseph* did not dramatically alter the legal landscape, but rather, clarified the state of the law as it pertains to the preclusive effect of releases which do not expressly identify a particular injury.[110]

Still, the Court appreciates that the sole reason the state district court provided for denying General Electric's exception of res judicata is because the Dempster Release did not explicitly mention "lung cancer."[111] The Court cannot be certain that this is the sole reason the state district

---

[106] *Id.*

[107] Rec. Doc. 28-2 at 9.

[108] *Brown*, 630 So. 2d at 757.

[109] *Joseph v. Huntington Ingalls Incorporated*, 2018-2061 La. 1/29/20, 2020 WL 499939, at *7 (La. 2020) ("Indeed, the very decision on which plaintiffs' rely, *Brown*, itself acknowledges there is no necessity for direct reference to a particular injury, as long as the intent of the parties is clear.").

[110] *Id.* ("In effect, plaintiffs argue that for a release to 'unequivocally reflect' an intent to resolve a claim for future disease or injury, it must expressly identify that disease or injury. Such is not the law.").

[111] Rec. Doc. 28-3 ("I'm going to overrule the exception of res judicata. The GE release doesn't mention

17

court actually denied General Electric's exception of res judicata, rather than simply the sole reason provided on the record by the court. If it were the sole reason the state district court denied General Electric's exception of res judicata, the holding appears to be inconsistent with Louisiana law. Furthermore, *Joseph*, while not changing the law, did clarify the law on the preclusive effect of future releases. Accordingly, the Court finds reconsideration appropriate and will therefore reconsider the state district court's judgment.

However, this motion presents a unique procedural issue. General Electric requests that this Court grant its exception of res judicata.[112] Under Louisiana law, "[a]n exception is a means of defense . . . used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him."[113] Under Louisiana Code of Civil Procedure article 927, a peremptory exception of res judicata is recognized as a means of dismissing a matter in Louisiana state courts. However, a peremptory exception is not a procedural device recognized by the Federal Rules of Civil Procedure.[114] To the extent General Electric seeks reconsideration on the merits of the state court's ruling, it must file a motion that is recognized by the Federal Rules of Civil Procedure.[115] Because the deadline to file non-evidentiary motions has passed, the Court will grant General Electric leave to refile its motion.

---

'lung cancer.' That's what concerns me. So I know y'all have some other things y'all are going to do, however I rule. But that's today's ruling.").

[112] Rec. Doc. 28-1 at 16.

[113] La. Code. Civ. P. art. 921.

[114] *See* Fed. R. Civ. P. 8(c)(1). Federal Rule of Civil Procedure 8 classifies res judicata as an affirmative defense.

[115] *See Louisiana v. Guidry*, 489 F.3d 692, 698 (5th Cir. 2007) (federal district court could consider a "motion for summary judgment, even though that motion encompassed many of the arguments rejected by the state trial court in its judgment overruling [the defendant's] peremptory exceptions.").

## V. Conclusion

For the reasons discussed above, the Court finds that reconsideration of the state district court's judgment is appropriate. However, the Court cannot consider an exception of res judicata because such a procedure is not authorized by the Federal Rules of Civil Procedure. Accordingly, the Court will allow General Electric to file its motion authorized by the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that for Defendant General Electric Company's "Motion for Reconsideration"[116] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that General Electric seeks reconsideration of the state district court's judgment. General Electric is granted leave to file its motion authorized by the Federal Rules of Civil Procedure within fourteen days of this Order. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this __6th__ day of May, 2020.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**

---

[116] Rec. Doc. 28.