### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**CALLEN DEMPSTER, et al.**                                    **CIVIL ACTION**

**VERSUS**                                                                        **CASE NO. 20-95**

**LAMORAK INSURANCE CO., et al.**                **SECTION: "G"(1)**

## ORDER AND REASONS

Before the Court is Defendants Albert L. Bossier, Jr. ("Bossier") and Lamorak Insurance Company's ("Lamorak")[1] (collectively, the "Avondale Interests") "Motion for Partial Summary Judgment Seeking Dismissal of Plaintiffs' Intentional Tort, Fraud and Concealment Claims."[2] In this litigation, Plaintiffs Louise Ella Simon Dempster, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.) ("Avondale").[3] In the instant motion, the Avondale Interests

---

[1] Lamorak brings this motion in its capacity as the insurer of alleged Avondale executive officers Albert L. Bossier, Jr., Henry Zac Carter, James O'Donnell, Edwin Hartzman, John McCue, Burnette "Frenchy" Bordelon, Ewing Moore, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, Ollie Gatlin, Earl Spooner, Edward Blanchard, James T. Cole, J. Melton Garrett, and Dr. Joseph Mabey.

[2] Rec. Doc. 33.

[3] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. In particular, Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the

1

argues that Plaintiffs' intentional tort survival claims should be dismissed because Plaintiffs cannot show that the Avondale Interests either (1) consciously desired that Decedent contract lung cancer or (2) knew that Decedent's lung cancer was substantially certain to occur.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

### A.    Factual Background

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7] Specifically, Plaintiffs allege that:

> All asbestos companies had care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are liable under Louisiana law. However, with regard to Avondale and its executive officers, they are liable because they failed to properly handle and control the asbestos which was in their care, custody, and control. Petitioners are not alleging that Avondale and its executive officers are liable for the mere use of asbestos; rather, Avondale and its executive officers are liable for the misuse of asbestos, including but not limited to the failure to warn of the hazardous nature and dangers of asbestos and for the failure to take and implement reasonably safe and industrial hygiene measures, failure to train, and failure to adopt safety procedures for the safe installation and removal of asbestos.[8]

---

Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[4] Rec. Doc. 33-1 at 1–2.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.*

**B.**    *Procedural Background*

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[9] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[10] In the first notice of removal, the Removing Parties alleged that removal was proper because this is an action "for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1)."[11]

On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[12] The Court found that Defendants presented no evidence that Decedent came into contact with asbestos aboard a government vessel, and thus, no federal interest was implicated.[13] Alternatively, even accepting Defendants' argument that Decedent came into contact with asbestos aboard a government vessel as true, the Court did not find that the necessary causal nexus existed between Federal Government action and Decedent's claims.[14] This determination was based on the fact that Decedent brought negligence claims, rather than strict liability claims, against the Removing Parties.[15] Defendants did not appeal the January 7, 2019 Order.

---

[9] *Id.* at 2–3.

[10] Case No. 18-6158, Rec. Doc. 1 at 2.

[11] *Id.*

[12] Case No. 18-6158, Rec. Doc. 89.

[13] *Id.* at 31.

[14] *Id.*

[15] *Id.* at 36–37. The January 7, 2019 Order predated the Fifth Circuit's en banc decision in *Latiolais v.*

3

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[16] Trial was scheduled to begin before the state trial court on January 13, 2020. [17] The amended petition does not purport to assert any strict liability claims against Avondale.[18]

On January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[19] In the second notice of removal, Avondale once again alleged that removal is proper because this is an action "for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1)."[20] In the second notice of removal, Avondale contended that the jury interrogatories, jury charges, and Pre-Trial Order filed by Plaintiffs in state court directly contradicted Decedent's prior representation in federal court that he was not asserting strict liability claims against Avondale.[21] On January 10, 2020, Plaintiffs filed an "Emergency Motion to Remand"[22] and an "Ex Parte Motion for Expedited Hearing and for Emergency Ruling."[23]

---

*Huntington Ingalls, Inc.*, overruling prior precedent and holding that Avondale was entitled to remove a negligence case filed by a former Navy machinist because of his exposure to asbestos while the Navy's ship was being repaired at the Avondale shipyard under a federal contract. 951 F.3d 286, 289 (5th Cir. 2020).

[16] Rec. Doc. 1-8.

[17] Rec. Doc. 1-12.

[18] Rec. Doc. 1-8.

[19] Rec. Doc. 1.

[20] *Id.* at 2.

[21] *Id.* at 4–5.

[22] Rec. Doc. 4.

[23] Rec. Doc. 5.

On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[24] Specifically, the Court found that the notice of removal was timely filed and Plaintiffs' pretrial filings constituted a proper basis for the second removal.[25] Additionally, the Court found that Avondale met the three-part test for federal officer removal, namely, that (1) Avondale is a person within the meaning of the statute, (2) Avondale acted pursuant to a federal officer's directions and a causal nexus exists between its actions under color of federal office and plaintiffs' claims, and (3) Avondale has a colorable federal defense to Plaintiffs' claims under the government contractor immunity defense.[26]

On February 18, 2020, the Avondale Interests filed the instant "Motion for Partial Summary Judgment Seeking Dismissal of Plaintiffs' Intentional Tort, Fraud and Concealment Claims."[27] On March 3, 2020, Plaintiffs filed an opposition to the instant motion.[28] The Avondale Interests, with leave of Court, filed a reply brief in further support of the motion on March 16, 2020.[29]

## II. Parties' Arguments

### A.   *The Avondale Interests' Argument in Support of the Motion*

In the instant motion, the Avondale Interests argue that Plaintiffs' intentional tort claims

---

[24] Rec. Doc. 17.

[25] *Id*. at 20–22.

[26] *Id*. at 23–36. The January 28, 2020 Order also predated the Fifth Circuit's en banc decision in *Latiolais*. In *Latiolais*, the Fifth Circuit held that "to remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions."  951 F.3d at 296. The Fifth Circuit overruled prior caselaw applying the "causal nexus" requirement to Section 1442(a) as amended in 2011. *Id.*

[27] Rec. Doc. 33.

[28] Rec. Doc. 91.

[29] Rec. Doc. 133.

should be dismissed because Plaintiffs cannot show that the Avondale Interests either (1) consciously desired that Decedent contract lung cancer or (2) knew that Decedent's lung cancer was substantially certain to occur.[30]

First, the Avondale Interests contend that under Louisiana law, to prevail on an intentional tort claim a plaintiff must show either: (1) that the defendant consciously desired the result or (2) that the defendant knew that the result was substantially certain to follow from its conduct.[31] The Avondale Interests contend that Plaintiffs have no evidence to satisfy either prong.[32] Regarding the first prong, the Avondale Interests argues that there is no evidence that the Avondale Interests consciously desired for Decedent to contract lung cancer and die.[33] The Avondale Interests contend that the Louisiana Supreme Court has previously identified allegations which do not qualify as intentional tort allegations, including the failure to provide a safe working environment.[34] The Avondale Interests argues that Plaintiffs' allegations fall within these previously identified categories that were deemed insufficient to constitute an intentional tort claim.[35]

Regarding the second prong, the Avondale Interests contend that Plaintiffs cannot show that Avondale knew that Decedent's lung cancer was substantially certain to follow from their conduct.[36] Avondale argues that the "substantial certainty" test is not satisfied, even if the employer believes that an individual may, or even probably will, be injured by a workplace

---

[30] Rec. Doc. 33-1 at 1–2.

[31] *Id*. at 6 (citing *Landry v. Uniroyal Chemical Co., Inc.*, 653 So.2d 1199, 1202-03 (La. App. 1 Cir. 1995)).

[32] *Id*. at 7.

[33] *Id*.

[34] *Id*. at 8–9.

[35] *Id*. at 9.

[36] *Id*. at 10.

practice.[37] The Avondale Interests contend that Plaintiffs cannot show that Decedent's contraction of lung cancer was the inevitable result of his exposure to asbestos, particularly considering Decedent's history of smoking.[38] Therefore, Avondale argues that Plaintiffs do not meet the "substantial certainty" prong of the intentional tort standard.[39]

Additionally, the Avondale Interests argue that Plaintiff's fraud and concealment claims are intentional torts, and are therefore governed by the same standard discussed above—that the defendant consciously desired the injury or believed with substantial certainty that the injury would occur.[40] The Avondale Interests contend that "[t]he basic elements of a cause of action for fraud are: '(l) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to the other party; and (3) the resulting error must relate to a circumstance substantially influencing the other party's contractual consent.'"[41] Therefore, the Avondale Interests argue that here, Plaintiffs must show that (1) Avondale and/or its alleged executive officers represented to Decedent that asbestos was safe, or (2) that Avondale and/or its alleged executive officers suppressed information from Decedent, or (3) that Decedent was persuaded to accept employment with Avondale based on Avondale and/or its alleged executive officers' representations regarding asbestos.[42] The Avondale Interests contend that Plaintiffs will be unable to offer evidence to support a claim of fraud and

---

[37] *Id.* at 7–8 (citing *Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99), 731 So. 2d 208, 212–13).

[38] *Id.* at 11.

[39] *Id.*

[40] *Id.* at 13.

[41] *Id.* (citing *Shelton v. Standard/700 Associates*, 01-0587, p. 5 (La. 10/16/01), 798 So. 2d 60, 64).

[42] *Id.* at 14.

concealment.[43]

## B.    *Plaintiffs' Argument in Opposition to the Motion*

In the opposition memorandum, Plaintiffs argue that the motion should be denied.[44] First, Plaintiffs argue that this motion was already denied by the state court trial judge.[45] Plaintiffs contend that the Court should only reconsider motions sparingly, where, for example, there exists newly discovered evidence or a change in the law.[46] Because those conditions do not exist here, Plaintiffs argue that the motion should be denied on that basis alone.[47] In response to the Avondale Interests' argument that various district courts have granted motions for summary judgment in similar circumstances, Plaintiffs contend that those cases are factually distinguishable from the case here.[48]

Next, Plaintiffs argue that a motion for summary judgment is inappropriate where the case turns on intent or knowledge, because those determinations are inherently a question of fact which turns on credibility.[49] Additionally, Plaintiffs contend that the Fifth Circuit has recognized that intent is established where an employer continues to expose an employee to a toxic substance while that employee was already was suffering from a lung disease.[50] Plaintiffs argue that there is ample

---

[43] *Id.*

[44] Rec. Doc. 91 at 1.

[45] *Id.* at 2.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 3 (citing *Pacific Ins. Co., Ltd. v. Louisiana Auto Dealers Ass'n*, 273 F.3d 392 (5th Cir. 2001); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 n. 3 (5th Cir. 1993); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991)).

[50] *Id.*

evidence which shows that the conduct of the Avondale caused Decedent to be exposed to asbestos.[51] Furthermore, Plaintiffs contend that summary judgment is not appropriate on an intentional tort claim.[52]

Plaintiffs contend that Avondale and its executive officers knew of the hazards of asbestos and were substantially certain that disease would occur.[53] Plaintiffs argue that Danny Joyce, Avondale's corporate representative and industrial hygiene expert, confirmed that Avondale had knowledge of government regulations as early as the 1940s of the dangers associated with asbestos.[54] Specifically, Plaintiffs contend that Minimum Standards requirements show that the Avondale executive officers knew of the dangers of asbestos, as well as the safety controls necessary to protect workers, as early as the 1940s.[55] Plaintiffs argue that Ollie Gatlin, a former Avondale executive, stated that he knew that asbestos was a health hazard in 1960.[56]

Plaintiffs contend that Avondale executive officers were substantially certain that disease would occur.[57] Plaintiffs argue that Burnette Bordelon, the superintendent for insulation at Avondale, disregarded the health hazards of asbestos and therefore, failed to take the precautions necessary to protect workers from exposure to asbestos.[58] Plaintiffs contend that despite the fact that Avondale's executive officers were aware of the hazards of working with asbestos, they forced

---

[51] *Id.* at 4–5 (citing Rec. Docs 91-12, 91-17, 91-18, 91-19).

[52] *Id.* at 5–6.

[53] *Id.* at 8.

[54] *Id.* (citing Rec. Docs 91-44, 91-19).

[55] *Id.* (citing Rec. Doc. 91-40).

[56] *Id.* at 9 (citing Rec. Doc. 91-30).

[57] *Id.* at 10.

[58] *Id.* at 10–11 (citing Rec. Docs. 91-30, 91-10, 91-38).

Avondale employees to work with and around asbestos without precautions.[59] Plaintiffs argue that C. Edwin Hartzman, the President of Avondale Shipyards beginning in 1972, testified that responsibility for safety initiatives ultimately rested with the other executive officers.[60] Furthermore, Plaintiffs contend that Edward Blanchard, Superintendent of the Production Department, also confirmed that he would have to approve a request from the safety department to stop production for safety reasons.[61] Plaintiffs argue that Albert Bossier, Jr., the assistant superintendent of the Electrical Department from approximately 1961 until he took over as superintendent in 1964, had knowledge of the dangers associated with asbestos and did nothing to protect Avondale employees.[62] Plaintiffs contend that James O'Donnell, Steven Kennedy, Peter Territo, George Kelmell, John McCue and Ewing Moore were all involved in the safety department at Avondale.[63] Plaintiffs argue that each was aware of the health hazards of asbestos.[64] Plaintiffs argue that from 1970 to 1972, the safety department reported to Hettie Dawes Eaves, who was involved in numerous discussions about the problems connected with exposure to asbestos.[65] Plaintiffs contend that Dr. Mabey, a contract physician for Avondale Shipyards, admitted that he knew of the hazards of asbestos since the 1940's.[66]

---

[59] *Id*. at 12.

[60] *Id*. at 15 (citing Rec. Doc. 91-37).

[61] *Id*. at 16 (citing Rec. Doc. 38).

[62] *Id*. at 16–17 (citing Rec. Docs. 91-48, 91-23, 91-30).

[63] *Id*. at 18.

[64] *Id*. at 18–19 (citing Rec. Docs 91-15, 91-39, 91-51).

[65] *Id*. at 20–21 (citing Rec. Docs. 91-46, 91-30).

[66] *Id*. at 22 (citing Rec. Doc. 91-60).

Lastly, Plaintiffs contend that they can establish a fraud claim under Louisiana law.[67] Plaintiffs argue that Louisiana law recognizes a cause of action for fraud resulting from silence.[68] Here, Plaintiffs contend that Avondale and its executive officers were aware of the hazards of asbestos and nevertheless, remained silent.[69]

## C.    *The Avondale Interests' Argument in Further Support of the Motion*

In further support of the instant motion, the Avondale Interests argue that knowledge of the dangers of asbestos does not establish an intent for Decedent to contract lung cancer.[70] The Avondale Interests contend that the acts raised by Plaintiffs are negligent—rather than intentional—conduct.[71] According to the Avondale Interests, Plaintiffs have failed to come forward with evidence sufficient to prove the Avondale Interests consciously desired to inflict lung cancer upon Decedent or knew that Decedent's lung cancer was substantially certain to occur.[72]

Next, Avondale argues that resolution at the summary judgment stage is appropriate, even though intent is at issue, given Louisiana case law.[73] Additionally, the Avondale Interests contend that reconsideration principles are not applicable here, and if they are applicable, the motion is necessary to correct a manifest error of law because the state court did not consider the Orders of other district judges in the United States District Court for the Eastern District of Louisiana on this

---

[67] *Id*. at 22–24.

[68] *Id*. at 22 (citing La. Civ. Code art. 1953).

[69] *Id*. at 24.

[70] Rec. Doc. 133 at 2–3.

[71] *Id*. at 3.

[72] *Id*. at 5.

[73] *Id*. at 5–6.

issue.[74] Lastly, the Avondale Interests argue that Plaintiffs cannot meet the intent requirement for the fraud/concealment claims.[75]

### III. Legal Standard

#### A.    *Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[76] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[77] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[78] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[79] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[80]

---

[74] *Id*. at 6.

[75] *Id*. at 7.

[76] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[77] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[78] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[79] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[80] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[81] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[82] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[83] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[84] Rather, a factual dispute precludes a grant of summary judgment only if the evidence presented by the nonmovant is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[85] Further, a court "resolve[s] factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[86] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[87] Ultimately, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that

---

[81] *Celotex*, 477 U.S. at 323.

[82] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[83] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[84] *Little*, 37 F.3d at 1075.

[85] *Anderson*, 477 U.S. at 248.

[86] *Little*, 37 F.3d at 1075.

[87] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

it could not support a judgment in favor of the nonmovant."[88]

## B.    *Legal Standard for Reconsideration*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[89] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[90]   Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend its judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[91] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[92] with relief being warranted only when the basis for relief is "clearly establish[ed]."[93] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

> (1)    the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2)    the movant presents newly discovered or previously unavailable evidence;
>
> (3)    the motion is necessary in order to prevent manifest injustice; or

---

[88] *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993).

[89] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[90] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Rule 54).

[91] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[92] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[93] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

14

(4)      the motion is justified by an intervening change in controlling law.[94]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[95] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[96] "It is well settled that motions for reconsideration should not be used . . .  to re-urge matters that have already been advanced by a party."[97] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[98]

## IV. Analysis

### A.   *Whether the Avondale Interests are Entitled to Reconsideration*

The Avondale Interests request reconsideration of the state court's order denying the Avondale Interests' motion for partial summary judgment.[99] The Avondale Interests have not presented any newly discovered or previously unavailable evidence, nor does Avondale identify a change of law that would warrant granting the motion.[100] In its reply memorandum, the Avondale

---

[94] *See, e.g., Castrillo*, 2010 WL 1424398, at *4  (citations omitted).

[95] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[96] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[97] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[98] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002).  *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[99] Rec. Doc. 33-1. The motion for summary judgment at issue was already denied by Judge Sidney Cates, IV prior to the second removal of this case to federal court. Rec. Doc. 91-4.

[100] *Id.*

15

Interests contend that reconsideration principles are not applicable here, but cite no authority in support of that conclusion.[101] In the alternative, the Avondale Interests argue that if reconsideration principles are applicable, this motion is necessary to correct a manifest error of law because the state court did not consider the Orders of other district judges in the United States District Court for the Eastern District of Louisiana on this issue.[102]

The Court must first determine the proper procedure to follow in resolving a motion for reconsideration of a state court's order denying a motion for summary before the case was removed to federal court. Namely, the Court must determine what degree of deference is owed to an interlocutory state court order once a case has been removed to federal court. After removal of an action to federal district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the [federal] district court."[103]  The Fifth Circuit addressed this issue in *Nissho–Iwai American Corp. v. Kline*.[104] There, a Texas state court granted a plaintiff's motion to strike a defendant's defenses and counterclaims before the case was removed to federal court.[105] In addressing the issue of deference, the Fifth Circuit concluded that where "the state court's ruling is purely interlocutory, it remains subject to reconsideration just as it had been prior to removal."[106] The Fifth Circuit reasoned that "judicial economy is served by eliminating the need for duplicative proceedings in federal

---

[101] Rec. Doc. 133 at 6.

[102] *Id*. at 6, n.26.

[103] 28 U.S.C. § 1450.

[104] 845 F.2d 1300 (5th Cir. 1988).

[105] *Id*.

[106] *Id*. at 1303 (citing *General Investment Co. v. Lake Shore & Michigan Southern Ry.*, 260 U.S. 261, 267, (1922)).

court."[107] However, the Fifth Circuit held that federal procedure rather than state procedure governs the manner in which the state court decision is to be enforced.[108] "In sum, whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed. The district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered."[109]

The Fifth Circuit addressed the specific issue of a state court deciding a motion for summary judgment and a subsequent removal to federal court in *Resolution Trust Corp. v. Northpark Joint Venture*.[110] There, the Fifth Circuit held that a "prior state court order in essence is federalized when the action is removed to federal court, although the order 'remains subject to reconsideration just as it had been prior to removal.'"[111] In other words, the Federal Rules of Civil Procedure govern the enforcement of a prior state court ruling in a case removed to federal court.[112] Therefore, where the prior state court order was decided on summary judgment, the federal court must ensure that the order is consistent with the requirements of Federal Rule of Civil Procedure 56.[113] "If the federal court declines to reconsider the state court summary judgment, then the federal court certifies that the order is indeed consistent with Rule 56(c)."[114] "The standard

---

[107] *Id*.

[108] *Id*.

[109] *Id*. at 1304.

[110] 958 F.2d 1313 (5th Cir. 1992).

[111] *Id.* at 1316 (quoting *Nissho–Iwai American Corp.*, 845 F.2d at 1303).

[112] *Id*.

[113] *Id*.

[114] *Id*.

of review is the same as if the federal court itself had entered the order. . ."[115]

The Fifth Circuit's opinions in *Nissho–Iwai American Corp.* and *Resolution Trust Corp.* show that (1) when a case is removed from state court, all orders of the state court remain in full force and effect and (2) once removed, federal procedure governs the manner of enforcement of the state court order.[116] When this case was removed to federal court, the state court had denied Avondale's motion for summary judgment.[117] Here, as in *Nissho–Iwai American Corp.* and *Resolution Trust Corp.*, the order entered by the state court is an interlocutory order.[118] The Fifth Circuit instructs federal district courts to treat interlocutory state court orders as orders of the federal district court to which the action is removed. The district court may treat the state court order as it would any interlocutory order it might itself have entered. Specifically, when the state court order is on summary judgment, the federal district court may decline to reconsider the state court's order if the federal court certifies that the order is indeed consistent with Federal Rule of Civil Procedure 56(c).

Here, the Avondale Interests have not shown any substantial reasons warranting reconsideration of the state court's ruling. Furthermore, for the reasons that follow, even if the Court were considering this motion for the first time under the summary judgment standard rather than the reconsideration standard, there are genuine issues of material fact in dispute precluding summary judgment.

---

[115] *Id.*

[116] *Nissho–Iwai American Corp.*, 845 F.2d at 1303; *Resolution Trust Corp.,* 958 F.2d at 1316.

[117] Rec. Doc. 91-4.

[118] Under Louisiana law, a denial of summary judgment is an interlocutory order that is not final or appealable unless there is a showing of irreparable injury. *See Jones v. Next Generation Homes, LLC*, 2011-0407 (La. App. 4 Cir. 10/5/11), 76 So. 3d 1238, writ denied, 2011-2401 (La. 11/23/11), 76 So. 3d 433; La. C.C.P. art. 2083.

**B.**       ***Whether the Avondale Interests are Entitled to Summary Judgment on Plaintiffs' Intentional Tort Claims***

As an initial matter, the Court notes that generally, summary judgment is disfavored when issues of intent or state of mind are involved because those determinations are inherently a question of fact which turns on credibility.[119] However, a court is not precluded from granting summary judgment where elusive concepts such as motive or intent are at issue.[120]  But the Fifth Circuit has cautioned that "the court must be vigilant to draw *every* reasonable inference from the evidence in the record in a light most flattering to the nonmoving party."[121] For example, summary judgment may still be appropriate when intent or state of mind is at issue if the non-moving party merely rests on conclusory allegations or unsupported speculation.[122] As will be explained below, this is not such a case.

To prove that a defendant committed an intentional tort under Louisiana law, a plaintiff must show that a defendant either "'(1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.'"[123] "Thus, intent

---

[119] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265-66 (5th Cir. 1991) ("When state of mind is an essential element of the nonmoving party's claim, it is less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact which turns on credibility.").

[120] *Id.* at 1266 ("This is not to say that the court can never enter summary judgment when intent or state of mind is at issue, only that the court must recognize that undermining the moving party's professed state of mind is not a simple task. Therefore, the court must be vigilant to draw *every* reasonable inference from the evidence in the record in a light most flattering to the nonmoving party.").

[121] *Id.*

[122] *Id.*

[123] *Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99), 731 So. 2d 208) (quoting *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981).

has reference to the consequences of an act rather than to the act itself."[124] Therefore, Plaintiffs must prove that the Avondale Interests either consciously desired that Decedent would contract lung cancer, or knew that result was "substantially certain to follow from [their] conduct."[125] Plaintiffs do not address the first prong, but instead argue that Avondale and its executive officers knew of the hazards of asbestos and were substantially certain that disease would occur.[126]

Substantial certainty "requires more than a reasonable probability that an injury will occur."[127] To satisfy the criterion of "substantial certainty," Plaintiffs must prove that Decedent's contracting lung cancer was "inevitable or incapable of failing."[128] "[M]ere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct."[129] The "belie[f] that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of intentional tort, but instead falls within the range of negligent acts . . ."[130] To prove a claim for intentional tort, Plaintiffs would have to show that the Avondale Interests' "conduct [went] beyond knowingly permitting a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job, or willfully failing to furnish a safe place to work . . ."[131]

Here, there are questions of fact in dispute regarding whether the Avondale Interests knew

---

[124] *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981).

[125] *Zimko v. Am. Cyanamid*, 2003–0658 (La. App. 4 Cir. 6/8/05); 905 So. 2d 465, 475, cert. denied, 2005–2102 (La.3/17/06), 925 So. 2d 538 (internal citations omitted).

[126] Rec. Doc. 91 at 8.

[127] *Reeves*, 731 So. 2d at 213 (internal citations omitted).

[128] *Id.* (internal citations omitted).

[129] *Id*. (internal citations omitted).

[130] *Id*. at 214.

[131] *Zimko*, 905 So. 2d at 477 (internal citations omitted).

that it was substantially certain that Decedent would contract lung cancer. Plaintiffs have presented evidence to show that Avondale and its executive officers knew of the hazards of asbestos. For example, Plaintiffs present the deposition of Danny Joyce, Avondale's corporate representative and industrial hygiene expert, who confirmed that Avondale had knowledge of government regulations of asbestos as early as the 1940s.[132] Plaintiffs submit the deposition of Ollie Gatlin, a former Avondale executive, who stated that he knew that asbestos was a health hazard in 1960.[133] Plaintiffs attach the deposition of C. Edwin Hartzman, the President of Avondale Shipyards beginning in 1972, who testified that responsibility for safety initiatives ultimately rested with the other executive officers.[134] Plaintiffs attach the deposition of Edward Blanchard, Superintendent of the Production Department, who also confirmed that he would have to approve a request from the safety department to stop production for safety reason.[135] Plaintiffs also attach deposition testimony which shows that several individuals involved in the safety department at Avondale were aware of the health hazards of asbestos.[136] Plaintiffs attach the deposition of Dr. Mabey, a contract physician for Avondale Shipyards, who admitted that he knew of the hazards of asbestos since the 1940s.[137]

Based on the evidence presented by Plaintiffs, the Court finds that Avondale and its executives knew of the hazards of asbestos. As to the criterion of "substantial certainty," the Court finds that genuine issues of material fact remain as to whether it was substantially certain that

---

[132] Rec. Docs 91-44.

[133] Rec. Doc. 91-33.

[134] Rec. Doc. 91-37.

[135] Rec. Doc. 91-38.

[136] Rec. Docs 91-9, 91-15, 91-39, 91-51.

[137] Rec. Doc. 91-60.

Decedent would contract lung cancer; therefore, summary judgment is denied. In particular, the Fifth Circuit has repeatedly held that summary judgment is generally disfavored when issues of intent or state of mind are involved because those determinations are inherently a question of fact which turns on credibility.[138] Here, the Court cannot determine at the summary judgment stage whether the Avondale Interests were substantially certain that Decedent would contract lung cancer based on its conduct. This is not a case in which the non-moving party merely rests on conclusory allegations or unsupported speculation. Because genuine issues of material fact remain, this matter cannot be resolved on summary judgment.

**C.     *Whether the Avondale Interests are Entitled to Summary Judgment on Plaintiffs' Fraud Claims***

In Louisiana, the elements of a claim for fraud are: (1) a misrepresentation of a material fact, (2) made with the intent to deceive, and (3) causing justifiable reliance with resultant injury.[139] Therefore, in order to succeed on a tort claim for fraud, Plaintiffs must prove that (1) Avondale misrepresented a material fact, (2) with the intent to deceive, and (3) caused justifiable reliance and resultant injury.[140] Under Louisiana law, fraud may result from silence or inaction.[141] However, "[i]n order to find fraud from silence or suppression of the truth, there must exist a duty to speak or disclose information . . . And while fraud may indeed result from a party's silence or inaction, mere silence or inaction without fraudulent intent does not constitute fraud. Fraudulent

---

[138] *International Shortstop, Inc.*, 939 F.2d at 1265-66 ("When state of mind is an essential element of the nonmoving party's claim, it is less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact which turns on credibility.").

[139] *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999).

[140] *Id.*

[141] La. Civ. Code art. 1953 ("Fraud is a misrepresentation or a suppression of the trust made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.").

intent, or the intent to deceive, is a necessary and inherent element of fraud."[142]

As discussed above, Plaintiffs have presented evidence to show that Avondale and its executive officers were aware of the hazards of asbestos and remained silent or did not act. Furthermore, the Fifth Circuit has repeatedly held that summary judgment is generally disfavored when issues of intent or state of mind are involved because those determinations are inherently a question of fact which turns on credibility.[143] Here, the Court cannot determine at the summary judgment stage whether the Avondale Interests intended to deceive Decedent. Accordingly, summary judgment is inappropriate at this stage.

## V. Conclusion

For the reasons discussed above, the Avondale Interests' motion for summary judgment is denied. The Avondale Interests have not shown any substantial reasons warranting reconsideration of the state court's ruling. Furthermore, even if the Court were considering this motion for the first time under the summary judgment standard rather than the reconsideration standard, there are genuine issues of material fact regarding whether the Avondale Interests knew that it was substantially certain that Decedent would contract lung cancer. Plaintiffs have provided evidence to show that Avondale and its executive officers knew of the hazards of asbestos. The Fifth Circuit has repeatedly held that summary judgment is generally disfavored when issues of intent or state of mind are involved because those determinations are inherently a question of fact which turns on credibility. Here, the Court cannot determine at the summary judgment stage whether the

---

[142] *Terrebonne Concrete, LLC v. CEC Enterprises, LLC*, 2011-0072 (La. App. 1 Cir. 8/17/11), 76 So. 3d 502, 509, writ denied, 2011-2021 (La. 11/18/11), 75 So. 3d 464 (internal citations omitted).

[143] *International Shortstop, Inc.*, 939 F.2d at 1265-66 ("When state of mind is an essential element of the nonmoving party's claim, it is less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact which turns on credibility.").

Avondale Interests were substantially certain that Decedent would contract lung cancer based on its conduct.

Accordingly,

**IT IS HEREBY ORDERED** that the Avondale Interests' "Motion for Partial Summary Judgment Seeking Dismissal of Plaintiffs' Intentional Tort, Fraud and Concealment Claims"[144] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this ___10th___ day of July, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[144] Rec. Doc. 33.