**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CALLEN DEMPSTER, et al.**                              **CIVIL ACTION**

**VERSUS**                                                          **CASE NO. 20-95**

**LAMORAK INSURANCE CO., et al.**                **SECTION: "G"(1)**

## ORDER AND REASONS

Before the Court is Defendants Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.) ("Avondale"), Albert L. Bossier, Jr. ("Bossier") and Lamorak Insurance Company's ("Lamorak")[1] (collectively, the "Avondale Interests") "Motion for Partial Summary Judgment Seeking Dismissal of All Non-Intentional Tort Wrongful Death Claims."[2] Defendant Travelers Indemnity Company ("Travelers") joins the motion.[3] In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Avondale.[4] In the instant

---

[1] Lamorak brings this motion in its capacity as the insurer of alleged Avondale executive officers Albert L. Bossier, Jr., Henry Zac Carter, James O'Donnell, Edwin Hartzman, John McCue, Burnette "Frenchy" Bordelon, Ewing Moore, Hettie Dawes Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, Ollie Gatlin, Earl Spooner, Edward Blanchard, James T. Cole, J. Melton Garrett, and Dr. Joseph Mabey.

[2] Rec. Doc. 35.

[3] Rec. Doc. 124. Travelers joins this motion in its capacity as the insurer of alleged Avondale executive officers Henry "Zac" Carter, James O'Donnell, C. Edwin Hartzman, John McQue, Burnette "Frenchy" Bordelon, Ewing Moore, Hettie Dawes-Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, Ollie Gatlin, Earl Spooner, Edward Blanchard, James T. Cole, Melton Garrett, Dr. Joseph Mabey and Albert Bossier, Jr.

[4] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet

motion, the Avondale Interests argue that Plaintiffs' non-intentional tort wrongful death claims should be dismissed because such claims are barred by the Longshore and Harbor Workers' Compensation Act ("LHWCA").[5] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

### A.    *Factual Background*

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[6] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[7] Plaintiffs assert strict liability and negligence claims against various Defendants.[8] Specifically, Plaintiffs allege that:

> All asbestos companies had care, custody, and control of the asbestos, which asbestos was defective and which presented an unreasonable risk of harm, which asbestos resulted in the injury of [Decedent] and for which these defendants are liable under Louisiana law. However, with regard to Avondale and its executive officers, they are liable because they failed to properly handle and control the asbestos which was in their care, custody, and control. Petitioners are not alleging that Avondale and its executive officers are liable for the mere use of asbestos; rather, Avondale and its executive officers are liable for the misuse of asbestos, including but not limited to the failure to warn of the hazardous nature and dangers

Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[5] Rec. Doc. 35-1 at 1–2.

[6] Rec. Doc. 1-2 at 5.

[7] *Id.*

[8] *Id.* at 7–8.

of asbestos and for the failure to take and implement reasonably safe and industrial hygiene measures, failure to train, and failure to adopt safety procedures for the safe installation and removal of asbestos.[9]

**B.    *Procedural Background***

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[10] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[11] In the first notice of removal, the Removing Parties alleged that removal was proper because this is an action "for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1)."[12]

On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[13] The Court found that Defendants presented no evidence that Decedent came into contact with asbestos aboard a government vessel, and thus, no federal interest was implicated.[14] Alternatively, even accepting Defendants' argument that Decedent came into contact with asbestos aboard a government vessel as true, the Court did not find that the necessary causal nexus existed between Federal Government action and Decedent's claims.[15] This determination was based on

---

[9] *Id.*

[10] *Id.* at 2–3

[11] Case No. 18-6158, Rec. Doc. 1 at 2.

[12] *Id.*

[13] Case No. 18-6158, Rec. Doc. 89.

[14] *Id.* at 31.

[15] *Id.*

the fact that Decedent brought negligence claims, rather than strict liability claims, against the Removing Parties.[16] Defendants did not appeal the January 7, 2019 Order.

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[17] Trial was scheduled to begin before the state trial court on January 13, 2020.[18] The amended petition does not purport to assert any strict liability claims against Avondale.[19]

On January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[20] In the second notice of removal, Avondale once again alleged that removal is proper because this is an action "for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1)."[21] In the second notice of removal, Avondale contended that the jury interrogatories, jury charges, and Pre-Trial Order filed by Plaintiffs in state court directly contradicted Decedent's prior representation in federal court that he was not asserting strict liability claims against Avondale.[22] On January 10, 2020, Plaintiffs filed an "Emergency Motion to Remand"[23] and an "Ex Parte Motion for Expedited Hearing and for

---

[16] *Id.* at 36–37. The January 7, 2019 Order predated the Fifth Circuit's en banc decision in *Latiolais v. Huntington Ingalls, Inc.*, overruling prior precedent and holding that Avondale was entitled to remove a negligence case filed by a former Navy machinist because of his exposure to asbestos while the Navy's ship was being repaired at the Avondale shipyard under a federal contract. 951 F.3d 286, 289 (5th Cir. 2020).

[17] Rec. Doc. 1-8.

[18] Rec. Doc. 1-12.

[19] Rec. Doc. 1-8.

[20] Rec. Doc. 1.

[21] *Id.* at 2.

[22] *Id.* at 4–5.

[23] Rec. Doc. 4.

Emergency Ruling."[24]

On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[25] Specifically, the Court found that the notice of removal was timely filed and Plaintiffs' pretrial filings constituted a proper basis for the second removal.[26] Additionally, the Court found that Avondale met the three-part test for federal officer removal, namely, that (1) Avondale is a person within the meaning of the statute, (2) Avondale acted pursuant to a federal officer's directions and a causal nexus exists between its actions under color of federal office and plaintiffs' claims, and (3) Avondale has a colorable federal defense to Plaintiffs' claims under the government contractor immunity defense.[27]

On February 18, 2020, the Avondale Interests filed the instant "Motion for Partial Summary Judgment Seeking Dismissal of All Non-Intentional Tort Wrongful Death Claims."[28] On March 3, 2020, Plaintiffs filed an opposition to the instant motion.[29] The Avondale Interests, with leave of Court, filed a reply brief in further support of the motion on March 16, 2020.[30] On March 16, 2020, Travelers joined the motion.[31]

---

[24] Rec. Doc. 5.

[25] Rec. Doc. 17.

[26] *Id*. at 20–22.

[27] *Id*. at 23–36. The January 28, 2020 Order also predated the Fifth Circuit's en banc decision in *Latiolais*. In *Latiolais*, the Fifth Circuit held that "to remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." 951 F.3d at 296. The Fifth Circuit overruled prior caselaw applying the "causal nexus" requirement to Section 1442(a) as amended in 2011. *Id*.

[28] Rec. Doc. 35.

[29] Rec. Doc. 97.

[30] Rec. Doc. 131.

[31] Rec. Doc. 124. Travelers joins this motion in its capacity as the insurer of alleged Avondale executive officers Henry "Zac" Carter, James O'Donnell, C. Edwin Hartzman, John McQue, Burnette "Frenchy" Bordelon,

## II. Parties' Arguments

### A.    *The Avondale Interests' Argument in Support of the Motion*

In the instant motion, the Avondale Interests argue that Plaintiffs' non-intentional tort wrongful death claims should be dismissed because such claims are barred by the LHWCA's exclusive remedy provision.[32] The Avondale Interests note that an identical motion was filed while the case was pending in state court, but the state court judge did not rule on the motion before the case was removed.[33]

The Avondale Interests note that in 1989, Section 1035.2 was added to the Louisiana Workers' Compensation Act, providing that "[n]o compensation shall be payable with respect to the disability or death of any employee covered by the . . . Longshore and Harbor Worker's Compensation Act."[34] The Avondale Interests argue that Decedent was a covered employee under the LHWCA because his employment at Avondale met both the situs and status test for LHWCA coverage.[35] The Avondale Interests contend that the LHWCA precludes Plaintiffs' wrongful death non-intentional tort claims as a matter of law.[36] Furthermore, the Avondale Interests assert that the tort immunity granted by the LHWCA extends to co-employees and their insurers.[37] Therefore, the Avondale Interests assert they are entitled to judgment as a matter of law, dismissing Plaintiffs'

---

Ewing Moore, Hettie Dawes-Eaves, John Chantrey, Steven Kennedy, Peter Territo, George Kelmell, Ollie Gatlin, Earl Spooner, Edward Blanchard, James T. Cole, Melton Garrett, Dr. Joseph Mabey and Albert Bossier, Jr.

[32] Rec. Doc. 35-1 at 1–2.

[33] *Id*. at 2.

[34] *Id*. at 4.

[35] *Id*. at 4–5.

[36] *Id*. at 5 (citing 33 U.S.C. § 905(a)).

[37] *Id*. at 6.

6

wrongful death non-intentional tort claims.[38]

## B.    *Plaintiffs' Argument in Opposition to the Motion*

In the opposition memorandum, Plaintiffs argue that the LHWCA does not bar Plaintiffs' claims.[39] Plaintiffs point out that they are alleging that some of Decedent exposure to asbestos occurred while he was not employed at Avondale.[40] For example, Plaintiffs argue that Decedent was exposed to asbestos while riding home from work with others who had contaminated clothing and from scrap materials and cloth that Avondale allowed workers to take home.[41] Plaintiffs contend that Decedent testified that the asbestos materials were brought home from Avondale.[42] Plaintiffs assert that the claims involving exposure to asbestos while traveling home from work and from materials Decedent brought home do not fall under the LHWCA because these exposures do not "aris[e] out of and in the course of employment."[43]

Next, Plaintiffs argue that the LHWCA does not bar their intentional tort claims.[44] Plaintiffs assert they have elected Louisiana state remedies, and the LHWCA does not preempt their state law claims.[45] Thus, Plaintiffs contend the LHWCA does not bar their state law intentional tort claims against Avondale and its executive officers during the time period that Decedent was

---

[38] *Id.*

[39] Rec. Doc. 97 at 1.

[40] *Id.* at 1–2.

[41] *Id.* at 1–2.

[42] *Id.* at 2.

[43] *Id.* at 4.

[44] *Id.*

[45] *Id.* at 6.

directly employed by Avondale.[46] Furthermore, Plaintiffs contend that summary judgment is not appropriate on an intentional tort claim.[47] If Plaintiffs are able to prove an intentional tort, they argue the LHWCA does not apply and Plaintiffs may assert any and all causes of action allowed under Louisiana law.[48]

## C.   The Avondale Interests' Argument in Further Support of the Motion

In further support of the instant motion, the Avondale Interests assert that Plaintiffs' arguments regarding the validity of their intentional tort claims are of no moment to the analysis here because the Avondale Interests are seeking dismissal of the non-intentional tort wrongful death claims.[49] The Avondale Interests assert that they are entitled to the relief they seek, irrespective of whether Plaintiffs might be able to recover under a different theory or cause of action.[50]

Next, the Avondale Interests argue that Plaintiffs are improperly invoking the "dual capacity" doctrine.[51] The Avondale Interests contend that another district judge in the Eastern District of Louisiana denied a similar argument in *Savoie v. Huntington Ingalls Incorporated*.[52] The Avondale Interests assert that Plaintiffs allege no conduct on the part of Avondale or its alleged executive officers that is separate and distinct from, and unrelated to, the employment enterprise.[53]

---

[46] *Id*. at 6–7

[47] *Id*. at 5–6.

[48] *Id*. at 8.

[49] Rec. Doc. 131 at 2.

[50] *Id*. at 3.

[51] *Id*.

[52] *Id*. at 4 (citing Case No. 15-CV-1220 (E.D. La.) (Barbier, J.)).

[53] *Id*. at 5.

According to the Avondale Interests, "all of the alleged exposure—whether it occurred inside the shipyard during working hours or on the bus ride home after work from the asbestos carried home from Avondale on the clothing of [Decedent] and his co-employees on the bus—occurred directly and exclusively as the result of [Decedent's] employment at Avondale. . . ."[54]

The Avondale Interests assert that the "coming and going" case relied upon by Plaintiffs has no bearing on the issues before this Court.[55] The Avondale Interests contend that Plaintiffs are attempting to sue Decedent's employer for alleged asbestos exposure at work and for second-hand exposures to asbestos carried home from Avondale.[56] The Avondale Interests argue that the "coming and going" case Plaintiffs rely on did not involve such allegations of "dual" or multiple torts.[57] The Avondale Interests assert that the sole dual capacity exception to the LHWCA's exclusive remedy provision is for acts of vessel negligence where the employer is a vessel owner, and such an allegation that is not made here.[58] Finally, the Avondale Interests contend that the Louisiana Workers' Compensation Act also rejects the dual capacity doctrine.[59] Accordingly, the Avondale Interests argue that the wrongful death claims based on non-intentional tort theories of recovery should be dismissed.[60]

---

[54] *Id*. at 5–6.

[55] *Id*. at 6.

[56] *Id*.

[57] *Id*.

[58] *Id*. at 7.

[59] *Id*. at 8.

[60] *Id*. at 9.

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[61] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[62] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[63] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[64] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[65]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[66] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence

---

[61] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[62] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[63] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[64] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[65] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[66] *Celotex*, 477 U.S. at 323.

supports his claims.[67] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[68] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[69] Rather, a factual dispute precludes a grant of summary judgment only if the evidence presented by the nonmovant is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[70] Further, a court "resolve[s] factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[71] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[72] Ultimately, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[73]

---

[67] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[68] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[69] *Little*, 37 F.3d at 1075.

[70] *Anderson*, 477 U.S. at 248.

[71] *Little*, 37 F.3d at 1075.

[72] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

[73] *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993).

## IV. Analysis

In the instant motion, the Avondale Interests argue that Plaintiffs' non-intentional tort wrongful death claims should be dismissed because such claims are barred by the LHWCA's exclusive remedy provision.[74] In response, Plaintiffs argue that the motion should be denied because: (1) the LHWCA does not bar claims involving exposure to asbestos while traveling home from work and from scrap materials and cloth Avondale allowed workers to take home; and (2) the LHWCA does not bar Plaintiffs' intentional tort claims.[75] To the extent Plaintiffs argue that the LHWCA does not bar their intentional tort claims, the Court will not reach that issue as the Avondale Interests only seeks dismissal of Plaintiffs' non-intentional tort wrongful death claims in the instant motion.[76]

Under Louisiana law, wrongful death claims are controlled by the applicable law and jurisprudence in effect at the time of death.[77] At the time of Decedent's death on November 24, 2018, the LHWCA provided workers compensation benefits to covered employees where the Act's situs and status requirements are satisfied.[78]

"The LHWCA provides that an employer, whether negligent or without fault, has a duty to pay workers' compensation to a covered employee."[79] "When the LHWCA applies, workers' compensation is an employee's exclusive remedy against the employer in its capacity as an

---

[74] Rec. Doc. 35-1 at 1–2.

[75] Rec. Doc. 97.

[76] Additionally, the motion for summary judgment at issue was filed while the case was pending in state court, but the state court judge did not rule on the motion before the case was removed to this Court. Accordingly, the Court does not apply reconsideration standards to the instant motion.

[77] *Walls v. American Optical Corp.*, 98-0455 (La. 9/8/99), 740 So.2d 1262, 1270).

[78] *See Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 415–16 (1985).

[79] *See Moore v. Phillips Petro. Co.*, 912 F.2d 789, 791 (5th Cir. 1990) (citing 33 U.S.C. § 903).

employer."[80] Section 905(a) of the LHWCA thus acts as a shield against tort liability for actions taken by an employer in its capacity as an employer where the Act's situs and status requirements are satisfied.[81] To meet the status requirement, an employee must be "engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker. . . ."[82] To meet the situs requirement, "disability or death [must have] result[ed] from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)."[83]

The Avondale Interests argue that Decedent engaged in ship repair and shipbuilding while employed by Avondale, which satisfies the status requirement.[84] They further argue that the place where Decedent was allegedly exposed to asbestos, Avondale Shipyards, satisfies the LHWCA's situs requirement.[85] Plaintiffs do not appear to dispute that the situs and status requirements are met. Accordingly, the Court finds that for purposes of Plaintiffs' wrongful death claims, Decedent was a covered employee of Avondale under the LHWCA.

Nevertheless, Plaintiffs argue that the LHWCA does not bar claims involving exposure to asbestos while traveling home from work and from scrap materials and cloth Avondale allowed

---

[80] *Id.* (citing 33 U.S.C. § 905(a)).

[81] *See The Section 905(a) Bar: the Exclusivity of the Longshore Act*, 1 Admiralty & Mar. Law § 7:4 (6th ed.) (noting that "Section 905(a) is normally a broad shield against tort liability" and that this bar properly extends to suits in tort under state law) (internal citation omitted).

[82] 33 U.S.C. § 902(3).

[83] 33 U.S.C. § 903(a).

[84] Rec. Doc. 35-1 at 5.

[85] *Id.*

workers to take home.[86] Under the LHWCA, the term "injury" is defined as "an accidental injury or death arising out of and in the course of employment. . . ."[87] "To occur in the course of employment, an injury must occur at a time when the employee may reasonably be said to be engaged in the employer's business, at a place where the employee may reasonably be expected to be in connection with the employment, and while the employee was reasonably fulfilling the duties of his or her employment or engaged in doing something incidental thereto."[88] "The words 'arising out of' instruct that the employment must have caused the injury."[89]

Plaintiffs rely on the United States Supreme Court's decision in *Voehl v. Indem. Ins. Co. of North America*.[90] In *Voehl v. Indem. Ins. Co. of North America*, the employee filed a claim for compensation benefits under the LHWCA for injuries he sustained in an automobile accident while he was driving to his employer's warehouse in his private vehicle.[91] The Supreme Court held that the employee's injuries were covered by the LHWCA, noting that the terms of employment covered the period of service from the time the employee left his home until his return and compensated the employee for the entire time.[92] In so holding, the Court noted the "general rule" that "injuries sustained by employees when going to or returning from their regular place of work

---

[86] Rec. Doc. 97 at 1–5.

[87] 33 U.S.C. § 902(2).

[88] LHWCA Procedure Manual, https://www.dol.gov/owcp/dlhwc/lsProMan/ProMan.htm.

[89] *Bludworth Shipyard, Inc. v. Lira*, 700 F.2d 1046, 1049 (5th Cir. 1983) (citing *U.S. Industries/Federal Sheet Metal, Inc. v. Director, Office of Workers' Compensation Programs, United States Department of Labor*, 455 U.S. 608 (1982)).

[90] Rec. Doc. 97 at 4.

[91] *Voehl v. Indem. Ins. Co. of N. Am.*, 288 U.S. 162, 165 (1933).

[92] *Id.* at 381–82.

are not deemed to arise out of and in the course of their employment."[93] However, the Court stressed that the general rule is subject to exceptions dependent "upon the nature and circumstances of the employment."[94] Additionally, the Court reasoned that "[n]o exact formula can be laid down which will automatically solve every case."[95]

Here, Plaintiffs allege that Decedent was exposed to asbestos during the course of his employment at Avondale, and then carried the asbestos home with him on his clothing and other materials that he brought home from the shipyard. This case does not fall within the coming and going exception because Plaintiffs are alleging both occupational exposure to asbestos at Avondale and second-hand exposure to asbestos carried home from Avondale. Under Plaintiffs' theory of the case, the exposure began at work and then Decedent carried some of the asbestos material home. Therefore, the alleged injury arose out of and in the course of Decedent's employment.

The LHWCA recognizes "dual capacity" claims against an employer in limited circumstances. Under the dual capacity doctrine, "a plaintiff may sue an employer otherwise covered by the LHWCA for negligence in its capacity as a vessel owner as if it were a third party."[96] Plaintiffs do not present any evidence to show that Decedent was injured by the negligence of Avondale in its capacity as a vessel owner. Accordingly, the dual capacity doctrine does not apply, and Plaintiffs' non-intentional tort wrongful death claims are barred by the exclusive remedy provision of the LHWCA as a matter of law.

---

[93] *Id.* at 382.

[94] *Id.* at 382–83.

[95] *Id.*

[96] *Kirkland v. Huntington Ingalls, Inc.*, 758 F. App'x 345, 346 (5th Cir. 2019) (citing *Levene v. Pintail Enters., Inc.*, 943 F.2d 528, 531 (5th Cir. 1991)).

## V. Conclusion

For the reasons discussed above, the Avondale Interests' motion for summary judgment is granted. There are no genuine issues of material fact in dispute, and Plaintiffs' non-intentional tort wrongful death claims are barred by the exclusive remedy provision of the LHWCA as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that the Avondale Interests' "Motion for Partial Summary Judgment Seeking Dismissal of All Non-Intentional Tort Wrongful Death Claims"[97] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this ___26th___ day of August, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[97] Rec. Doc. 35.

16