UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendant Bayer CropScience, Inc., as Successor to Rhone-Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company's ("Amchem") "Motion in Limine to Exclude Plaintiffs' Exhibit

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

1

No. 1.157."[2] Defendants Foster Wheeler, LLC and General Electric Company join the motion.[3] Plaintiffs oppose the motion.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[8] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[10]

---

[2] Rec. Doc. 46.

[3] Rec. Doc. 57.

[4] Rec. Doc. 157.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.* at 2–3.

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 25, 2020, Amchem filed the instant motion in limine.[15] Defendants Foster Wheeler, LLC and General Electric Company join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On April 6, 2020, Amchem, with leave of Court, filed a reply brief in further support of the motion.[18] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[19]

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 46.

[16] Rec. Doc. 57.

[17] Rec. Doc. 157.

[18] Rec. Doc. 212.

[19] Rec. Doc. 225.

## II. Parties' Arguments

*A.     Amchem's Arguments in Support of the Motion*

Amchem moves the Court to issue an order excluding the introduction at trial or any reference to Plaintiffs' Exhibit No. 1.157, which is a Michigan Supreme Court Amicus Brief subsequently published as a non-peer reviewed article by Laura S. Welch, et al., titled "Asbestos Exposure Causes Mesothelioma, But Not This Asbestos Exposure: an Amicus Brief to the Michigan Supreme Court" (the "Welch Paper").[20] Amchem asserts that the Welch Paper has been excluded by multiple courts throughout the country.[21] Amchem urges this Court to exclude the Welch Paper because: (1) it is irrelevant to the issues in this case, lacking in probative value, highly prejudicial and likely to confuse the jury; (2) it is inadmissible hearsay; and (3) it is not the type of material properly relied upon by experts.[22]

First, Amchem contends that the Welch Paper is not relevant because it was filed in a legal proceeding in a jurisdiction outside of Louisiana and its purpose was to collect references to sources supporting the position that asbestos from brakes causes mesothelioma—an issue completely unrelated to the questions before this Court in the instant matter.[23] Therefore, Amchem argues that the Welch Paper is irrelevant to the issues in this case, lacking in probative value, highly prejudicial and likely to confuse the jury.[24]

---

[20] Rec. Doc. 46-1 at 1.

[21] *Id*.

[22] *Id*. at 4–11.

[23] *Id*. at 4.

[24] *Id*. at 4, 9.

4

Second, Amchem contends that the Welch Paper is inadmissible hearsay.[25] Because the Welch Paper was prepared in anticipation of litigation, Amchem contends that the Welch Paper is inadmissible under the learned treatises exception.[26]

Finally, Amchem argues that the Welch Paper is not the type of material properly relied on by experts.[27] Amchem asserts that the Welch Paper is devoid of facts or data, and is comprised merely of broad, generalized opinions and references to outside sources that are themselves inadmissible hearsay.[28] Accordingly, Amchem argues that the Welch Paper should be excluded on these bases.[29]

### B.     *Plaintiffs' Arguments in Opposition to the Motion*

In response, Plaintiffs contend that motion is premature.[30] Plaintiffs contend that the Welch Paper is admissible under Federal Rule of Evidence 803(18) because it represents peer-reviewed published literature.[31] Plaintiffs assert that the Welch Paper "is routinely relied upon by experts, and it has been cited as a reliance article by plaintiffs' experts in this case, including Dr. Stephen Terry Kraus, and Dr. Rodney Landreneau.[32] Although the Welch Paper is dated in 2007, Plaintiffs note that the article discusses asbestos hazards and diseases referencing scientific

---

[25] *Id*. at 4.

[26] *Id*. at 5.

[27] *Id*.

[28] *Id*. at 7.

[29] *Id*. at 10.

[30] Rec. Doc. 157 at 1.

[31] *Id*. at 2.

[32] *Id*. at 6.

5

publications from the 1940s through 2007.[33] Therefore, Plaintiffs contend that the Welch Paper is relevant to show that the defendants knew or should have known about problems with asbestos-containing products, and should have taken steps to investigate, test, research and experiment on their products to determine the kinds of problems that may be caused by asbestos.[34] For these reasons, Plaintiffs contend that the motion in limine should be denied.[35]

### C. *Amchem's Arguments in Further Support of the Motion*

In reply, Amchem reasserts that the Welch Paper is not peer-reviewed published literature.[36] Furthermore, Amchem asserts that the Welch Paper is not a learned treatise.[37] Amchem contends that the Welch Paper "is not the kind of information any expert witnesses would customarily rely upon in their day-to-day professional decisions, nor is it the type of information that a competent expert witness would reasonably rely on in formulating an opinion that would be of any use to the trier of fact in this case."[38] Accordingly, Amchem asserts that the Welch Paper should be excluded.[39]

### III. Legal Standard

### A. *Relevancy and Prejudice*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

---

[33] *Id*. at 9.

[34] *Id*.

[35] *Id*. at 10.

[36] Rec. Doc. 212 at 1.

[37] *Id*. at 2.

[38] *Id*. at 3.

[39] *Id*. at 4.

consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[40] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[41]

### B.   Hearsay

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[42] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[43] After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule.[44]

---

[40] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[41] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[42] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[43] Fed. R. Evid. 802.

[44] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that

## IV. Analysis

Amchem urges this Court to exclude the Welch Paper because: (1) it is irrelevant to the issues in this case, lacking in probative value, highly prejudicial and likely to confuse the jury; (2) it is inadmissible hearsay; and (3) it is not the type of material properly relied upon by experts.[45] In response, Plaintiffs contend that the Welch Paper is admissible under Federal Rule of Evidence 803(18) because it represents peer-reviewed published literature.[46] Plaintiffs also contend that the Welch Paper is relevant to show that Defendants knew or should have known about problems with asbestos-containing products, and should have taken steps to investigate, test, research and experiment on their products to determine the kinds of problems that may be caused by asbestos.[47]

The article at issue was authored by Laura S. Welch, and is entitled "Asbestos Exposure Causes Mesothelioma, But Not This Asbestos Exposure: An Amicus Brief to the Michigan Supreme Court," 13 *Int'l. J. Occupational Envtl. Health* 318 (2007). The author, Dr. Laura Welch, was contacted and asked to write the brief as an advocacy piece.[48] The paper was

---

before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

[45] *Id*. at 4–11.

[46] Rec. Doc. 157 at 2.

[47] *Id*.

[48] *See Dugas v. 3M Co.*, No. 14-1096, 2016 WL 3966142, at *6 (M.D. Fla. June 30, 2016); *Yates v. Ford Motor Co.*, No. 12-752, 2015 WL 3463559, at *10 (E.D.N.C. May 30, 2015).

eventually published, but it is unclear if it was peer reviewed.[49]

Both parties agree that the publication is hearsay. Plaintiffs argue that the publication is admissible under the learned treatise exception found in Federal Rule of Evidence of 803(18). The learned treaties exception applies when (1) the material is relied upon by an expert and (2) the material is established as reliable through expert testimony, or judicial notice.[50] Numerous federal district courts have found that because the Welch Paper was drafted for the advocacy of a particular position, it is not the type of objective scientific evidence contemplated by Rule 803(18).[51] However, at least one state appellate court has reached the opposite conclusion.[52]

Nevertheless, the Court need not resolve this issue. To the extent the Welch Paper might be admissible under Rule 803(18), its prejudicial effect substantially outweighs its probative value. The Welch Paper is "a collection of evidence to support the conclusion that asbestos dust from brakes causes mesothelioma."[53] It does not address the specific types of asbestos exposure at issue in this case. Therefore, the Welch Paper is of limited probative value to the issues presented this case. The Welch Paper is a collection of evidence, and it is based on information that is independently available. Additionally, the Welch Paper was signed by over 51 individuals who "have published extensively in this field for more than 30 years and have conducted dozens of epidemiologic and other studies into the issues of asbestos and disease."[54] This may cause the

---

[49] *See Dugas*, No. 2016 WL 3966142, at *6.

[50] Fed. R. Evid. 803(18).

[51] *See Vedros v. Northrop Grumman Shipbuilding, Inc.*, 119 F.Supp.3d 556, 564 (E.D. La. 2015); *Yates*, 113 F.Supp.3d at 847, 2015 WL 3948303, at *3.

[52] *Schwartz v. Honeywell Int'l, Inc.*, 2016-Ohio-3175, ¶¶ 58–60, 66 N.E.3d 118, 132–33 (Ct. App.).

[53] *Id*. at 132.

[54] *Id*. at 133.

jury to place undue weight on the document. Therefore, the Court concludes that the probative value of the Welch Paper is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and needlessly presenting cumulative evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the Amchem's "Motion in Limine to Exclude Plaintiffs' Exhibit No. 1.157"[55] is **GRANTED.** Plaintiffs' Exhibit No. 1.157 and any references thereto are excluded.

**NEW ORLEANS, LOUISIANA,** this   15th   day of September, 2020.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**NANNETTE JOLIVETTE BROWN**
　　　　　　　　　　　　　　　　　　　**CHIEF JUDGE**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

---

[55] Rec. Doc. 46.