UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CALLEN DEMPSTER et al.**                         **CIVIL ACTION**

**VERSUS**                                         **NO. 20-95**

**LAMORAK INSURANCE CO. et al.**                   **SECTION: "G"(1)**

# ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Plaintiffs' "Motion in Limine to Exclude Factual Testimony by Danny Joyce When Such Testimony is not Based on Personal Knowledge."[2] Defendants Huntington Ingalls Incorporated ("Avondale"), Albert L. Bossier Jr. ("Bossier"), and Lamorak Insurance Company's ("Lamorak") (collectively, the

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 49.

1

"Avondale Interests") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

In this litigation, Plaintiffs allege that Mr. Dempster was employed by Avondale from 1962 to 1994.[4] During that time, Plaintiffs aver that Mr. Dempster was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Mr. Dempster breathing in asbestos fibers and later developing asbestos-related cancer.[5] Plaintiffs assert strict liability and negligence claims against various Defendants.[6]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[7] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[8] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[9]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January

---

[3] Rec. Doc. 150.

[4] Rec. Doc. 1-2 at 5.

[5] *Id.*

[6] *Id.* at 7–8.

[7] *Id.* at 2–3

[8] Case No. 18-6158, Rec. Doc. 1 at 2.

[9] Case No. 18-6158, Rec. Doc. 89.

17, 2019.[10] Trial was scheduled to begin before the state trial court on January 13, 2020.[11] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[12] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[13]

On February 26, 2020, Plaintiffs filed the instant motion in limine.[14] On March 17, 2020, the Avondale Interests filed an opposition to the instant motion.[15] On April 6, 2020, Plaintiffs filed a reply brief in further support of the motion.[16] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[17]

## II. Parties' Arguments

### A.   *Plaintiffs' Arguments in Support of the Motion*

Plaintiffs move the Court to issue an order excluding factual testimony by Danny Joyce, the Avondale Interests' expert in the area of industrial hygiene, when such testimony is not based on personal knowledge.[18] According to Plaintiffs, another district judge in the Eastern District of

---

[10] Rec. Doc. 1-8.

[11] Rec. Doc. 1-12.

[12] Rec. Doc. 1.

[13] Rec. Doc. 17.

[14] Rec. Doc. 49.

[15] Rec. Doc. 150.

[16] Rec. Doc. 196.

[17] Rec. Doc. 225.

[18] Rec. Doc. 49-1 at 1.

3

Louisiana granted an identical motion in the case *Savoie v. Huntington Ingalls, Inc.*[19]

Plaintiffs note that Mr. Joyce did not start working at Avondale until May 1980, and they argue that he should not be able to offer factual testimony regarding Decedent's work at Avondale from 1963 through 1979.[20] Plaintiffs assert that Mr. Joyce will attempt to testify that Avondale was well beneath the safe exposure limits for asbestos by mentioning conversations he allegedly had with Walsh-Healey inspectors regarding the inspector's work which occurred many years prior to Mr. Joyce's employment with Avondale.[21] Plaintiffs assert that the Avondale Interests will attempt to establish that Avondale had government air samples for asbestos in the 1960s and early 1970s, and the samples taken were within safe levels.[22] However, Plaintiffs assert that Mr. Joyce's testimony on this subject has never been corroborated by any document or witness.[23] In fact, Plaintiffs assert that other witnesses have testified contrary to Mr. Joyce's hearsay testimony.[24] Therefore, Plaintiffs contend that Mr. Joyce should not be allowed to present hearsay testimony about "what did or did not occur at Avondale."[25]

### B.   *The Avondale Interests' Arguments in Opposition to the Motion*

The Avondale Interests raise three issues in opposition to the motion.[26] First, the Avondale Interests assert that the issue of whether Avondale was in compliance with the regulatory

---

[19] *Id.* (citing *Savoie v. Huntington Ingalls, Inc.*, No. 15-1220 (E.D. La.)).

[20] *Id.* at 2.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 3.

[25] *Id.* at 7.

[26] Rec. Doc. 150 at 1.

4

exposure limits of the time is a proper subject of expert testimony.[27] The Avondale Interests contend that Mr. Joyce will be offering an opinion—based on his qualifications, work experience, and research of relevant and reliable facts and data—concerning whether any asbestos exposure to Decedent at Avondale would have exceeded the regulatory limits of the day.[28]

Second, the Avondale Interests argue that Mr. Joyce's opinions regarding the regulatory limits of the day are based on sources other than his conversations with former Walsh-Healey inspectors.[29] According to the Avondale Interests, Mr. Joyce's opinions are based on the following: (1) the results of asbestos air monitoring performed at Avondale before Mr. Joyce started working there; (2) exposure to assessments that Mr. Joyce has seen in literature for similar operations or for bystanders who may have experienced exposure similar to what Decedent allegedly experienced; (3) his own air sampling over the years in the maritime environment; and (4) the fact that during Decedent's employment, Walsh-Healey inspectors were charged with inspecting asbestos air levels at Avondale and they did not issue any citation to Avondale for any excessive levels.[30] The Avondale Interests assert that an expert need not have personal knowledge of the subjects upon which he opines.[31]

Third, the Avondale Interests contend that the ruling in *Savoie* was significantly narrower than Plaintiffs suggest.[32] Specifically, the Avondale Interests assert that the *Savoie* court found

---

[27] *Id*. at 1, 4.

[28] *Id*. at 4.

[29] *Id*. at 1, 3, 5.

[30] *Id*. at 3.

[31] *Id*. at 3, 5.

[32] *Id*. at 6.

that Mr. Joyce could "rely on hearsay testimony in formulating opinions; however, he cannot offer or testify about hearsay evidence or offer factual testimony or evidence about what occurred at Avondale before 1980 unless the testimony or evidence is corroborated with admissible evidence or testimony."[33]

### C. *Plaintiffs' Arguments in Further Support of the Motion*

In reply, Plaintiffs clarify that they are seeking to preclude factual testimony from Mr. Joyce that is not based on personal knowledge.[34] Plaintiffs state that they are not seeking to exclude testimony regarding whether the Avondale Interests were in compliance with regulatory exposure limits of the day where the opinions are based upon his review of deposition testimony and scientific literature regarding exposure levels.[35] Plaintiffs contend that the Avondale Interest have not come forward with any argument as to why this Court should allow Mr. Joyce to offer testimony regarding conversations he allegedly had with Walsh-Healey inspectors.[36]

## III. Legal Standard

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion testimony. Pursuant to Federal Rule of Evidence 701, when a witness is not testifying as an expert, testimony in the form of an opinion is limited to an opinion that is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[37]

---

[33] *Id*. at 7 (quoting Rec. Doc. 150-4 (Transcript of Hearing Held in Case No. 15-1220).

[34] Rec. Doc. 196 at 1.

[35] *Id*. at 1–2.

[36] *Id*. at 3.

[37] Fed. R. Evid. 701.

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[38]

Federal Rule of Evidence 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.[39]

### IV. Analysis

Plaintiffs move the Court to issue an order excluding factual testimony by Danny Joyce, the Avondale Interests' expert in the area of industrial hygiene, when such testimony is not based on personal knowledge.[40] The Avondale Interests contend that Mr. Joyce will be offering an opinion—based on his qualifications, work experience, and research of relevant and reliable facts and data—concerning whether any asbestos exposure to Decedent at Avondale would have exceeded the regulatory limits of the day.[41]

Mr. Joyce will testify as an expert witness in the area of industrial hygiene. "[I]t is

---

[38] Fed. R. Evid. 702.

[39] Fed. R. Evid. 703.

[40] Rec. Doc. 49-1 at 1.

[41] Rec. Doc. 150 at 4.

axiomatic that expert opinions may be based on facts or data of a type reasonably relied upon by experts in a particular field, even if the sources are not admissible evidence."[42] Therefore, "[e]xperts may rely on hearsay evidence in forming their opinions."[43] Accordingly, Mr. Joyce may rely on out of court statements in formulating his expert opinions.

However, an expert's reliance on hearsay to form an expert opinion does not render the hearsay itself admissible at trial. Indeed, Federal Rule of Evidence 703 was amended in 2000 "to emphasize that when an expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the opinion or inference is admitted."[44] Pursuant to Rule 703, "if the facts or data" upon which the expert relies are inadmissible, the expert "may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."[45] The Avondale Interests do not argue that the probative value of the hearsay statements will assist the jury in evaluating Mr. Joyce's opinion or that the probative value of these hearsay statements substantially outweigh their prejudicial effect. Therefore, the Court excludes any factual testimony by Danny Joyce that constitutes inadmissible hearsay.

Accordingly,

---

[42] *United States v. Gresham*, 118 F.3d 258, 266 (5th Cir. 1997) (citing Fed. R. Evid. 703).

[43] *First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1576 (5th Cir. 1996) (citing *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1309 (5th Cir. 1991)).

[44] Fed. R. Evid. 703 advisory committee notes.

[45] Fed. R. Evid. 703.

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion in Limine to Exclude Factual Testimony by Danny Joyce When Such Testimony is not Based on Personal Knowledge"[46] is **GRANTED.** Any factual testimony by Danny Joyce that constitutes inadmissible hearsay is excluded.

**NEW ORLEANS, LOUISIANA,** this 15th day of September, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[46] Rec. Doc. 49.