UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Plaintiffs' "Motion in Limine to Exclude Bankruptcy Documents."[2] Defendants Avondale, Albert L. Bossier, Jr. ("Bossier"), and Lamorak Insurance Company ("Lamorak") (collectively, the "Avondale

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 50.

1

Interests") oppose the motion in limine.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

## I. Background

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[4] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[5] Plaintiffs assert strict liability and negligence claims against various Defendants.[6]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[7] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[8] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[9]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January

---

[3] Rec. Doc. 152.

[4] Rec. Doc. 1-2 at 5.

[5] *Id.*

[6] *Id.* at 7–8.

[7] *Id.* at 2–3.

[8] Case No. 18-6158, Rec. Doc. 1 at 2.

[9] Case No. 18-6158, Rec. Doc. 89.

17, 2019.[10] Trial was scheduled to begin before the state trial court on January 13, 2020.[11] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[12] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[13]

On February 25, 2020, Plaintiffs filed the instant motion in limine.[14] On March 17, 2020, the Avondale Interests filed an opposition to the instant motion.[15] On April 6, 2020, Plaintiffs, with leave of Court, filed a reply brief in further support of the motion.[16] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[17]

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion*

Plaintiffs move the Court to issue an order precluding any bankruptcy documents and any documents submitted in connection with bankruptcy claims.[18] Plaintiffs contend that Defendants may attempt to introduce documents related to bankruptcy claims that may have been submitted to bankruptcy trusts during the time that Decedent was represented by Murray &

---

[10] Rec. Doc. 1-8.

[11] Rec. Doc. 1-12.

[12] Rec. Doc. 1.

[13] Rec. Doc. 17.

[14] Rec. Doc. 50.

[15] Rec. Doc. 152.

[16] Rec. Doc. 202.

[17] Rec. Doc. 225.

[18] Rec. Doc. 50-1 at 1.

Wilson for his asbestosis claim.[19] Plaintiffs assert that such evidence should be excluded under Federal Rule of Evidence 408 because evidence of a compromise of a claim is not admissible to prove liability for or invalidity of the claim.[20]

### B.   *The Avondale Interests' Arguments in Opposition to the Motion*

The Avondale Interests argue that evidence of prior settlement agreements, including those involving bankruptcy trusts, may be admissible for certain purposes other than to prove liability.[21] In this case, the Avondale Interests argue that evidence regarding settlements is admissible for the following purposes: (1) to show bias in the testimony and presentation of Plaintiffs' case; (2) to provide Defendants at trial with the virile share credits to which they are entitled for the fault of settled entities; and (3) to establish whether Plaintiffs have properly reserved their rights to obtain additional settlement funds from the remaining parties.[22]

### C.   *Plaintiffs' Arguments in Further Support of the Motion*

In reply, Plaintiffs concede that Rule 408 does allow the admission of evidence regarding settlements in order to prove bias or prejudice of a witness, to negate a contention of undue delay, or prove an effort to obstruct a criminal investigation or prosecution.[23] While the Avondale Interests argue that they could potentially offer such evidence to prove bias or prejudice, Plaintiffs assert that the Avondale Interests have failed to show that evidence regarding the settlements in

---

[19] *Id.*

[20] *Id.* at 2–4.

[21] Rec. Doc. 152 at 1–2.

[22] *Id.* at 2–3.

[23] Rec. Doc. 202 at 3.

this case would in fact prove bias or prejudice.[24] Moreover, Plaintiffs contend that the proper way to impeach a witness is with the use of his or her prior inconsistent statement, not a settlement document.[25]

To the extent the Avondale Interests argue that bankruptcy documents could be used to impeach a plaintiff's testimony at trial that differs from testimony given prior to settlement, Plaintiffs contend this argument is unavailing because Decedent passed away and his deposition testimony will be offered at trial.[26] Plaintiffs argue that the Avondale Interests are not entitled to a virile share reduction for the bankrupt entities who were parties to the bankruptcy documents Plaintiffs are seeking to exclude because none of those settlements deal with Decedent's lung cancer claim.[27] To the extent the Avondale Interests argue that the settlement agreements could be introduced to establish whether Plaintiffs reserved their right to recover from other defendants, Plaintiffs argue that Louisiana law has not required such a reservation of rights since 1985.[28] Accordingly, Plaintiffs argue that the motion in limine should be granted.[29]

### III. Legal Standard

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[30] Rule 408 prohibits evidence of compromise negotiations, as well as conduct or statements made during compromise negotiations, from being admitted "either to prove or disprove the validity or amount

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 4.

[28] *Id.* at 5–6.

[29] *Id.* at 6.

[30] Fed. R. Evid. 408.

of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[31] However, such evidence is admissible to show the bias or prejudice of a witness.[32] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible to reduce a jury's confusion about absent defendants.[33] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[34]

### IV. Analysis

Plaintiffs move the Court to issue an order precluding any bankruptcy documents and any documents submitted in connection with bankruptcy claims.[35] The Avondale Interests argue that evidence of prior settlement agreements, including those involving bankruptcy trusts, may be admissible for certain purposes, including the following: (1) to show bias in the testimony and presentation of Plaintiffs' case; (2) to provide Defendants at trial with the virile share credits to which they are entitled for the fault of settled entities; and (3) to establish whether Plaintiffs have properly reserved their rights to obtain additional settlement funds from the remaining parties.[36] In opposition, the Avondale Interests concede that the amount of any settlement is not admissible.[37]

Pursuant to Federal Rule of Evidence 408, the Avondale Interests cannot present the bankruptcy documents containing settlement information "either to prove or disprove the validity

---

[31] Fed. R. Evid. 408(a)(1).

[32] Fed. R. Evid. 408(b).

[33] *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014).

[34] *Branch v. Fid. & Cas. Co. of New York*, 783 F.2d 1289, 1294 (5th Cir. 1986).

[35] Rec. Doc. 50-1 at 1.

[36] Rec. Doc. 152 at 2–3.

[37] *Id*. at 1–3.

or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[38] Evidence of any settlement will be excluded for those purposes. However, evidence of a settlement may be admissible for another purpose such as to show a witness's bias or prejudice. The Avondale Interests also seek to introduce the bankruptcy documents containing settlement information to receive virile share credits for the fault of settled entities. Plaintiffs argue that the Avondale Interests are not entitled to a virile share reduction for the bankrupt entities who were parties to the bankruptcy documents Plaintiffs are seeking to exclude because none of those settlements deal with Decedent's lung cancer claim.[39] However, because the parties have not submitted the specific bankruptcy documents Plaintiffs seek to exclude, the Court cannot evaluate whether the documents relate to Decedent's lung cancer claim.[40] The fact of settlement of a joint tortfeasor is admissible to show that the damages owed by the non-settling defendants should be reduced by the virile share of the settling joint tortfeasors.[41] Plaintiffs have not shown that the probative value of the evidence, if admitted for this purpose, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Accordingly,

---

[38] Fed. R. Evid. 408(a)(1).

[39] Rec. Doc. 202 at 4.

[40] Additionally, as set forth in this Court's order denying the Avondale Interests' "Motion for Partial to Establish the Settlements of Certain Non-Parties" there are genuine issues of material fact in dispute precluding summary judgment on this issue. *See* Rec. Doc. 245. This issue must be addressed at trial.

[41] *Romano v. Metro. Life Ins. Co.*, 2016-0954 (La. App. 4 Cir. 5/24/17); 221 So. 3d 176, 181, *writ denied*, 2017-1072 (La. 10/9/17); 228 So. 3d 747 (explaining that under pre-comparative fault law, "for a solidary obligor's right to receive a 'virile share credit'" the remaining defendant must show "that 1) the plaintiff released a party, thereby precluding the remaining solidary obligors from seeking contribution from it, and 2) that the released party's liability is established at trial.").

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion in Limine to Exclude Bankruptcy Documents"[42] is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** to the extent that the bankruptcy documents containing settlement information will not be admitted either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction. Evidence regarding the amount of any settlement agreement is also excluded. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this 15th day of September, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[42] Rec. Doc. 50.