UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Plaintiffs' "Motion in Limine to Exclude Questions or Comments Concerning Collateral Sources of Income or Payments."[2] Defendants Avondale, Albert L. Bossier, Jr. ("Bossier"), and Lamorak Insurance

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 54.

1

Company ("Lamorak") (collectively, the "Avondale Interests") oppose the motion in limine.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion and excludes any collateral source evidence to the extent it does not fall within an exception to the collateral source rule. If any defendant believes that collateral source evidence is admissible under an exception to that rule, they may raise this issue at trial.

## **I. Background**

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[4] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[5] Plaintiffs assert strict liability and negligence claims against various Defendants.[6]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[7] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[8] On January 7, 2019, this Court remanded the case to the Civil District

---

[3] Rec. Doc. 155.

[4] Rec. Doc. 1-2 at 5.

[5] *Id.*

[6] *Id.* at 7–8.

[7] *Id.* at 2–3.

[8] Case No. 18-6158, Rec. Doc. 1 at 2.

Court for the Parish of Orleans.[9]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[10] Trial was scheduled to begin before the state trial court on January 13, 2020.[11] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[12] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[13]

On February 25, 2020, Plaintiffs filed the instant motion in limine.[14] On March 17, 2020, the Avondale Interests filed an opposition to the instant motion.[15] On April 6, 2020, Plaintiffs, with leave of Court, filed a reply brief in further support of the motion.[16] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[17]

---

[9] Case No. 18-6158, Rec. Doc. 89.

[10] Rec. Doc. 1-8.

[11] Rec. Doc. 1-12.

[12] Rec. Doc. 1.

[13] Rec. Doc. 17.

[14] Rec. Doc. 54.

[15] Rec. Doc. 155.

[16] Rec. Doc. 207.

[17] Rec. Doc. 225.

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion*

In the motion, Plaintiffs request that the Court preclude "any questions or comments regarding collateral sources of income or payments."[18] Plaintiffs state that the collateral source rule prohibits a tortfeasor from taking advantage of the plaintiff's compensation from an independent source.[19] Plaintiffs contend that such independent sources include "income received from pensions, Social Security disability benefits, insurance benefits, and even Medicare."[20] Plaintiffs conclude that questions or comments involving those independent sources of income must be precluded in this matter.[21]

### B. *The Avondale Interests' Arguments in Opposition to the Motion*

The Avondale Interests concede that evidence of benefits received from collateral sources is inadmissible for the purpose of reducing a plaintiff's recovery by means of offset.[22] Yet, the Avondale Interests argue that the Court should not issue "a blanket prohibition against the use of collateral source evidence" because Louisiana law permits the introduction of collateral source evidence in certain circumstances.[23] The Avondale Interests point out that certain Medicaid payments are not subject to the collateral source rule because a plaintiff is "not entitled to collect Medicaid write-off amounts as damages" under Louisiana law.[24] The Avondale Interests also

---

[18] Rec. Doc. 54-1 at 1.

[19] *Id.*

[20] *Id.* at 2.

[21] *Id.* at 6.

[22] Rec. Doc. 155 at 2.

[23] *Id.* at 3.

[24] *Id.* at 2 (internal quotation marks omitted).

point out that collateral source evidence may be introduced for impeachment purposes.[25] Accordingly, the Avondale Interests conclude that Plaintiff's blanket request should be denied.[26]

### C.    *Plaintiffs' Arguments in Further Support of the Motion*

In reply, Plaintiffs contend that the Avondale "failed to show that evidence regarding collateral sources in this case would in fact prove bias or prejudice."[27] Plaintiffs assert that collateral source evidence should be excluded because it would cause unfair prejudice, confuse the issues, and mislead the jury."[28]

### III. Legal Standard

Pursuant to Federal Rule of Evidence 409, "[e]vidence of furnishing, promising to pay, or offering to pay medical, hospital, or similar expenses resulting from an injury is not admissible to prove liability for the injury." Under Louisiana law, the collateral source rule provides that "an injured plaintiff's tort recovery may not be reduced[] because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution."[29] Under this doctrine, "the payments received from the independent source are not deducted from the award the [plaintiff] would otherwise receive from the [tortfeasor]."[30] The underlying rationale is that "a tortfeasor should not benefit by a reduction in damages from outside benefits provided to the plaintiff."[31] The collateral source rule "operates to exclude evidence of collateral benefits because

---

[25] *Id.*

[26] *Id.* at 3.

[27] Rec. Doc. 207 at 2.

[28] *Id.*

[29] *Bozeman v. State*, 03–1016, p. 9 (La.7/2/04); 879 So. 2d 692, 698.

[30] *Id.*

[31] *Dupont v. Costco Wholesale Corp.*, No. CV 17-4469, 2019 WL 5959564, at *2 (E.D. La. Nov. 13, 2019)

it may unfairly prejudice the jury."[32]

The Louisiana Supreme Court articulated one exception to the collateral source rule in *Hoffman v. 21st Century North American Insurance Co.*[33] In that case, the plaintiff's attorney negotiated a discount on the client's medical bills.[34] The court declined to apply the collateral source rule to the attorney-negotiated discount.[35] Indeed, the court reasoned that "allowing the plaintiff to recover an amount for which he has not paid, and for which he has no obligation to pay, is at cross purposes with the basic principles of tort recovery in our Civil Code."[36] The court concluded that a defendant cannot be "held responsible for any medical bills or services the plaintiff did not actually incur and which the plaintiff need not repay."[37]

The Louisiana Supreme Court articulated another exception to the collateral source rule in *Simmons v. Cornerstone Investments, LLC*.[38] In that case, the plaintiff suffered an injury while working for Cintas Corporation ("Cintas").[39] The plaintiff's medical expenses totaled $24,435, but that amount was reduced to $18,435 (a $6,000 reduction) under the Louisiana Workers' Compensation Act.[40] The legal issue was whether the plaintiff could recover the "written off"

---

(Lemmon, J.) (citing *Bozeman*, 879 So. 2d at 698).

[32] *Trico Marine Assets Inc. v. Diamond B Marine Servs. Inc.*, 332 F.3d 779, 794 n.7 (5th Cir. 2003).

[33] *Hoffman v. 21st Century N. Am. Ins. Co.*, 2014-2279 (La. 10/2/15); 209 So. 3d 702, 704.

[34] *Id.* at 706.

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Simmons v. Cornerstone Investments, LLC*, 2018-0735 (La. 5/8/19); 282 So. 3d 199.

[39] *Id.* at 200.

[40] *Id.*

6

amount of $6,000.[41] The court held that the $6,000 reduction entailed a "phantom charge" that the plaintiff never needed to pay back.[42] For that reason, the Court held that the collateral source rule was inapplicable to the $6,000 phantom charge.[43]

### IV. Analysis

Plaintiffs seek to exclude all questions or comments regarding collateral sources of income.[44] The Avondale Interests concede that evidence of benefits received from collateral sources is inadmissible for the purpose of reducing a plaintiff's recovery by means of offset.[45] Yet, the Avondale Interests argue that the Court should not issue "a blanket prohibition against the use of collateral source evidence" because Louisiana law permits the introduction of collateral source evidence in certain circumstances.[46]

The Court must analyze the *specific* nature of the received income or funds to determine whether the collateral source rule excludes such income or funds.[47] For instance, evidence of some insurance payments is inadmissible under the collateral source rule,[48] but payments concerning "attorney-negotiated write-offs or discounts" are not excluded by the collateral source rule.[49]

---

[41] *Id.* at 204.

[42] *Id.*

[43] *Id.*

[44] Rec. Doc. 54-1 at 1.

[45] Rec. Doc. 155 at 2.

[46] *Id.* at 3.

[47] *See e.g., Bozeman*, 879 So. 2d at 698; *Hoffman*, 209 So. 3d at 706; *Simmons*, 282 So. 3d at 204.

[48] *Bozeman*, 879 So. 2d at 698.

[49] *Hoffman*, 209 So. 3d at 706.

The Avondale Interests have not specified what collateral source payments they intend to introduce at trial or explained how any collateral source evidence would fall within an exception to the collateral source rule. Therefore, the Court excludes any collateral source evidence to the extent it does not fall within an exception to the collateral source rule. If any defendant believes that collateral source evidence is admissible under an exception to the collateral source rule, they may raise this issue at trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion in Limine to Exclude Questions or Comments Concerning Collateral Sources of Income or Payments"[50] is **GRANTED**. The Court excludes any collateral source evidence to the extent it does not fall within an exception to the collateral source rule. If any defendant believes that collateral source evidence is admissible under an exception to that rule, they may raise this issue at trial.

**NEW ORLEANS, LOUISIANA,** this __17th__ day of September, 2020.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

---

[50] Rec. Doc. 54.