UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendants Huntington Ingalls Incorporated ("Avondale"), Albert L. Bossier Jr. ("Bossier"), and Lamorak Insurance Company's ("Lamorak") (collectively, the "Avondale Interests") "Motion in Limine to Prohibit References at Trial to Insurance and/or Ability to Pay."[2] Numerous Defendants join

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 65.

1

the motion.[3] Plaintiffs oppose the motion in limine.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

## I. Background

In this litigation, Plaintiffs allege that Mr. Dempster was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Mr. Dempster was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Mr. Dempster breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[8] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[10]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending

---

[3] Rec. Docs. 57, 175, 177.

[4] Rec. Doc. 141.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.* at 2–3.

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 26, 2020, the Avondale Interests filed the instant motion in limine.[15] Numerous Defendants join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[18]

## II. Parties' Arguments

### A.     *The Avondale Interests' Arguments in Support of the Motion*

The Avondale Interests move the Court to issue an order prohibiting references to: (1) any insurance covering these defendants for any alleged liability in this matter; and (2) the defendants' ability to pay a potential judgment.[19] The Avondale Interests assert that evidence of insurance is

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 65.

[16] Rec. Docs. 57, 175, 177.

[17] Rec. Doc. 141.

[18] Rec. Doc. 225.

[19] Rec. Doc. 65-1 at 1.

3

inadmissible when such evidence has no purpose other than to establish negligence or to unfairly prejudice the jury.[20] The Avondale Interests contend that the only purpose for any reference to insurance coverage in this case would be to influence the jury to inflate the award or to find liability as to the Avondale Interests so as to increase the sources of payments for the award.[21]

B.     *Plaintiffs' Arguments in Opposition to the Motion*

In opposition, Plaintiffs argue that the motion is vague, overly broad, and premature.[22] Plaintiffs note that they assert direct action claims under Louisiana Revised Statute § 22:1269 (the "Louisiana Direct Action Statute") against Berkshire Hathaway Specialty Insurance Company, First State Insurance Company, Houston General Insurance Company, Lamorak Insurance Company, Liberty Mutual Insurance Company, the Travelers Indemnity Company, and United States Fidelity and Guaranty Company.[23] Plaintiffs note that they are also alleging that certain defendants are professional vendors, which requires a showing of the size, volume, and merchandising practices of the companies.[24] Additionally, Plaintiffs note that they are seeking punitive damages against certain defendants, including the Avondale Interests.[25] Thus, Plaintiffs assert that an order prohibiting references to insurance coverage and/or ability to pay, would effectively prohibit Plaintiffs from presenting their case.[26]

---

[20] *Id.*

[21] *Id.* at 3–4.

[22] Rec. Doc. 141 at 1.

[23] *Id.* at 2.

[24] *Id.*

[25] *Id.*

[26] *Id.*

### III. Legal Standard

Federal Rule of Evidence 411 provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Rule 411 rests on two premises. "The first is the belief that insurance coverage reveals little about the likelihood that one will act carelessly. . . . Thus, the relevance of the evidence of coverage is doubtful."[27] The second is a "concern that the evidence would be prejudicial—that the mention of insurance invites higher awards than are justified, and conversely, that the sympathy that a jury might feel for an uninsured defendant who must pay out of his own pocket could interfere with its evaluation of the evidence under the appropriate standard of proof."[28]

### IV. Analysis

The Avondale Interests move the Court to issue an order prohibiting references to: (1) any insurance covering these defendants for any alleged liability in this matter; and (2) the defendants' ability to pay a potential judgment.[29] The Court addresses each of these issues in turn.

#### A.   *References to Insurance Coverage*

The Avondale Interests contend that evidence regarding insurance coverage should be excluded because the only purpose for any such references would be to influence the jury to inflate the award or to find liability as to the Avondale Interests so as to increase the sources of payments for the award.[30] In opposition, Plaintiffs note that they are bringing direct action claims

---

[27] *Insurance against liability as proof of negligence*, 1 McCormick On Evid. § 201 (8th ed.)

[28] *Id.*

[29] Rec. Doc. 65-1 at 1.

[30] *Id.* at 3–4.

against numerous insurance companies.[31]

In *Reed v. General Motors Corporation*, the Fifth Circuit considered Rule 411 in a case where an insurance company was named as a defendant.[32] The Fifth Circuit stated that the fact that each party was insured had "independent, substantive evidentiary relevance."[33] However, the Fifth Circuit determined that the limits of coverage should have been excluded pursuant to Rule 411 because it was not relevant to any issue in the case.[34]

In this litigation, Plaintiffs bring direct action claims under the Louisiana Direct Action Statute against Berkshire Hathaway Specialty Insurance Company, First State Insurance Company, Houston General Insurance Company, Lamorak Insurance Company, Liberty Mutual Insurance Company, the Travelers Indemnity Company, and United States Fidelity and Guaranty Company.[35] The Louisiana "Direct Action Statute affords a victim the right to sue the insurer directly when the liability policy covers a certain risk."[36] Like in *Reed*, the fact that certain parties were insured has independent, substantive evidentiary relevance. However, Plaintiffs have not provided any reason why the limits of coverage should be admitted in this case. Accordingly, the Court excludes any references to the limits of coverage provided by the insurance policies at issue in this case.

---

[31] Rec. Doc. 141 at 2.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] Rec. Doc. 1-2 at 5.

[36] *Soileau v. Smith True Value & Rental*, 2012-1711 (La. 8/30/2013); 144 So. 3d 771, 780.

B.   *References to Ability to Pay a Judgment*

The Avondale Interests also move the Court to issue an order excluding references to the defendants' ability to pay a potential judgment.[37] In opposition, Plaintiffs note that they are also alleging that certain defendants are professional vendors, which requires a showing of the size, volume, and merchandising practices of the companies.[38] Additionally, Plaintiffs note that they are seeking punitive damages against certain defendants, including the Avondale Interests.[39] Thus, Plaintiffs assert that an order prohibiting references to insurance coverage and/or ability to pay, would effectively prohibit Plaintiffs from presenting their case.[40]

Plaintiffs bring claims against certain defendants as professional vendors.[41] The Louisiana Supreme Court adopted the "professional vendor" theory of liability in *Chappuis v. Sears Roebuck & Co.*[42] Under this theory of liability, the professional vendor can be held liable for the same conduct as a manufacturer.[43] To prevail against a professional vendor of asbestos-containing products, a plaintiff must show: (1) the defendant held the products out to the public as its own, and (2) the size, volume, and merchandising practices of the defendant bring it within the class of professional vendors, who are presumed to know of the defects in their wares, size, volume,

---

[37] Rec. Doc. 65-1 at 1.

[38] Rec. Doc. 141 at 2.

[39] *Id.*

[40] *Id.*

[41] Rec. Doc. 1-2 at 21–23.

[42] *Hoerner v. ANCO Insulations, Inc.*, 2000-2333 (La. App. 4 Cir. 1/23/02), 812 So. 2d 45, 59 (citing *Chappuis v. Sears Roebuck & Co.*, 358 So. 2d 926 (La. 1978)).

[43] *Id.*

and merchandising practices.[44]

Additionally, Plaintiffs request punitive damages against several defendants, including the Avondale Interests.[45] Evidence of a defendant's financial worth and ability to pay may be admissible for the purpose of evaluating the amount of punitive damages that should be awarded.[46] Therefore, the Court denies the Avondale Interests' request that the Court exclude all references to the defendants' ability to pay. Such evidence may be relevant to several issues in this case. However, Plaintiffs are cautioned that any such evidence should not be used to incite sympathy or inflame the jury. The Avondale Interests may raise this issue again at trial, if necessary.

Accordingly,

---

[44] *Id.* at 60.

[45] Rec. Doc. 1-8 at 3.

[46] *U.S. E.E.O.C. v. Denham Springs Pub. Co.*, No. 10-614, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012). *See also Wooley v. Lucksinger*, 2009-0571 (La. 4/1/11), 61 So. 3d 507, 635.

**IT IS HEREBY ORDERED** that Defendants' "Motion in Limine to Prohibit References at Trial to Insurance and/or Ability to Pay"[47] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that it requests exclusion of any references to the limits of coverage provided by the insurance policies at issue in this case. The motion in **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this 21st day of September, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[47] Rec. Doc. 65.