UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendants Avondale, Albert L. Bossier Jr. ("Bossier"), and Lamorak Insurance Company's ("Lamorak") (collectively, the "Avondale Interests") "Motion in Limine to Require Plaintiffs to Disclose all

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

1

Settlements."[2] Numerous Defendants join the motion.[3] Plaintiffs oppose the motion.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

## I. Background

In this litigation, Plaintiffs allege that Mr. Dempster was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Mr. Dempster was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Mr. Dempster breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[8] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[10]

---

[2] Rec. Doc. 66.

[3] Rec. Docs. 57, 78, 79, 83, 175, 177.

[4] Rec. Doc. 136.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.* at 2–3.

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 26, 2020, the Avondale Interests filed the instant motion in limine.[15] Numerous Defendants join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On March 23, 2020, the Avondale Interests, with leave of Court, filed a reply brief in further support of the motion.[18] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[19]

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 66.

[16] Rec. Docs. 57, 78, 79, 83, 175, 177.

[17] Rec. Doc. 136.

[18] Rec. Doc. 167.

[19] Rec. Doc. 225.

## II. Parties' Arguments

*A.     The Avondale Interests' Arguments in Support of the Motion*

In the motion, the Avondale Interests request an order "compelling the plaintiffs to disclose their (1) settlements with bankruptcy trusts and claims facilities; (2) settlements with all parties to this case; and (3) settlements with any non-parties whether those settlements occurred prior to or during the trial."[20] The Avondale Interests assert that if a party settles prior to trial, the other defendants will receive a virile share credit for proving that party's liability at trial.[21] Therefore, the Avondale Interests argue it is critical to know the status of settlements prior to and during trial, and to know the specific identity of all released entities.[22]

The Avondale Interests note that once the trial has begun, discovery will be closed.[23] Thus, the Avondale Interests contend that nothing short of an order from this Court will guarantee that the parties to this matter are kept abreast of settlements as they might occur.[24] Accordingly, the Avondale Interests request that the Court order Plaintiffs to disclose all parties with whom they have settled and to reveal whether those settlements have been finalized or reduced to writing.[25]

*B.     Plaintiffs' Arguments in Opposition to the Motion*

As an initial matter, Plaintiffs note that the Avondale Interest' motion is not evidentiary, but it is more akin to a discovery motion.[26] To the extent that this motion is seeking only the

---

[20] Rec. Doc. 66-1 at 1.

[21] *Id.* (citing *Romano v. Metro. Life Ins. Co.*, 2016-0954 (La. App. 4 Cir. 5/24/17), 221 So. 3d 176, 181).

[22] *Id.*

[23] *Id.* at 2.

[24] *Id.*

[25] *Id.*

[26] Rec. Doc. 136 at 2.

identities of those parties with whom Plaintiffs have settled since the inception of the instant action, Plaintiffs state that they have no objection to identifying those parties with whom they have settled.[27] However, Plaintiffs argue that evidence regarding the settlements is inadmissible under Federal Rule of Evidence 408.[28] While Plaintiffs contend that evidence regarding settlements is inadmissible, Plaintiffs state that they have and will continue to disclose the identities of those parties with whom they have reached a settlement agreement in the case at bar.[29]

### C.     *The Avondale Interests' Arguments in Further Support of the Motion*

In reply, the Avondale Interests argue that Rule 408 does not provide a blanket prohibition against the production of settlement-related evidence.[30] The Avondale Interests note that Rule 408 allows the introduction of settlement agreements when offered for reasons other than to prove liability.[31] In this case, the Avondale Interests assert that they do not seek to offer the settlements "to prove or disprove the validity or amount of a disputed claim"[32] Instead, the Avondale Interests contend that they merely seek to offer the fact of a particular settlement so as to establish the necessary basis for virile shares.[33] Moreover, the Avondale Interests state that the settlement documents will not be published to the jury; rather, the documents would be placed into evidence

---

[27] *Id.*

[28] *Id.* at 3.

[29] *Id.* at 8.

[30] Rec. Doc. 167 at 2.

[31] *Id.*

[32] *Id.*

[33] *Id.*

without the jury's knowledge of those agreements.[34]

### III. Legal Standard

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[35] Rule 408 prohibits evidence of compromise negotiations, as well as conduct or statements made during compromise negotiations, from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[36] However, such evidence is admissible to show the bias or prejudice of a witness.[37] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible to reduce a jury's confusion about absent defendants.[38] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[39]

### IV. Analysis

In the motion, the Avondale Interests request an order "compelling the plaintiffs to disclose their (1) settlements with bankruptcy trusts and claims facilities; (2) settlements with all parties to this case; and (3) settlements with any non-parties whether those settlements occurred prior to or during the trial."[40] The instant motion is not evidentiary in nature. Instead, the motion seeks an order compelling production of certain information and documents. Discovery in the

---

[34] *Id.*

[35] Fed. R. Evid. 408.

[36] Fed. R. Evid. 408(a)(1).

[37] Fed. R. Evid. 408(b).

[38] *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014).

[39] *Branch v. Fid. & Cas. Co. of New York*, 783 F.2d 1289, 1294 (5th Cir. 1986).

[40] Rec. Doc. 66-1 at 1.

above-captioned matter is closed,[41] and no party has moved to reopen discovery. Nevertheless, to the extent that this motion is seeking the identities of those parties with whom Plaintiffs have settled since the inception of the instant action, Plaintiffs state that they have no objection to identifying those parties with whom they have settled.[42]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion in Limine to Require Plaintiffs to Disclose all Settlements"[43] is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** to the extent Plaintiffs will disclose the identities of those parties with whom Plaintiffs have settled since the inception of the instant action. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this   21st   day of September, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[41] *See* Rec. Doc. 24. The parties agreed not to reopen discovery because this case was removed to federal court only a few days before the scheduled trial in state court.

[42] Rec. Doc. 136 at 2.

[43] Rec. Doc. 66.