## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendants Huntington Ingalls Incorporated ("Avondale"), Albert L. Bossier Jr. ("Bossier"), and Lamorak Insurance Company's ("Lamorak") (collectively, the "Avondale Interests")  "Motion in Limine to Exclude Anticipated Hearsay and Irrelevant or Prejudicial Testimony."[2] Defendants Foster

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 67.

Wheeler LLC and General Electric Company join the motion.[3] Plaintiffs oppose the motion in limine.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

In this litigation, Plaintiffs allege that Mr. Dempster was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Mr. Dempster was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Mr. Dempster breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[8] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[10]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending

---

[3] Rec. Doc. 57.

[4] Rec. Doc. 143.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.* at 2–3

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 26, 2020, the Avondale Interests filed the instant motion in limine.[15] Defendants Foster Wheeler LLC and General Electric Company join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[18]

## II. Parties' Arguments

### A.   The Avondale Interests' Arguments in Support of the Motion

The Avondale Interests move the Court to issue an order excluding certain anticipated testimony that may be offered at trial by Plaintiffs because the Avondale Interests assert such testimony is inadmissible hearsay evidence, not based upon personal knowledge, and irrelevant,

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 65.

[16] Rec. Doc. 57.

[17] Rec. Doc. 143.

[18] Rec. Doc. 225.

inflammatory and unduly prejudicial.[19] Specifically, the Avondale Interests assert that during her deposition Plaintiff Tanna Faye Dempster testified regarding several comments Decedent allegedly made about Defendant Albert L. Bossier, Jr. being a difficult boss.[20] The Avondale Interests contend that this anticipated testimony is inadmissible hearsay evidence, which is not based on personal knowledge.[21] Additionally, the Avondale Interests argue that this anticipated testimony is irrelevant or, in the alternative, any probative value of the evidence is substantially outweighed by the danger of unfair prejudice.[22]

**B.    *Plaintiffs' Arguments in Opposition to the Motion***

In opposition, Plaintiffs argue that the motion is premature.[23] Plaintiffs assert that a ruling on the motion should be deferred until a party seeks to introduce specific evidence so that questions of foundation, competency, relevancy, and judicial prejudice may be weighed in the proper context with regard to the specific evidence sought to be admitted.[24] Plaintiffs contend that Tanna Faye Dempster's anticipated testimony falls under the exceptions to the rule against hearsay set forth in Federal Rule of Evidence 803(19) and 803(21).[25] Additionally, Plaintiffs assert that this evidence is relevant to the core issue in this litigation—the work conditions Decedent was exposed to at Avondale.[26] Furthermore, Plaintiffs assert that the anticipated

---

[19] Rec. Doc. 67-1 at 1.

[20] *Id.* at 2.

[21] *Id.* at 2–3.

[22] *Id.* at 3–4.

[23] Rec. Doc. 143 at 2.

[24] *Id.*

[25] *Id.* at 3–4.

[26] *Id.* at 4.

testimony does not create the risk of unfair prejudice to warrant exclusion.[27]

## III. Legal Standard

### A.    *Relevancy and Prejudice*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[28] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[29]

### B.    *Hearsay*

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[30] Hearsay is not admissible

---

[27] *Id.*

[28] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[29] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[30] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's

unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[31] After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule.[32]

## IV. Analysis

The Avondale Interests move the Court to issue an order excluding certain anticipated testimony that may be offered at trial by Plaintiffs because the Avondale Interests assert such testimony is inadmissible hearsay evidence, not based upon personal knowledge, and irrelevant, inflammatory and unduly prejudicial.[33] The Avondale Interests move the Court to exclude testimony concerning any statements or stories told to Plaintiffs by Decedent regarding his work at Avondale and interactions with Albert L. Bossier, Jr.[34] Specifically, the Avondale Interests point to testimony presented by Plaintiff Tanna Faye Dempster during her deposition regarding several comments Decedent allegedly made about Defendant Albert L. Bossier, Jr. being a difficult boss.[35]

---

statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[31] Fed. R. Evid. 802.

[32] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

[33] Rec. Doc. 67-1 at 1.

[34] *Id.* at 4.

[35] *Id.* at 2.

Plaintiffs do not dispute that Tanna Faye Dempster's anticipated testimony is hearsay. Plaintiffs, as the proponents of evidence, bear the burden to show that the statements fall within an exception to the hearsay rule.[36] Plaintiffs contend that Tanna Faye Dempster's anticipated testimony falls under the exceptions to the rule against hearsay set forth in Federal Rule of Evidence 803(19) and 803(21).[37]

Federal Rule of Evidence 803(19) provides an exception to the rule against hearsay for reputation evidence concerning personal or family history. Rule 803(19) provides that evidence concerning "reputation among a person's family by blood, adoption, or marriage—or among a person's associates or in the community—concerning the person's birth, adoption, legitimacy, ancestry, marriage, divorce, death, relationship by blood, adoption, or marriage, or similar facts of personal or family history" is not excluded by the rule against hearsay. Tanna Faye Dempster's anticipated testimony regarding statements Decedent made about his experiences with Albert L. Bossier, Jr. clearly does not fall within this exception. This testimony does not relate to Bossier's birth, adoption, legitimacy, ancestry, marriage, divorce, death, relationship by blood, adoption, or marriage, or similar facts of personal or family history.

Rule 803(21) provides an exception to the rule against hearsay for reputation evidence concerning a person's character. Rule 803(21) provides that evidence concerning "reputation among a person's associates or in the community concerning the person's character" is not excluded by the rule against hearsay. Plaintiffs do not cite to a single case, and the Court has found none, where being a "difficult boss" has been recognized as a proper character trait falling within the Rule 803(21) hearsay exception. Even if being a "difficult boss" were proper character

---

[36] *See Loomis*, 150 F. Supp. 3d at 742–43.

[37] Rec. Doc. 143 at 3–4.

trait evidence, Federal Rule of Evidence 404(a)(1) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Plaintiffs assert that this evidence is relevant to the core issue in this litigation—the work conditions Decedent was exposed to at Avondale.[38] The hearsay statements are clearly inadmissible for this purpose because Plaintiffs attempt to use them as evidence to show that Bossier being a "difficult boss" caused Decedent to be exposed to harmful working conditions at Avondale. Such use of character trait evidence is barred by Rule 404(a)(1). Other witnesses with personal knowledge of the working conditions at Avondale would be better suited to offer any testimony regarding those conditions at trial.

Accordingly,

**IT IS HEREBY ORDERED** that the Avondale Interests' "Motion in Limine to Exclude Anticipated Hearsay and Irrelevant or Prejudicial Testimony"[39] is **GRANTED.** Hearsay testimony regarding statements or stories told to Plaintiffs by Decedent regarding his work at Avondale and interactions with Albert L. Bossier, Jr. is excluded.

**NEW ORLEANS, LOUISIANA,** this ___21st___ day of September, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[38] Rec. Doc. 143 at 4.

[39] Rec. Doc. 67.