UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"(1)** |

### ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendants Huntington Ingalls Incorporated ("Avondale"), Albert L. Bossier Jr. ("Bossier"), and Lamorak Insurance Company's ("Lamorak") (collectively, the "Avondale Interests") "Motion in Limine to Establish Admissibility of Liberty Mutual Insurance Policy Documents."[2] Defendants Foster

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 68.

1

Wheeler, LLC and General Electric join the motion.[3] Plaintiffs oppose the motion in limine.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

In this litigation, Plaintiffs allege that Mr. Dempster was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Mr. Dempster was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Mr. Dempster breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[8] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[10]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending

---

[3] Rec. Doc. 57.

[4] Rec. Doc. 144.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.* at 2–3.

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 26, 2020, the Avondale Interests filed the instant motion in limine.[15] Defendants Foster Wheeler, LLC and General Electric join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On April 6, 2020, the Avondale Interests, with leave of Court, filed a reply brief in further support of the motion.[18] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[19]

## II. Parties' Arguments

### A.   *The Avondale Interests' Arguments in Support of the Motion*

The Avondale Interests move the Court to issue an order ruling that insurance policy documents produced by Liberty Mutual Insurance Company ("Liberty Mutual") are: (1) authentic

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 68.

[16] Rec. Doc. 57.

[17] Rec. Doc. 144.

[18] Rec. Doc. 194.

[19] Rec. Doc. 225.

within the meaning of Federal Rule of Evidence 901; (2) admissible as business records and/or as ancient documents under Federal Rule of Evidence 803(6) and 803(16); (3) true and correct photographic duplicates of originals that have been lost or destroyed with the passage of time, and may be used in lieu of, and to the same extent as, the originals pursuant to Federal Rule of Evidence 1003; and (4) admissible into evidence at trial to the extent that they are relevant.[20]

The Avondale Interests contend that the documents are a copy of insurance policies issued by Liberty Mutual to Wayne Manufacturing Corporation ("Wayne Manufacturing") between March 1, 1964 and January 1, 1988, subject to the terms, conditions, limits, and exclusions set forth in the policies.[21] According to the Avondale Interests, the documents will be offered into evidence only to establish that Liberty Mutual issued the policies to Wayne Manufacturing, subject to the terms, conditions, limits, and exclusions that are set forth in the policy.[22] The Avondale Interests contend that this is a narrow, collateral issue that will be decided by the Court, and not by the jury.[23] The Avondale Interests state that the jury will never see these documents.[24]

The Avondale Interests state that they are only seeking to establish the threshold admissibility of the identified policies of insurance under the authenticity, hearsay, and original writing provisions of the Federal Rules of Evidence.[25] The Avondale Interests argue that the Court should give effect to stipulations Liberty Mutual made regarding the documents.[26] Therein,

---

[20] Rec. Doc. 68 at 1.

[21] Rec. Doc. 68-1 at 2.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* at 3.

Liberty Mutual stipulates: (1) the documents appear to be true and correct duplicates of original policies that Liberty Mutual issued in the normal course of business; (2) Liberty Mutual does not dispute that the documents are true and correct photographic duplicates of the originals; (3) the original documents were lost or destroyed over time; and (4) the originals were authentic records of Liberty Mutual.[27]

B.     *Plaintiffs' Arguments in Opposition to the Motion*

In opposition, Plaintiffs argue that the motion is vague, overly broad, and premature.[28] Plaintiffs contend that the motion should be denied for two reasons: (1) the stipulations of Liberty Mutual are not binding on Plaintiffs; and (2) the documents are unauthenticated and constitute inadmissible hearsay.[29]

First, Plaintiffs contend that the Avondale Interests are seeking to enforce the stipulations against Plaintiffs, who were never parties to the stipulations.[30] According to Plaintiffs, "[i]f the Avondale Interests' arguments were true . . . the plaintiffs would be able to create their own stipulations with settled defendants to the effect that no settled defendant caused the injuries at issue in this case, thus precluding a non-settling defendant from obtaining a virile share reduction."[31] Plaintiffs assert that this cannot be the case, and instead the Avondale Interests "are required to establish the admissibility of the documents they will introduce into evidence just as

---

[27] Rec. Doc. 68-2.

[28] Rec. Doc. 144 at 1.

[29] *Id.*

[30] *Id.* at 3.

[31] *Id.*

any other litigant is required to establish such admissibility."[32]

Second, Plaintiffs contend that the Liberty Mutual documents are unauthenticated and inadmissible hearsay.[33] Plaintiffs assert that the stipulations are not binding on Plaintiffs and does not show that the insurance policies are authentic and admissible as duplicates.[34] Plaintiffs contend that the stipulations were entered by Liberty Mutual's attorney in this litigation, not a witness, and the attorney did not state that she is the custodian of records for Liberty Mutual.[35] Plaintiffs also argue that the documents are not self-authenticating, and the Avondale Interests have not presented evidence sufficient to support a finding that the documents are what they claim to be.[36]

Next, Plaintiffs assert that the Avondale Interests have not shown that the documents fall within an exception to the rule against hearsay.[37] Plaintiffs contend that the Avondale Interests have failed to meet the requirements of Rule 803(6) as they have not presented testimony of the custodian of records or another qualified witness.[38] Furthermore, Plaintiffs argue that the source of the information indicates a lack of trustworthiness, as the documents in question were produced in unrelated cases and the Avondale Interests are attempting to have the documents admitted without actually providing testimony or other evidence required to authenticate said documents.[39]

---

[32] *Id.*

[33] *Id.* at 4.

[34] *Id.*

[35] *Id.*

[36] *Id.* at 5.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 6.

Plaintiffs also argue that the documents do not fall under the exception found at Rule 803(16) because the authenticity of the documents has not be established.[40]

To the extent the Avondale Interests argue that they should be allowed to utilize copies of the insurance policies under Federal Rule of Evidence 1003 because the originals were lost, Plaintiffs contend that the Avondale Interests fail to attach any testimony from a witness with knowledge to the fact that the originals were indeed lost.[41]

### C.     *The Avondale Interests' Arguments in Further Support of the Motion*

In reply, the Avondale Interests clarify that they are only seeking to establish the threshold admissibility of the 29 identified policies of insurance under the authenticity, hearsay, and original writing provisions of the Federal Rules of Evidence.[42] The Avondale Interests state that they are not seeking an adjudication on the liability of Wayne Manufacturing or of Liberty Mutual.[43] The Avondale Interests also state that they are not seeking an adjudication on the relevancy of the insurance documents, and the documents will only be relevant if the liability of Wayne Manufacturing is established at trial.[44]

The Avondale Interests assert that Plaintiffs' argument that the insurance documents are somehow offered "against" them is not a basis for denying the motion.[45] The Avondale Interests assert that they will only move to introduce the documents at trial "if Plaintiffs settle with Wayne,

---

[40] *Id.*

[41] *Id.*

[42] Rec. Doc. 194 at 2.

[43] *Id.*

[44] *Id.*

[45] *Id.*

and if Wayne's fault is proved at trial, and if the policies are ultimately found to provide coverage."[46] According to the Avondale Interests, if Plaintiffs are paid in full for Wayne Manufacturing's virile share of liability, all they stand to "lose" is "a windfall double recovery for Wayne's virile share of Plaintiffs' damages, once in settlement and again in judgment."[47]

The Avondale Interests note that Plaintiffs make no substantive objections to the insurance documents.[48] Instead, the Avondale Interests assert that Plaintiffs' objections are tactical and designed only "to unnecessarily multiply the burden, expense, and inconvenience of establishing" the authenticity of these documents.[49] Furthermore, the Avondale Interests assert that the stipulation is not substantive and will not have an adverse impact on any of Plaintiffs' claims and cognizable substantive rights.[50] The Avondale Interests contend that the potential reduction in recovery does not impinge on Plaintiffs' substantive rights because if Plaintiffs ultimately settle with Wayne Manufacturing and Liberty Mutual, Plaintiffs will have already been paid in full for Wayne Manufacturing's virile share of liability.[51]

Alternatively, the Avondale Interests maintain that the insurance policy documents are sufficiently authenticated, even without the stipulation.[52] The Avondale Interests assert that Plaintiffs' suggestion that there must be testimony that the documents contain distinctive characteristics which indicate that the documents are what the Avondale Interests purport them

---

[46] *Id.*

[47] *Id.* at 2–3.

[48] *Id.* at 3.

[49] *Id.*

[50] *Id.* at 6.

[51] *Id.*

[52] *Id.* at 7.

to be is contrary to the plain language of Rule 901(b)(4) and Rule 901(b)(8).[53] According to the Avondale Interests, "[e]ven the most meticulous review reveals that every distinctive, intrinsic characteristic of the documents with respect to appearance, content, dates, parties, corporate logos, printed policy provision forms, and the like serves to establish beyond question that the documents are, in fact, exactly what they appear to be."[54] Moreover, the Avondale Interests assert that documents that have been in existence for 20 years or more are presumed to be authentic in the absence of an affirmative showing sufficient to create suspicion to the contrary.[55]

Next, the Avondale Interests assert that the insurance documents are admissible under the business records exception and the ancient documents exception to the rule against hearsay.[56] Finally, the Avondale Interests contend that the duplicate copies are admissible under Rule 1003 because Plaintiffs have not raised a genuine question about the authenticity of the originals.[57]

### III. Legal Standard

*A.     Authenticating Evidence*

To authenticate "an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."[58] The Fifth Circuit "does not require conclusive proof of authenticity before allowing the admission of disputed evidence."[59]

---

[53] *Id.*

[54] *Id.*

[55] *Id.* at 8.

[56] *Id.*

[57] *Id.* at 10.

[58] Fed. R. Evid. 901(a).

[59] *Daneshjou v. JPMorgan Chase Bank, N.A.*, 799 F. App'x 296, 298 (5th Cir. 2020) (internal citations omitted).

Instead, Rule 901(a) merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be."[60] Rule 901(b) sets forth a non-exhaustive list of evidence that satisfied the authenticity requirement, including the following:

> **(1) Testimony of a Witness with Knowledge.** Testimony that an item is what it is claimed to be.
> **(2) Nonexpert Opinion About Handwriting.** A nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation.
> **(3) Comparison by an Expert Witness or the Trier of Fact.** A comparison with an authenticated specimen by an expert witness or the trier of fact.
> **(4) Distinctive Characteristics and the Like.** The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.
> **(5) Opinion About a Voice.** An opinion identifying a person's voice — whether heard firsthand or through mechanical or electronic transmission or recording — based on hearing the voice at any time under circumstances that connect it with the alleged speaker.
> **(6) Evidence About a Telephone Conversation.** For a telephone conversation, evidence that a call was made to the number assigned at the time to:
> > (A) a particular person, if circumstances, including self-identification, show that the person answering was the one called; or
> > (B) a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.
> **(7) Evidence About Public Records.** Evidence that:
> > (A) a document was recorded or filed in a public office as authorized by law; or
> > (B) a purported public record or statement is from the office where items of this kind are kept.
> **(8) Evidence About Ancient Documents or Data Compilations.** For a document or data compilation, evidence that it:
> > (A) is in a condition that creates no suspicion about its authenticity;
> > (B) was in a place where, if authentic, it would likely be; and
> > (C) is at least 20 years old when offered.
> **(9) Evidence About a Process or System.** Evidence describing a process or system and showing that it produces an accurate result.
> **(10) Methods Provided by a Statute or Rule.** Any method of authentication or identification allowed by a federal statute or a rule prescribed by the Supreme Court.

---

[60] *Id.*

*B.     Hearsay*

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[61] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[62] After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule.[63]

### IV. Analysis

The Avondale Interests move the Court to issue an order ruling that insurance policy documents produced by Liberty Mutual are: (1) authentic within the meaning of Federal Rule of Evidence 901; (2) admissible as business records and/or as ancient documents under Federal Rule of Evidence 803(6) and 803(16); (3) true and correct photographic duplicates of originals that have been lost or destroyed with the passage of time, and may be used in lieu of, and to the same extent as, the originals pursuant to Federal Rule of Evidence 1003; and (4) admissible into

---

[61] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[62] Fed. R. Evid. 802.

[63] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

evidence at trial to the extent that they are relevant.[64] Plaintiffs contend that the motion should be denied for two reasons: (1) the stipulations of Liberty Mutual are not binding on Plaintiffs; and (2) the documents are unauthenticated and constitute inadmissible hearsay.[65]

The Court need not address Plaintiffs' arguments regarding the stipulations because the Avondale Interests have produced sufficient evidence to show that the insurance documents are what the Avondale Interests claim them to be. Pursuant to Rule 901(b)(4), a document may be authenticated based on its "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." The documents at issue here bear the Liberty Mutual logo and describe policies of insurance between Liberty Mutual and Wayne Manufacturing or between Liberty Mutual and the Hopeman Brothers (the parent company of Wayne Manufacturing). Pursuant to Rule 901(b)(8), an ancient document is considered authentic if: "(A) is in a condition that creates no suspicion about its authenticity; (B) was in a place where, if authentic, it would likely be; and (C) is at least 20 years old when offered."[66] The insurance policies at issue here are in a condition that creates no suspicion about authenticity, were produced by the agent for Liberty Mutual, and are over 30 years old. Therefore, the Avondale Interests have produced evidence sufficient to support a finding that the insurance documents are authentic. Plaintiffs do not raise any genuine issue as to the authenticity of these documents. Accordingly, the Court concludes that the Avondale Interests have shown the authenticity of the insurance documents.

Additionally, these documents are admissible under an exception to the hearsay rule.

---

[64] Rec. Doc. 68 at 1.

[65] Rec. Doc. 144.

[66] *See* Fed. R. Evid. 901(b)(8).

Federal Rule of Evidence 803(16) provides that a "statement in a document that is at least 20 years old and whose authenticity is established" is admissible. Therefore, the documents at issue here are not barred by the rule against hearsay.

Finally, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."[67] Plaintiffs have not raised a genuine question about the authenticity of the original documents or shown that it would be unfair to admit the duplicates. Therefore, the Court finds that the Liberty Mutual insurance policy documents are admissible into evidence at trial to the extent that they are relevant.

Accordingly,

**IT IS HEREBY ORDERED** that the Avondale Interests' "Motion in Limine to Establish Admissibility of Liberty Mutual Insurance Policy Documents"[68] is **GRANTED**. The Liberty Mutual insurance policy documents are admissible into evidence at trial to the extent that they are relevant.

**NEW ORLEANS, LOUISIANA,** this  21st  day of September, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[67] *See* Fed. R. Evid. 1003.

[68] Rec. Doc. 68.