UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CALLEN DEMPSTER et al.**                               **CIVIL ACTION**

**VERSUS**                                               **NO. 20-95**

**LAMORAK INSURANCE CO. et al.**                         **SECTION: "G"(1)**

## ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendants Huntington Ingalls Incorporated ("Avondale"), Albert L. Bossier Jr. ("Bossier"), and Lamorak Insurance Company's ("Lamorak") (collectively, the "Avondale Interests")  "Motion in Limine to Prohibit References to Labor Union Activities."[2] Defendants Foster Wheeler, LLC and General

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 69.

1

Electric join the motion.³ Plaintiffs oppose the motion in limine.⁴ Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## **I. Background**

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.⁵ During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.⁶ Plaintiffs assert strict liability and negligence claims against various Defendants.⁷

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.⁸ Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.⁹ On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.¹⁰

Decedent passed away on November 24, 2018, and a First Supplemental and Amending

---

³ Rec. Doc. 57.

⁴ Rec. Doc. 142.

⁵ Rec. Doc. 1-2 at 5.

⁶ *Id.*

⁷ *Id.* at 7–8.

⁸ *Id.* at 2–3.

⁹ Case No. 18-6158, Rec. Doc. 1 at 2.

¹⁰ Case No. 18-6158, Rec. Doc. 89.

Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 26, 2020, the Avondale Interests filed the instant motion in limine.[15] Defendants Foster Wheeler, LLC and General Electric join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On April 6, 2020, Defendants, with leave of Court, filed a reply brief in further support of the motion.[18] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[19]

## II. Parties' Arguments

### A.   *The Avondale Interests' Arguments in Support of the Motion*

The Avondale Interests move the Court to exclude any evidence regarding labor union

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 69.

[16] Rec. Doc. 57.

[17] Rec. Doc. 142.

[18] Rec. Doc. 192.

[19] Rec. Doc. 225.

3

activities at Avondale.[20] According to the Avondale Interests, the issue of whether Avondale was unionized or not has no bearing on the outcome of this litigation, because Plaintiffs cannot show any correlation between safety and unionization.[21] Therefore, the Avondale Interests assert that any reference to whether Avondale was unionized is wholly irrelevant.[22]

Additionally, the Avondale Interests contend that some members of society, including potential jurors, maintain preconceived notions regarding union activity.[23] Therefore, even if evidence of union activity would be relevant, the Avondale Interests assert it should be excluded on the basis that any probative value is greatly outweighed by the danger of the unfair prejudice and misleading the jury.[24] Finally, the Avondale Interests argue that the introduction of evidence regarding union activity would also constitute an inappropriate attempt to use character evidence to prove that Avondale acted wrongly in this case.[25]

### B.     *Plaintiffs' Arguments in Opposition to the Motion*

Plaintiffs assert that the motion should be denied because it is premature and overly broad.[26] Plaintiffs contend that certain newspaper articles referencing union activities at Avondale are admissible under Federal Rule of Evidence 902.[27] Furthermore, Plaintiffs assert that "evidence of other acts performed by a defendant, preceding or subsequent to an incident, are relevant to

---

[20] Rec. Doc. 69-1 at 1.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 2.

[24] *Id.*

[25] *Id.*

[26] Rec. Doc. 142 at 1.

[27] *Id.* at 2–3.

show knowledge of the defendant at the time of the incident."[28] Because it is impossible to determine exactly what evidence the Avondale Interests seek to exclude, Plaintiffs argue that the motion in limine should be denied and deferred until trial.[29]

C.   *The Avondale Interests' Arguments in Further Support of the Motion*

In reply, the Avondale Interests clarify that they are seeking "to prohibit Plaintiffs and all other parties from making any reference to, soliciting testimony about, or introducing evidence regarding whether Avondale was unionized at any time."[30] The Avondale Interests contend that this evidence has no bearing on whether Avondale breached a duty owed to Decedent.[31] Furthermore, the Avondale Interests argue that such evidence would be highly prejudicial given the likelihood that jurors may possess preconceived notions about unionization.[32] Finally, the Avondale Interests maintain that evidence of labor union activities is specifically prohibited under Articles 404 of the Federal Rules of Evidence, relating to character evidence.[33]

The Avondale Interests contend that Plaintiffs failed to show why evidence of union activity at Avondale should be admissible in this case.[34] The Avondale Interests assert that Plaintiffs' argument regarding that newspaper articles referencing unionization at Avondale are admissible under Federal Rule of Evidence 902 is unavailing.[35] The Avondale Interests note that

---

[28] *Id.* at 3.

[29] *Id.* at 2.

[30] Rec. Doc. 192 at 1–2.

[31] *Id.* at 2.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 3.

[35] *Id.*

5

Rule 902 has nothing to do with the admissibility of evidence, and instead merely sets forth instances in which certain evidence may be self-authenticating.[36]

### III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is deemed admissible unless the United States Constitution, a federal statute, or the Federal Rules of Evidence mandate exclusion.[37]

Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "The exclusion of evidence under Rule 403 should occur only sparingly[.]"[38]

### IV. Analysis

The Avondale Interests move the Court to exclude any evidence regarding labor union activities at Avondale.[39] Specifically, the Avondale Interests are seeking "to prohibit Plaintiffs and all other parties from making any reference to, soliciting testimony about, or introducing evidence regarding whether Avondale was unionized at any time."[40]

---

[36] *Id.*

[37] Fed. R. Evid. 402.

[38] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[39] Rec. Doc. 69-1 at 1.

[40] Rec. Doc. 192 at 1–2.

In opposition, Plaintiffs argue that certain newspaper articles referencing union activities are admissible under Federal Rule of Evidence 902.[41] Rule 902 sets forth instances where evidence may be self-authenticating; it does not pertain to the relevancy of a piece of evidence for admissibility purposes.

Plaintiffs also assert that "evidence of other acts performed by a defendant, preceding or subsequent to an incident, are relevant to show knowledge of the defendant at the time of the incident."[42] Plaintiffs have not shown that evidence regarding unionization at Avondale is relevant to the central issue in this case—whether Avondale (and the other defendants) breached a duty owed to Decedent.[43] Furthermore, potential jurors may possess preconceived notions either in favor of or against unionization. Considering the limited relevancy of this evidence, the Court finds that the probative value of such evidence is substantially outweighed by a danger of unfair prejudice. Therefore, the Court excludes any evidence regarding labor union activities at Avondale.

Accordingly,

---

[41] Rec. Doc. 142 at 3.

[42] *Id.* Plaintiffs cite Federal Rule of Evidence 407. *Id.* Rule 407 provides that "evidence of subsequent remedial measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Plaintiffs provide no explanation how evidence regarding union activity at Avondale would be admissible under Rule 407.

[43] *See* Rec. Doc. 142.

**IT IS HEREBY ORDERED** that the Avondale Interests' "Motion in Limine to Prohibit References to Labor Union Activities"[44] is **GRANTED.** Evidence regarding labor union activities at Avondale is excluded.

**NEW ORLEANS, LOUISIANA,** this  21st  day of September, 2020.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[44] Rec. Doc. 69.