## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CALLEN DEMPSTER et al.**  **CIVIL ACTION**

**VERSUS**  **NO. 20-95**

**LAMORAK INSURANCE CO. et al.**  **SECTION: "G"(1)**

### ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendants Huntington Ingalls Incorporated ("Avondale"), Albert L. Bossier Jr. ("Bossier"), and Lamorak Insurance Company's ("Lamorak") (collectively, the "Avondale Interests") "Motion in Limine to Exclude Certain Anticipated Inflammatory Testimony of Dr. Stephen Terry Kraus."[2]

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 70.

1

Numerous Defendants join the motion.[3] Plaintiffs oppose the motion in limine.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

## I. Background

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[8] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[10]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending

---

[3] Rec. Docs. 57, 83, 122.

[4] Rec. Doc. 140.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.* at 2–3

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 26, 2020, the Avondale Interests filed the instant motion in limine.[15] Numerous Defendants join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[18]

## II. Parties' Arguments

### A. The Avondale Interests' Arguments in Support of the Motion

In the motion, the Avondale Interests request that the Court preclude Plaintiffs' expert witness, Dr. Stephen Kraus ("Dr. Kraus"), from presenting certain inflammatory testimony to the jury.[19] That inflammatory testimony allegedly involves the following topics: (1) comparing a

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 70.

[16] Rec. Docs. 57, 83, 122.

[17] Rec. Doc. 140.

[18] Rec. Doc. 225.

[19] Rec. Doc. 70-1 at 1.

mesothelioma patient's pain and suffering to Jesus Christ's crucifixion and (2) opining as to a defendant corporation's motivation to refrain from sinning.[20]

First, the Avondale Interests represent that Dr. Kraus previously analogized a mesothelioma patient's pain and suffering to Jesus Christ's pain and suffering on the cross in an unrelated asbestos case in 2004.[21] Specifically, Dr. Kraus stated:

> It's a hideous death. I had a patient once who had mentioned to me who was extraordinarily religious, very wise guy, he really knew how Christ had suffered because he was going through it except Christ's life was five or four days on the cross and his was for months.[22]

In the present case, the Avondale Interests argue that comparing Decedent's "pain and suffering to that of Jesus Christ" will "unnecessarily raise deeply rooted emotional and religious imagery in the jurors' minds."[23] The Avondale Interests maintain that Dr. Kraus's religious statements are "irrelevant and unduly prejudicial to the defendants."[24] The Avondale Interests request exclusion pursuant to Federal Rule of Evidence 403.[25]

Second, the Avondale Interests represent that Dr. Kraus made inflammatory statements regarding a defendant corporation's motivations in an unrelated asbestos case in 2004.[26] For instance, Dr. Kraus testified that some corporations refrain from sinning, while other corporations

---

[20] *Id.* at 2.

[21] *Id.*

[22] *Id.* (internal citation omitted).

[23] *Id.* at 3.

[24] *Id.*

[25] *See id.*

[26] *Id.* at 2.

do not sin because they fear "hell" and "punishment."[27] The Avondale Interests contend that Dr. Kraus's statements regarding "corporate sinning" are highly inflammatory and unduly prejudicial.[28] The Avondale Interests assert that any such testimony should be excluded under Federal Rule of Evidence 403.[29]

**B.    *Plaintiffs' Arguments in Opposition to the Motion***

Plaintiffs make two principal arguments in opposition to the instant motion.[30] First, Plaintiffs argue that Dr. Kraus has not made any inflammatory statements in the present case.[31] Plaintiffs contend that Dr. Kraus made the statements at issue—regarding Jesus Christ and corporate sinning—more than a decade ago.[32] Plaintiffs maintain that undersigned counsel "would never ask a witness in a jury trial to comment on religion or corporate sinning."[33]

Second, Plaintiffs argue that Dr. Kraus may analogize the Decedent's death by mesothelioma to a person's death by crucifixion.[34] Plaintiffs point to Dr. Kraus's prior testimony—comparing a death by mesothelioma to a death by crucifixion—in an unrelated asbestos case in 2001:

> You have to understand that when you have disease like this both above and below the diaphragm, which he did, and you have this ascites, the death that one experiences is very similar to a crucifixion death. In crucifixion, an individual dies

---

[27] *Id.*

[28] *Id.*

[29] *Id.* at 2–3. The Avondale Interests also state that Dr. Kraus's "opinions about the motivations of corporations are certainly outside his expertise of radiation oncology and are inadmissible." *Id.* at 2.

[30] Rec. Doc. 140.

[31] *Id.* at 2.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 4.

> because they can't use their intercostal muscles anymore and they can't breathe. So the only breathing they're doing is abdomen breathing and diaphragmatic breathing, and that's why it's so excruciating, because it's such a very slow, painful death.[35]

Plaintiffs argue that the quoted testimony above accurately compares "the long, slow[,] and suffocating death caused by crucifixion to the long, slow[,] and suffocating death caused by [mesothelioma]."[36] Plaintiffs contend that Dr. Kraus's medical analogy "accurately portrays to the jury the pain and suffering experienced by a person dying from [mesothelioma]."[37] Plaintiffs maintain that such evidence is not unfairly prejudicial.[38] Accordingly, Plaintiffs conclude that Dr. Kraus's medical analogy is both relevant and admissible under Rule 403.[39]

### III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is deemed admissible unless the United States Constitution, a federal statute, or the Federal Rules of Evidence mandate exclusion.[40]

Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

---

[35] *Id.* at 4–5 (internal citation omitted).

[36] *Id.* at 5.

[37] *Id.* at 4.

[38] *Id.*

[39] *Id.*

[40] Fed. R. Evid. 402.

presenting cumulative evidence." "The exclusion of evidence under Rule 403 should occur only sparingly[.]"[41]

## IV. Analysis

The Avondale Interests request that the Court preclude Dr. Kraus from providing inflammatory testimony pursuant to Federal Rule of Evidence 403.[42] First, the Avondale Interests request that the Court preclude Dr. Kraus from comparing Decedent's death by mesothelioma to Jesus Christ's crucifixion.[43] The Avondale Interests contend that mentioning Jesus Christ's crucifixion will "unnecessarily raise deeply rooted emotional and religious imagery in the jurors' minds."[44] Plaintiffs do not dispute that conclusion.[45]

Comparing Decedent's death to Jesus Christ's crucifixion would severely inflame the jury. The probative value of such testimony is substantially outweighed by a danger of unfair prejudice. Accordingly, the Court excludes any testimony comparing Decedent's death to Jesus Christ's crucifixion.

Nevertheless, Dr. Kraus may present testimony comparing Decedent's death to death by crucifixion. For example, Dr. Kraus provided the following testimony in 2001 when he was deposed in an unrelated case:

> You have to understand that when you have disease like this both above and below the diaphragm, which he did, and you have this ascites, the death that one experiences is very similar to a crucifixion death. In crucifixion, an individual dies because they can't use their intercostal muscles anymore and they can't breathe. So the only breathing they're doing is abdomen breathing and diaphragmatic

---

[41] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[42] Rec. Doc. 70-1.

[43] *Id.* at 2.

[44] *Id.* at 3.

[45] Rec. Doc. 140.

breathing, and that's why it's so excruciating, because it's such a very slow, painful death.[46]

The quoted testimony above, or any similar variation, is permissible. Such testimony is relevant under Rule 401 because it portrays Decedent's pain and suffering to the jury in an understandable manner. Furthermore, the probative value of such testimony is not substantially outweighed by unfair prejudice.

Second, the Avondale Interests request that the Court preclude Dr. Kraus from commenting "on why people or corporations may engage in behavior that [Dr. Kraus] considers sinful."[47] For instance, Dr. Kraus previously testified that some corporations refrain from sinning, while other corporations do not sin because they fear "hell" and "punishment."[48] The Avondale Interests contend that statements involving "corporate sinning" are highly inflammatory, unduly prejudicial, and violate Federal Rule of Evidence 403.[49] Plaintiffs do not dispute that conclusion.[50]

Testimony regarding a corporation's motivations to refrain from sinning is of very little probative value. The limited probative value of such testimony is substantially outweighed by a danger of unfair prejudice. Therefore, the Court excludes any testimony concerning a corporation's motivations to refrain from sinning.

Accordingly,

---

[46] Rec. Doc. 140-2 at 3.

[47] Rec. Doc. 140 at 3.

[48] Rec. Doc. 70-2 at 2.

[49] *Id.*

[50] Rec. Doc. 140.

**IT IS HEREBY ORDERED** that the Avondale Interests' "Motion in Limine to Exclude Certain Anticipated Inflammatory Testimony of Dr. Stephen Terry Kraus"[51] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it requests that Dr. Kraus be precluded from mentioning Jesus Christ, a corporation's motivations to refrain from sinning, or any similar religious reference. The motion in **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this _21st_ day of September, 2020.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[51] Rec. Doc. 70.

9