UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CALLEN DEMPSTER et al.**                                              **CIVIL ACTION**

**VERSUS**                                                                        **NO. 20-95**

**LAMORAK INSURANCE CO. et al.**                                **SECTION: "G"(1)**

**ORDER AND REASONS**

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendants Huntington Ingalls Incorporated ("Avondale"), Albert L. Bossier Jr. ("Bossier"), and Lamorak Insurance Company's ("Lamorak") (collectively, the "Avondale Interests") "Motion in Limine to Exclude Evidence of Asbestos-Related Illness, Hearing Loss, and Other Ailments of Non-Parties and/or Family Members."[2] Defendants Foster Wheeler, LLC and General Electric join the

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 71.

1

motion.[3] Plaintiffs oppose the motion in limine.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

## I. Background

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[8] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[10]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending

---

[3] Rec. Doc. 57.

[4] Rec. Doc. 138.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.* at 2–3.

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 26, 2020, the Avondale Interests filed the instant motion in limine.[15] Defendants Foster Wheeler, LLC and General Electric join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[18]

## II. Parties' Arguments

*A.     The Avondale Interests' Arguments in Support of the Motion*

The Avondale Interests move the Court to exclude any evidence of any asbestos-related illnesses, hearing loss, and other ailments of non-parties, including witnesses and Decedent's family members.[19] The Avondale Interests also request that the Court prohibit any references to

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 71.

[16] Rec. Doc. 57.

[17] Rec. Doc. 138.

[18] Rec. Doc. 225.

[19] Rec. Doc. 71-1 at 2.

3

expert reports and/or opinions concerning witnesses and/or family members who have allegedly been diagnosed with an asbestos-related illness.[20] The Avondale Interests assert that this evidence is irrelevant, and any potential probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and/or waste of time.[21]

B.  *Plaintiffs' Arguments in Opposition to the Motion*

Plaintiffs assert that the motion should be denied because it is premature and overly broad.[22] Plaintiffs contend that a ruling granting the Avondale Interests' motion in limine would preclude Plaintiffs from effectively cross-examining Danny Joyce, the Avondale Interests' expert.[23] According to Plaintiffs, in previous cases, counsel for the Avondale Interests has attempted to elicit testimony from Mr. Joyce that he is not aware of any cases of mesothelioma or lung cancer from Avondale that have occurred from 1930s through the time he worked at Avondale.[24] Plaintiffs contend that it would be imperative for Plaintiffs' counsel to cross-examine Mr. Joyce as to the numerous cases of mesothelioma and lung cancer involving exposure to asbestos at Avondale.[25]

Additionally, Plaintiffs assert that defendants will often cross-examine a witness who may have his own case pending for an asbestos-related disease.[26] To soften the blow of this cross-examination, Plaintiffs state that their counsel will bring out on direct examination that the

---

[20] *Id.* at 2–3.

[21] *Id.* at 2.

[22] Rec. Doc. 138 at 2.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* at 3.

witness had (or has) a case pending.[27] Plaintiffs argue they should not be precluded from eliciting such testimony if Defendants open the door during cross-examination.[28]

Plaintiffs argue that evidence regarding exposure of other individuals to asbestos at Avondale is highly relevant as it deals with exposures to asbestos on Avondale's premises, and it shows that these exposures have resulted in the development of asbestos-related diseases in those persons exposed to asbestos at Avondale.[29] Plaintiffs assert that Avondale's liability is contingent upon there being asbestos on Avondale's premises to which Decedent was exposed.[30] According to Plaintiffs, the fact that others were exposed to asbestos on Avondale's premises and developed asbestos-related diseases, including mesothelioma, lung cancer, and asbestosis, is highly relevant to showing asbestos fibers that cause lung cancer were present on Avondale's premises.[31]

### III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is deemed admissible unless the United States Constitution, a federal statute, or the Federal Rules of Evidence mandate exclusion.[32]

Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its

---

[27] *Id.*

[28] *Id.*

[29] *Id.* at 4.

[30] *Id.* at 6.

[31] *Id.*

[32] Fed. R. Evid. 402.

probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "The exclusion of evidence under Rule 403 should occur only sparingly[.]"[33]

### IV. Analysis

The Avondale Interests move the Court to exclude any evidence of any asbestos-related illnesses, hearing loss, and other ailments of non-parties, including witnesses and Decedent's family members.[34] The Avondale Interests also request that the Court prohibit any references to expert reports and/or opinions concerning witnesses and/or family members who have allegedly been diagnosed with an asbestos-related illness.[35] In opposition, Plaintiffs assert that the fact that others were exposed to asbestos on Avondale's premises and developed asbestos-related diseases, including mesothelioma, lung cancer, and asbestosis, is highly relevant to showing asbestos fibers that cause lung cancer were present on Avondale's premises.[36]

Plaintiffs have shown that evidence regarding exposure of others to asbestos on Avondale's premises is of some probative value this case. Plaintiffs' case against Avondale is contingent upon showing that Decedent was exposed to asbestos on Avondale's premises. The fact that other individuals who worked with Decedent were also exposed to asbestos and developed asbestos-related diseases is therefore relevant to Plaintiffs' case. Defendants have not shown that the probative value of such evidence is substantially outweighed by a danger of unfair

---

[33] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[34] Rec. Doc. 71-1 at 2.

[35] *Id.* at 2–3.

[36] Rec. Doc. 138 at 6.

prejudice. Therefore, the Court will not issue a blanket ruling excluding any evidence of asbestos-related illnesses suffered of non-parties. Nevertheless, Plaintiffs are cautioned that the central issue in this case is Decedent's exposure to asbestos, and the Court will not allow Plaintiffs to turn trial in this matter into many "mini-trials" regarding asbestos exposures suffered by non-parties. The Avondale Interests may raise this issue again at trial, if necessary.

Evidence of non-asbestos related injuries, such as hearing loss suffered by persons other than Decedent, is of limited probative value to this case. The probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. Therefore, the Court grants the motion to the extent it seeks to exclude evidence of non-asbestos related injuries suffered by family members of Decedent or other individuals who are not parties to this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that the Avondale Interests' "Motion in Limine to Exclude Evidence of Asbestos-Related Illness, Hearing Loss, and Other Ailments of Non-Parties and/or Family Members"[37] is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** to the extent it seeks to exclude evidence of non-asbestos related injuries suffered by family members of Decedent or other individuals who are not parties to this litigation. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this 21st day of September, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[37] Rec. Doc. 71.