## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CALLEN DEMPSTER et al.**                             **CIVIL ACTION**

**VERSUS**                                             **NO. 20-95**

**LAMORAK INSURANCE CO. et al.**                       **SECTION: "G"(1)**

## ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster

Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett

Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was

exposed to asbestos and asbestos-containing products that were designed, manufactured, sold,

and/or supplied by a number of Defendant companies while Decedent was employed by

Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is a "Motion to Admit

Evidence as to the Fault of All Immune or Non-Parties"[2] filed by Defendant Hopeman Brothers,

Inc., and Third-Party Defendant Liberty Mutual Insurance Company as alleged insurer of Wayne

Manufacturing Corporation (collectively, "the Hopeman Interests"). Defendants Foster Wheeler,

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 63.

LLC and General Electric join the motion.[3] Plaintiffs oppose the motion in limine.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

In this litigation, Plaintiffs allege that Mr. Dempster was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Mr. Dempster was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Mr. Dempster breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[8] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[10]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending

---

[3] Rec. Doc. 57.

[4] Rec. Doc. 146.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.* at 2–3

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 26, 2020, the Hopeman Interests filed the instant motion in limine.[15] Defendants Foster Wheeler, LLC and General Electric join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[18]

## II. Parties' Arguments

### A.   *The Hopeman Interests' Arguments in Support of the Motion*

The Hopeman Interests move the Court to issue an order allowing evidence of fault of all parties and non-parties that contributed to Decedent's alleged asbestos-related disease.[19] The Hopeman Interests assert that Louisiana Civil Code article 2323 requires the determination of

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 63.

[16] Rec. Doc. 57.

[17] Rec. Doc. 146.

[18] Rec. Doc. 225.

[19] Rec. Doc. 63-1 at 3.

fault of all persons causing or contributing to the injury, regardless of whether the person is a party to the action, where comparative fault law applies.[20] Additionally, the Hopeman Interests cite caselaw holding that in virile share cases, the parties may present evidence regarding all potential parties that may have exposed an injured party to asbestos.[21] The Hopeman Interests contend that pursuant to Louisiana Civil Code article 2323 evidence of the fault of all responsible persons may be presented at trial regardless of whether the claim arises under the law of virile share or comparative fault liability, both of which are at issue in this case.[22]

Although Plaintiffs may rely on *Cavalier v. Cain's Hydrostatic Testing, Inc.* for the proposition that "establishing the liability of persons not parties [sic] to the action is never an issue for the jury, since a verdict against a non-party would not be binding on that party," the Hopeman Interests assert that this reliance would be misplaced because the amendments to Article 2323 affect the procedure for apportioning fault.[23] The Hopeman Interests contend that the amendments to Article 2323 govern the trial of this matter, and the fault of all persons that contributed to Plaintiffs' alleged damages must be presented to the jury for determination.[24]

**B.      Plaintiffs' Arguments in Opposition to the Motion**

In opposition, Plaintiffs contend that virile share liability law is applicable to their survival action and comparative fault law is applicable to their wrongful death action.[25] Plaintiffs argue

---

[20] *Id.*

[21] *Id.* at 3–4.

[22] *Id.* at 5.

[23] *Id.* at 5–6.

[24] *Id.* at 6.

[25] Rec. Doc. 146 at 2–3 (citing *Landry v. Avondale Industries, Inc.*, 2003-3432, 2003-3434, 2003-3435 (La. 7/2/04); 877 So. 2d 970, 975  78).

that Article 2323 has no retroactive application for causes of action arising prior to the law's enactment in 1980.[26]

Plaintiffs assert that the survival action is governed by virile share law.[27] Plaintiffs assert that a virile share credit is only given where: (1) the plaintiff released a party, thereby precluding the remaining solidary obligors from seeking contribution from it; and (2) the released party's liability is established at trial.[28] Thus, Plaintiffs contend that evidence regarding fault of an entity would not be presented to the jury unless Decedent released his lung cancer claim with respect to that entity.[29]

Plaintiffs contend that the wrongful death action is governed by comparative fault law.[30] However, even under comparative fault law, Plaintiffs argue that there are situations where the fault of the parties cannot be apportioned and *in solido* law applies.[31] Plaintiffs cite Louisiana Civil Code article 1789, which provides that when a joint obligation is indivisible joint obligors are solidarily liable.[32] In this case, Plaintiffs assert that the evidence will show that fault cannot be apportioned between Defendants according to the respective harm they caused Plaintiffs because the medical testimony will show that Decedent's lung cancer resulted from the cumulative burden of asbestos in his lung tissue, and that Decedent's exposures from various

---

[26] *Id.* at 3.

[27] *Id.* at 4.

[28] *Id.* (citing *Romano v. Metropolitan Life Insurance Company*, 2016-0954 (La. App. 4 Cir. 05/24/2017); 221 So. 3d 176, 181).

[29] *Id*. at 5.

[30] *Id*. at 9.

[31] *Id*.

[32] *Id*.

sources cannot be divided from one another.[33] Therefore, Plaintiffs contend that Defendants can and should be held liable for the entire judgment.[34]

Finally, Plaintiffs assert that Defendants can be held solidarily liable under Louisiana Civil Code article 2324, which provides that any person who conspires with another to commit an intentional or willful act is liable *in solido* with that other person for damages caused.[35] Plaintiffs note that they have alleged that Defendants committed intentional torts against Decedent.[36] For these reasons, the Plaintiffs contend that the Hopeman Interests' motion should be denied.[37]

### III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is deemed admissible unless the United States Constitution, a federal statute, or the Federal Rules of Evidence mandate exclusion.[38]

Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

---

[33] *Id*. at 9–10.

[34] *Id*. at 10.

[35] *Id*. at 11.

[36] *Id*.

[37] *Id*. at 13.

[38] Fed. R. Evid. 402.

presenting cumulative evidence." "The exclusion of evidence under Rule 403 should occur only sparingly[.]"[39]

## IV. Analysis

The Hopeman Interests move the Court to issue an order allowing evidence of fault of all parties and non-parties that contributed to Decedent's alleged asbestos-related disease.[40] The Hopeman Interests assert that Louisiana Civil Code article 2323 requires the determination of fault of all persons causing or contributing to the injury, regardless of whether the person is a party to the action, where comparative fault law applies.[41] Additionally, the Hopeman Interests cite caselaw holding that in virile share cases, the parties may present evidence regarding all potential parties that may have exposed an injured party to asbestos.[42]

In opposition, Plaintiffs contend that, where virile share law applies, evidence regarding fault of an entity would not be presented to the jury unless Decedent released his lung cancer claim with respect to that entity.[43] Furthermore, even under comparative fault law, Plaintiffs argue that there are situations where the fault of the parties cannot be apportioned and *in solido* law applies.[44] In this case, Plaintiffs assert that the evidence will show that fault cannot be apportioned between Defendants according to the respective harm they caused Plaintiffs because the medical testimony will show that Decedent's lung cancer resulted from the cumulative burden of asbestos

---

[39] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[40] Rec. Doc. 63-1 at 3.

[41] *Id.*

[42] *Id.* at 3–4.

[43] Rec. Doc. 146 at 4.

[44] *Id*. at 9.

in his lung tissue, and that Decedent's exposures from various sources cannot be divided from one another.[45] Additionally, Plaintiffs assert that Defendants can be held solidarily liable under Louisiana Civil Code article 2324 because Plaintiffs have alleged that Defendants committed intentional torts against Decedent.[46]

The parties do not dispute that Plaintiffs' survival action is governed by pre-comparative fault law and Plaintiffs' wrongful death action is governed by comparative fault law. Under Louisiana's pre-comparative fault law, which governs Plaintiffs' survival action, joint tortfeasors are solidarily liable for a tort victim's injury.[47] Under solidary liability, "the obligee, at his choice, [could] demand the whole performance from any of the joint and indivisible obligors."[48] "The only remedy available to a solidary obligor from whom the whole performance is sought [is] to seek 'contribution' from the joint tortfeasor in the amount of the joint tortfeasor's 'virile share.'"[49] However, "when a plaintiff settles with and releases a joint tortfeasor and thereby deprives the remaining tortfeasor of his right to contribution against the one who has been released," the plaintiff's recovery is reduced by the released tortfeasor's virile share.[50] Before the remaining defendant can receive a "credit" for the settling parties' virile share, the defendant must show: (1) the plaintiff released a party and (2) the released party is liable as a joint tortfeasor.[51]

Contrary to the Hopeman Interests' assertion, they are not entitled to a virile share credit

---

[45] *Id*. at 9–10.

[46] *Id*. at 11.

[47] *Romano*, 221 So. 3d at 180.

[48] *Id*. at 180–81 (quoting *Berlier v. A.P. Green Indus., Inc.*, 2001-1530 (La. 4/3/02); 815 So. 2d 39, 47).

[49] *Id*. at 181 (citing *Daniels v. Conn*, 382 So. 2d 945, 953 (La. 1980)).

[50] *Wall v. Am. Emp. Ins. Co.*, 386 So. 2d 79, 82 (La. 1980).

[51] *Romano*, 221 So. 3d at 181.

for every party against whom Plaintiffs may potentially have a claim. Instead, the Hopeman Interests are entitled to a virile share credit if they show: (1) the plaintiff released a party and (2) the released party is liable as a joint tortfeasor.[52] Accordingly, where virile share law applies, Defendants will only be entitled to a virile share credit if both of those conditions are met.

Louisiana adopted comparative fault in 1980.[53] Plaintiffs' wrongful death action is governed by comparative fault law because the cause of action accrued after 1980.[54] Louisiana Civil Code article 2323 provides in pertinent part:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032 , or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

In *Williams v. Asbestos Defendants*, the trial court considered a motion for summary judgment and found that the asbestos exposures allegedly caused by the defendants could not be separated in order to apply comparative fault principles.[55] On appeal, the Louisiana Fourth Circuit Court of Appeal determined that the trial court erred in making a factual determination that the plaintiff's alleged injuries were indivisible such that the comparative fault regime could not apply.[56] Instead, the Louisiana Fourth Circuit made clear that a determination of whether fault

---

[52] *Romano*, 221 So. 3d at 181.

[53] *Veazey v. Elmwood Plantation Assocs., Ltd.*, 93-2818 (La. 11/30/94); 650 So. 2d 712, 715.

[54] *See Landry v. Avondale Indus., Inc.*, 2003-3432 (La. 7/2/04); 877 So. 2d 970, 980.

[55] *Williams v. Asbestos Defendants*, 2011-0716 (La. App. 4 Cir. 5/16/12); 95 So. 3d 497, 502.

[56] *Id*. at 503.

could be apportioned was a question of fact for the jury.[57]

In the instant case, Plaintiffs assert that the evidence will show that fault cannot be apportioned between Defendants according to the respective harm they caused Plaintiffs because the medical testimony will show that Decedent's lung cancer resulted from the cumulative burden of asbestos in his lung tissue, and that Decedent's exposures from various sources cannot be divided from one another.[58] The *Williams* decision clearly illustrates that this is an issue of fact that must be decided by the jury. Accordingly, evidence of fault of immune or non-parties is relevant to the defense that fault should be allocated among these non-parties.

Finally, Plaintiffs assert that Defendants can be held solidarily liable under Louisiana Civil Code article 2324, which provides that any person who conspires with another to commit an intentional or willful act is liable *in solido* with that other person for damages caused.[59] Again, this is a question of fact that must be left to the jury.[60] Therefore, Plaintiffs have not shown that evidence of fault of immune or non-parties should be excluded. However, as discussed above, where virile share law applies, evidence of fault of a non-party may only be presented where Defendants show that Plaintiffs or Decedent released the non-party.

Accordingly,

---

[57] *Id*.

[58] Rec. Doc. 146 at 9–10.

[59] *Id*. at 11.

[60] *Id*. at 11.

**IT IS HEREBY ORDERED** that the Hopeman Interests' "Motion to Admit Evidence as to the Fault of All Immune or Non-Parties"[61] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this 23rd  day of September, 2020.

NANNETTE JOLIVETTE BROWN

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[61] *See* Rec. Doc. 219 at 20–23.