UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendants Huntington Ingalls Incorporated ("Avondale"), Albert L. Bossier Jr. ("Bossier"), and Lamorak Insurance Company's ("Lamorak") (collectively, the "Avondale Interests") "Motion in Limine to Exclude Anticipated Hearsay and Irrelevant or Prejudicial Testimony."[2] Defendants Foster

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 72.

1

Wheeler, LLC and General Electric join the motion.[3] Plaintiffs oppose the motion in limine.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[8] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[10]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending

---

[3] Rec. Doc. 57.

[4] Rec. Doc. 137.

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] *Id.* at 2–3

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January 17, 2019.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14]

On February 26, 2020, the Avondale Interests filed the instant motion in limine.[15] Defendants Foster Wheeler, LLC and General Electric join the motion.[16] On March 17, 2020, Plaintiffs filed an opposition to the instant motion.[17] On March 23, 2020, Defendants, with leave of Court, filed a reply brief in further support of the motion.[18] On May 5, 2020, the Court continued the May 18, 2020 trial date due to COVID-19.[19]

## II. Parties' Arguments

### A.   *The Avondale Interests' Arguments in Support of the Motion*

The Avondale Interests move the Court to exclude any evidence of accidents at Avondale and purported regulatory citations to Avondale that are unrelated to the alleged asbestos exposure

---

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 72.

[16] Rec. Doc. 57.

[17] Rec. Doc. 137.

[18] Rec. Doc. 169.

[19] Rec. Doc. 225.

of Decedent.[20] The Avondale Interests argue that such evidence should be excluded for two reasons: (1) the introduction of such evidence would be an attempt to use impermissible character evidence to prove that Avondale and/or its employees acted wrongfully in this case; and (2) the evidence is hearsay.[21]

First, the Avondale Interests anticipate that Plaintiffs' counsel may attempt to use evidence of various accidents that are completely unrelated to asbestos exposure to show that Avondale acted wrongly.[22] The Avondale Interests assert that such character evidence is specifically prohibited by Rule 404(b) of the Federal Rules of Evidence.[23]

Second, the Avondale Interests argue that the evidence is inadmissible hearsay.[24] The Avondale Interests assert that Plaintiffs might offer unrelated out-of-court statements, such as newspaper stories and labor union memoranda, in an attempt to prove that the assertions in these out of court statements are true.[25] The Avondale Interests contend that any such attempt would violate the rule against hearsay and would deprive the defendants of the right of cross examination.[26]

B.     *Plaintiffs' Arguments in Opposition to the Motion*

Plaintiffs assert that the motion should be denied because it is premature and overly

---

[20] Rec. Doc. 72 at 1.

[21] *Id.*, Rec. Doc. 72-1 at 2–5.

[22] Rec. Doc. 72-1 at 2.

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.* at 4–5.

[26] *Id.* at 5.

4

broad.[27] Plaintiffs contend that the Avondale Interests' motion in limine is so overly broad that it would prohibit Plaintiffs from introducing evidence regarding regulatory violations involving asbestos at Avondale during the time period that Decedent was employed at Avondale.[28] Plaintiffs contend that the motion in limine would prohibit Plaintiffs from conducting cross examination of the Avondale Interests' experts, including Danny Joyce, who has previously testified that there were never any violations regarding asbestos at Avondale.[29] Plaintiffs contend that it would be imperative for Plaintiffs' counsel to cross-examine Mr. Joyce as to the numerous cases of mesothelioma and lung cancer involving asbestos exposure at Avondale.[30]

Additionally, Plaintiffs assert that evidence regarding other safety violations "is relevant to the issue of the nonexistence or improper safety procedures used at Avondale."[31] According to Plaintiffs, the evidence is also relevant with regard to attempts to silence and suppress information from regulatory agencies regarding accidents.[32] Plaintiffs assert that evidence of other acts performed by a defendant, preceding or subsequent to an incident, are relevant to show knowledge of the defendant at the time of the incident.[33] Plaintiffs acknowledge that Federal Rule of Evidence 407 provides that evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction, but Plaintiffs contend that such evidence may be admitted for other purposes,

---

[27] Rec. Doc. 137 at 2.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.* at 3.

[32] *Id.*

[33] *Id.*

including impeachment, proving ownership, control, or the feasibility of precautionary measures.[34]

C. *The Avondale Interests' Arguments in Further Support of the Motion*

In reply, the Avondale Interests assert that Plaintiffs' mischaracterize their motion.[35] The Avondale Interests state that they are not seeking exclusion of evidence concerning regulatory citations that are related to asbestos; they are seeking exclusion of evidence concerning regulatory citations *unrelated* to asbestos.[36] The Avondale Interests contend that evidence pertaining to accidents that are not substantially similar or related to the facts and circumstances involving Decedent's exposure to asbestos and as evidence of non-asbestos related regulatory citations at Avondale is irrelevant and should be prohibited under Rule 402.[37] Furthermore, the Avondale Interests assert that such evidence is specifically prohibited by Rule 404(b).[38]

### III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is deemed admissible unless the United States Constitution, a federal statute, or the Federal Rules of Evidence mandate exclusion.[39]

---

[34] *Id.*

[35] Rec. Doc. 169 at 2.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] Fed. R. Evid. 402.

Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "The exclusion of evidence under Rule 403 should occur only sparingly[.]"[40]

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, pursuant to Federal Rule of Evidence 404(b)(2), such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." In *United States v. Beechum*, the Fifth Circuit established a two-prong test for determining whether evidence is admissible under Rule 404(b).[41] First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character.[42] Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.[43]

The standard for relevancy under *Beechum's* first prong is identical to that found in Rule 401 of the Federal Rules of Evidence, which provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the

---

[40] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[41] 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

[42] *Id.*

[43] *Id.*

fact is of consequence in determining the action."[44] The Fifth Circuit has recognized that "[e]vidence of similar accidents occurring under substantially similar circumstances and involving substantially similar components may be probative . . . ."[45]

### IV. Analysis

The Avondale Interests move the Court to exclude any evidence of accidents at Avondale and purported regulatory citations issued to Avondale that are unrelated to the alleged asbestos exposure of Decedent.[46] Plaintiffs argue that they would be prohibited from introducing evidence regarding regulatory violations involving asbestos during the time period that Decedent was employed at Avondale.[47] This argument is unavailing because the Avondale Interests do not seek an order excluding such evidence.

Additionally, Plaintiffs assert that evidence regarding other safety violations "is relevant to the issue of the nonexistence or improper safety procedures used at Avondale."[48] According to Plaintiffs, the evidence is also relevant with regard to attempts to silence and suppress information from regulatory agencies regarding accidents.[49] However, Plaintiffs do not cite to any specific "other acts" evidence they intend to introduce at trial. The Court cannot assess the relevance of these issues in a vacuum without understanding what other safety violations Plaintiffs plan to introduce or Plaintiffs' reasons for introducing them. Plaintiffs, the proponents of this evidence,

---

[44] *Id.* at 914.

[45] *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082 (5th Cir. 1986).

[46] Rec. Doc. 72 at 1.

[47] Rec. Doc. 137 at 2.

[48] *Id.* at 3.

[49] *Id.*

have failed to demonstrate any substantial similarity between alleged safety violations unrelated to asbestos and Decedent's exposure to asbestos.[50] Accordingly, the Court finds that Plaintiffs have failed to establish that alleged safety violations by Avondale unrelated to asbestos exposure are relevant.

Under *Beechum's* second prong, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403. Federal Rule of Evidence 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Here, the Court finds that any probative value of evidence regarding alleged safety violations by Avondale unrelated to asbestos exposure is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Furthermore, if the Court "were to allow evidence of previous, unrelated incidents, there is a real danger of creating a 'trial within a trial.'"[51] The Avondale Interests would be expected to defend against not only the alleged asbestos exposure at issue in this case but also these unrelated prior incidents to establish that the prior incidents lack probative value. Therefore, the Court grants the motion and excludes evidence of accidents at Avondale and purported regulatory citations to Avondale that are unrelated to the alleged asbestos exposure of Decedent.

Accordingly,

---

[50] *See Jackson*, 788 F.2d at 1082; *In re: Deepwater Horizon*, No 10-2179, 2012 WL 413860, at *2 (E.D. La. Feb. 9, 2012) (Barbier, J.)).

[51] *In re: Deepwater Horizon*, 2012 WL 413860, at *3.

**IT IS HEREBY ORDERED** that the Avondale Interests' "Motion in Limine to Exclude Anticipated Hearsay and Irrelevant or Prejudicial Testimony"[52] is **GRANTED.** Evidence of accidents at Avondale and purported regulatory citations to Avondale that are unrelated to the alleged asbestos exposure of Decedent is excluded.

**NEW ORLEANS, LOUISIANA,** this 23rd day of September, 2020.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[52] Rec. Doc. 72.