**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"(1)** |

**ORDER AND REASONS**

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster's (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Defendant Bayer CropScience, Inc., as Successor to Rhone-Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company's ("Amchem") "Motion to Adopt Proposed Jury

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

Questionnaire."[2] Plaintiffs oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[4] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[5] Plaintiffs assert strict liability and negligence claims against various Defendants.[6]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[7] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[8] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[9]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January

---

[2] Rec. Doc. 39.

[3] Rec. Doc. 96.

[4] Rec. Doc. 1-2 at 5.

[5] *Id.*

[6] *Id.* at 7–8.

[7] *Id.* at 2–3

[8] Case No. 18-6158, Rec. Doc. 1 at 2.

[9] Case No. 18-6158, Rec. Doc. 89.

17, 2019.[10] Trial was scheduled to begin before the state trial court on January 13, 2020.[11] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[12] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[13]

On February 18, 2020, Amchem filed the instant "Motion to Adopt Proposed Jury Questionnaire."[14] On March 3, 2020, Plaintiffs filed an opposition to the instant motion.[15]

## II. Parties' Arguments

### *A. Amchem's Arguments in Support of the Motion*

Amchem moves the Court to issue an order adopting a proposed juror questionnaire.[16] Amchem asserts that the questionnaire will assist all counsel, as well as the Court, in voir dire examination.[17] Amchem contends that the proposed questionnaire has proven to facilitate jury selection in other cases, and will provide both sides with valuable juror information in an efficient, expedited manner.[18]

---

[10] Rec. Doc. 1-8.

[11] Rec. Doc. 1-12.

[12] Rec. Doc. 1.

[13] Rec. Doc. 17.

[14] Rec. Doc. 39.

[15] Rec. Doc. 96.

[16] Rec. Doc. 39-1 at 1.

[17] *Id*.

[18] *Id*.

### *B. Plaintiffs' Arguments in Opposition to the Motion*

Plaintiffs object to the use of any juror questionnaire in this case because they argue that "such questionnaires are misleading, time-consuming, and do not allow counsel a full opportunity to exercise their intuitive judgment concerning prospective juror's possible bias or prejudice."[19] Plaintiffs note that by submitting a written questionnaire counsel will be deprived of the opportunity to view the jurors' reactions to the questions, thus eliminating an avenue for counsel to perceive the bias of potential jurors.[20] Accordingly, Plaintiffs contend that a written questionnaire should not be used in this case.[21] Alternatively, if the Court decides to allow a written questionnaire, Plaintiffs argue that questions 1, 8, 10, and 13 should be stricken from the questionnaire proposed by Amchem.[22]

## **III. Law and Analysis**

Federal Rule of Civil Procedure 47 governs the selection of jurors in civil jury trials. Rule 47 provides:

> (a) Examining Jurors. The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper.
> (b) Peremptory Challenges. The court must allow the number of peremptory challenges provided by 28 U.S.C. §1870.
> (c) Excusing a Juror. During trial or deliberation, the court may excuse a juror for good cause.

"A trial court has broad discretion in conducting a voir dire and assessing any prejudice held by

[19] Rec. Doc. 96 at 2.

[20] *Id*.

[21] *Id*.

[22] *Id*. at 3–7.

a potential juror."[23]

The Court finds that use of a written juror questionnaire is not appropriate in the instant case. None of the proposed questions would provide a basis in and of themselves to strike a potential juror for cause. The juror questionnaire will not allow the Court or counsel to further question potential jurors regarding any potential bias or prejudice. Furthermore, by submitting these questions in the form of a written questionnaire, the parties will be deprived of the opportunity to view the jurors' reactions to the questions and will eliminate an avenue for the Court and counsel to perceive the bias of potential jurors. Therefore, Amchem has not shown that use of a juror questionnaire is warranted in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Amchem's "Motion to Adopt Proposed Jury Questionnaire"[24] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 28th day of September, 2020.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[23] *United States v. Allred*, 867 F.2d 856, 869 (5th Cir. 1989); *see also Mu'Min v. Virginia*, 500 U.S. 415, 424 (1991) (a trial court "great latitude in deciding what questions should be asked on voir dire").

[24] Rec. Doc. 39.