UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CALLEN DEMPSTER et al.**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 20-95**

**LAMORAK INSURANCE CO. et al.**                        **SECTION: "G"(1)**

## ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett Dempster (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was exposed to asbestos and asbestos-containing products that were designed, manufactured, sold, and/or supplied by a number of Defendant companies while Decedent was employed by Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Plaintiffs' "Motion for Clarification of Existing Order, or Alternatively, Motion for Reconsideration of Plaintiffs' Motion *in Limine* to Exclude Evidence Before Jury Regarding Settlements."[2] Defendants Avondale, Albert L. Bossier, Jr., and Lamorak Insurance Company (collectively, the "Avondale

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 278.

1

Interests") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[4] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[5] Plaintiffs assert strict liability and negligence claims against various Defendants.[6]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[7] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[8] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[9]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January

---

[3] Rec. Doc. 280.

[4] Rec. Doc. 1-2 at 5.

[5] *Id.*

[6] *Id.* at 7–8.

[7] *Id.* at 2–3.

[8] Case No. 18-6158, Rec. Doc. 1 at 2.

[9] Case No. 18-6158, Rec. Doc. 89.

17, 2019.[10] Trial was scheduled to begin before the state trial court on January 13, 2020.[11] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[12] On January 28, 2020, this Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[13]

On February 25, 2020, Plaintiffs filed a "Motion *in Limine* to Exclude Evidence Before the Jury Regarding Settlements."[14] On September 16, 2020, this Court granted the motion in part and denied the motion in part.[15] The Court held that settlement information would not be admitted to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or contradiction.[16] The Court also excluded any evidence regarding the amount of any settlement agreement.[17] However, the Court noted that evidence of a settlement may be admissible for other purposes such as to show a witness's bias or prejudice.[18] Notably, the Order did not state that evidence of a settlement *would* be admitted for another purpose. Instead, this issue must be decided in the context of trial and it would be inappropriate to issue a blanket order excluding all evidence regarding settlements in advance of trial. Therefore, the Court denied the

---

[10] Rec. Doc. 1-8.

[11] Rec. Doc. 1-12.

[12] Rec. Doc. 1.

[13] Rec. Doc. 17.

[14] Rec. Doc. 55.

[15] Rec. Doc. 256.

[16] *Id.* at 8.

[17] *Id.*

[18] *Id.* at 7.

motion to exclude in all other respects.[19]

On October 13, 2020, Plaintiffs' filed the instant motion for clarification or, alternatively, reconsideration of the Court's September 16, 2020 Order.[20] On October 27, 2020, the Avondale Interests filed an opposition.[21] On November 4, 2020, with leave of Court, Plaintiffs' filed a reply in further support of the motion.[22]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of the Motion*

Plaintiffs first seek clarification over whether this Court will permit "comments, questions, or evidence" regarding settlements Plaintiffs have made with other parties to go before the jury.[23] Plaintiffs claim that the Avondale Interests have conceded that the Court, not the jury, will decide the issue of virile share credits.[24] Plaintiffs assert that the settlement documents should not be used to "advise the jury of the fact of settlement," but instead should be used only "before the Court for virile share issues."[25]

In the event that this Court does intend for settlement documents to go before the jury, Plaintiffs move for reconsideration.[26] Plaintiffs argue that submitting documents which show that Plaintiffs had settled with other companies to the jury would be "contrary to law" and would

---

[19] *Id.* at 8.

[20] Rec. Doc. 278.

[21] Rec. Doc. 280.

[22] Rec. Doc. 290.

[23] Rec. Doc. 278-1 at 2.

[24] *Id.* at 2–3.

[25] *Id.* at 4.

[26] *Id.* at 5.

4

result in "manifest injustice" to Plaintiffs.[27] Plaintiffs contend that "[b]y submitting evidence of settlement to the Court, *in camera*, the Court can determine which agreements actually released lung cancer claims," from whom the Avondale Interests "may potentially receive a virile share credit."[28]

B. *The Avondale Interests' Arguments in Opposition to the Motion*

The Avondale Interests argue that the Court's original ruling "was correct and needs no revision."[29] The Avondale Interests allege that Plaintiffs have failed to explain why reconsideration is required as "Plaintiffs' motion makes no mention of the legal standard for reconsideration of an interlocutory order in federal court, nor does it explain why Plaintiffs are entitled to reconsideration under that standard."[30]

The Avondale Interests further assert that the Court's original ruling was correct in permitting settlement documents to be admitted for certain purposes.[31] The Avondale Interests argue that Federal Rule of Evidence 408 permits settlement information to be admitted for limited purposes, and "does not provide a blanket prohibition to admission of all settlement evidence before the jury, which is what Plaintiffs preemptively seek here."[32] The Avondale Interests urge this Court to "consider the admissibility of settlement evidence on a case-by-case basis during trial" instead.[33]

---

[27] *Id.* at 6.

[28] *Id.* at 8.

[29] Rec. Doc. 280 at 2.

[30] *Id.* at 2–3.

[31] *Id.* at 3.

[32] *Id.* at 3–4.

[33] *Id.* at 5.

## C. Plaintiffs' Arguments in Further Support of the Motion

Plaintiffs respond to the Avondale Interests' opposition by asserting that the Avondale Interests "do not dispute that the settlement agreements may be admitted so that this Court can review them, *in camera*, to determine whether any lung cancer claims were released."[34] Plaintiffs allege that "[f]or purposes of [this Court] determining which settlement agreements release lung cancer claims, it is not necessary for the settlement agreements to be present to the jury" and that "[t]he Avondale Interests do not dispute this and did not oppose Plaintiffs' motion seeking a clarification . . . ."[35]

Plaintiffs re-assert that they moved for reconsideration "only to the extent that this Court's order does contemplate that the jury will be advised that certain companies have settled."[36] Plaintiffs argue that submitting settlement information to the jury pertaining to virile share liability will only serve to confuse the jury.[37] Plaintiffs further argue that the potential use of settlement information for reasons such as witness bias or prejudice will not arise in this case.[38] Plaintiffs allege that Mr. Dempster's testimony cannot change, as he is deceased, and that the testimony of his children will not change because they did not have "any information regarding the identity of the asbestos products to which their father was exposed."[39] Thus, Plaintiffs assert, "Defendants have not and cannot meet their burden of establishing that any settlement should go

---

[34] Rec. Doc. 290 at 2.

[35] *Id.*

[36] *Id.* at 4.

[37] *Id.* at 4–5.

[38] *Id.* at 6.

[39] *Id.* at 7.

6

before the jury at trial."[40]

### III. Legal Standard

*A.      Legal Standard on a Motion for Reconsideration*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[41] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[42] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[43] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[44] with relief being warranted only when the basis for relief is "clearly establish[ed]."[45] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)     the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)     the movant presents newly discovered or previously unavailable evidence;

---

[40] *Id.*

[41] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[42] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Vance, J.) (Rule 54).

[43] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[44] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[45] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo*, 2010 WL 1424398, at *3.

7

    (3)    the motion is necessary in order to prevent manifest injustice; or

    (4)    the motion is justified by an intervening change in controlling law.[46]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[47] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[48] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[49] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[50]

### B. *Legal Standard on the Admissibility of Settlement Agreements*

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[51] Rule 408 prohibits evidence of compromise negotiations, as well as conduct or statements made during compromise negotiations, from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[52] However,

---

[46] *See, e.g., Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[47] *Id.* (quoting *Templet*, 367 F.3d at 478-79).

[48] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[49] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[50] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[51] Fed. R. Evid. 408.

[52] Fed. R. Evid. 408(a)(1).

such evidence is admissible to show the bias or prejudice of a witness.[53] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible to reduce a jury's confusion about absent defendants.[54] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[55]

### IV. Analysis

Plaintiffs seek reconsideration of this Court's September 16, 2020 Order. In that Order, the Court held that settlement information would not be admitted to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or contradiction.[56] The Court also excluded any evidence regarding the amount of any settlement agreement.[57] However, the Court noted that evidence of a settlement may be admissible for other purposes such as to show a witness's bias or prejudice.[58] Notably, the Order did not state that evidence of a settlement *would* be admitted for another purpose. Instead, this issue must be decided in the context of trial and it would be inappropriate to issue a blanket order excluding all evidence regarding settlements in advance of trial. Therefore, the Court denied the motion to exclude in all other respects.[59]

All parties agree that the fact of settlement of a joint tortfeasor is admissible to show that the damages owed by the non-settling defendants should be reduced by the virile share of the

---

[53] Fed. R. Evid. 408(b).

[54] *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014).

[55] *Branch v. Fid. & Cas. Co. of New York*, 783 F.2d 1289, 1294 (5th Cir. 1986).

[56] Rec. Doc. 256 at 8.

[57] *Id.*

[58] *Id.* at 7.

[59] *Id.* at 8.

9

settling joint tortfeasors.[60] Additionally, all parties agree that this is an issue that will be decided by the Court, not the jury.[61] Settlement documents will not be submitted to the jury for that purpose. The Court will review the settlement documents *in camera* to determine whether any entities with whom Plaintiffs settled should receive a virile share credit. It is perplexing that Plaintiffs seek "clarification" of this issue as neither the Court nor any of the parties contemplated otherwise.

As discussed in the prior order, evidence of a settlement could potentially be admissible under Federal Rule of Evidence 408 for limited purposes, such as to show bias or prejudice.[62] It would be inappropriate to issue a blanket order prohibiting the admission of all evidence regarding settlements for all purposes in advance of trial because Rule 408 clearly allows for the admissibility of such evidence in certain limited circumstances. These issues must be decided in the context of trial. Plaintiffs have not shown that reconsideration of the September 16, 2020 Order is warranted.

Accordingly,

---

[60] *See, e.g.*, Rec. Doc. 290 at 7 (Plaintiffs); Rec. Doc. 280 at 4 (the Avondale Interests).

[61] *See, e.g.*, Rec. Doc. 290 at 7 (Plaintiffs); Rec. Doc. 280 at 5 (the Avondale Interests).

[62] *See* Rec. Doc. 256.

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Clarification of Existing Order, or Alternatively, Motion for Reconsideration of Plaintiffs' Motion *in Limine* to Exclude Evidence Before Jury Regarding Settlements"[63] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __4th__ day of March, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[63] Rec. Doc. 278.