## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CALLEN DEMPSTER et al.**                          **CIVIL ACTION**

**VERSUS**                                          **NO. 20-95**

**LAMORAK INSURANCE CO. et al.**                    **SECTION: "G"(1)**


## ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster

Martinez, Marla Dempster Loupe, Callen Dempster, Jr., Annette Dempster Glad, and Barnett

Dempster (collectively, "Plaintiffs") allege that Decedent Callen L. Dempster ("Decedent") was

exposed to asbestos and asbestos-containing products that were designed, manufactured, sold,

and/or supplied by a number of Defendant companies while Decedent was employed by

Huntington Ingalls Incorporated ("Avondale").[1] Pending before the Court is Plaintiffs' "Motion

to Reconsider the Judgment Regarding Plaintiffs' Motion *in Limine* to Exclude Bankruptcy

Documents or, Alternatively, Motion for Clarification of Existing Order."[2] Defendants Avondale,

Albert L. Bossier, Jr., and Lamorak Insurance Company (collectively, the "Avondale Interests")

---

[1] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239. Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

[2] Rec. Doc. 276.

oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

In this litigation, Plaintiffs allege that Decedent was employed by Avondale from 1962 to 1994.[4] During that time, Plaintiffs aver that Decedent was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Decedent breathing in asbestos fibers and later developing asbestos-related cancer.[5] Plaintiffs assert strict liability and negligence claims against various Defendants.[6]

Decedent filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[7] Defendants Huntington Ingalls Incorporated, Albert Bossier, Jr., J. Melton Garret, and Lamorak Insurance Company (the "Removing Parties") removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[8] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[9]

Decedent passed away on November 24, 2018, and a First Supplemental and Amending Petition for Damages was filed in state court substituting Decedent's heirs as Plaintiffs on January

---

[3] Rec. Doc. 281.

[4] Rec. Doc. 1-2 at 5.

[5] *Id.*

[6] *Id.* at 7–8.

[7] *Id.* at 2–3.

[8] Case No. 18-6158, Rec. Doc. 1 at 2.

[9] Case No. 18-6158, Rec. Doc. 89.

17, 2019.[10] Trial was scheduled to begin before the state trial court on January 13, 2020.[11] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[12] On January 28, 2020, this Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[13]

On February 25, 2020, Plaintiffs filed a "Motion *in Limine* to Exclude Bankruptcy Documents."[14] On September 16, 2020, this Court granted the motion in part and denied the motion in part.[15] The Court held that bankruptcy documents containing settlement information would not be admitted to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or contradiction.[16] The Court also excluded any evidence within the bankruptcy documents that would reveal the amount of any settlement agreement Decedent entered with the bankrupt entities.[17] However, the Court noted that the bankruptcy documents and evidence of a settlement therein may be admissible for other purposes such as to show a witness's bias or prejudice.[18] Notably, the Order did not state that the documents *would* be admitted for another purpose. Instead, this issue must be decided in the context of trial and it

---

[10] Rec. Doc. 1-8.

[11] Rec. Doc. 1-12.

[12] Rec. Doc. 1.

[13] Rec. Doc. 17.

[14] Rec. Doc. 50.

[15] Rec. Doc. 256.

[16] *Id.* at 6–7.

[17] *Id.*

[18] *Id.* at 7.

would be inappropriate to issue a blanket order excluding all of the bankruptcy documents which contained settlement information in advance of trial. Therefore, the Court denied the motion to exclude in all other respects.[19]

On October 13, 2020, Plaintiffs' filed the instant motion for reconsideration or, alternatively, clarification of the Court's September 16, 2020 Order.[20] On October 27, 2020, the Avondale Interests filed an opposition.[21] On November 4, 2020, with leave of Court, Plaintiffs' filed a reply in further support of the motion.[22]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of the Motion*

Plaintiffs first argue that Plaintiffs' original motion in limine to exclude the bankruptcy settlement documents should have been granted "in its entirety."[23] Plaintiffs argue that the claim forms Decedent filed with the bankruptcy trusts relate to his previous suit for asbestosis and did not involve Decedent's lung cancer which is at issue in the current case.[24] Therefore, Plaintiffs argue that the Avondale Interests have no right to a virile share credit for any settlement Decedent entered with the bankrupt entities.[25] Without a release of Decedent's lung cancer claims, Plaintiffs contend that the Avondale Interests' "rights against these companies have not been affected" and

---

[19] *Id.*

[20] Rec. Doc. 276.

[21] Rec. Doc. 281.

[22] Rec. Doc. 293.

[23] Rec. Doc. 276-1 at 1.

[24] *Id.* at 2.

[25] *Id.* at 4.

that the bankruptcy settlement documents should not be admitted at trial.[26]

In the alternative, if this Court does permit the admission of the bankruptcy settlement documents, Plaintiffs seek clarification that any evidence of settlements will not go before the jury to establish virile share credits.[27] Plaintiffs claim that the Avondale Interests have conceded that such settlement evidence will not be published to the jury for this purpose but instead should only be presented to the Court *in camera*.[28]

## B.   The Avondale Interests' Arguments in Opposition to the Motion

The Avondale Interests assert that Plaintiffs have failed to explain why reconsideration is required as "Plaintiffs' motion makes no mention of the legal standard for reconsideration of an interlocutory order in federal court, nor does it explain why Plaintiffs are entitled to reconsideration under that standard."[29] Additionally, the Avondale Interests argue that exclusion of bankruptcy documents for all purposes would be "overbroad" and "in contravention of the applicable law."[30] The Avondale Interests argue that documents accompanying Decedent's bankruptcy claims contain information on Decedent's "smoking history, prior asbestos-related disease, and asbestos exposure history," information that the Avondale Interests claim is relevant to issues of causation in the instant case.[31]

The Avondale Interests next assert that Federal Rule of Evidence 408 permits the

---

[26] *Id.*

[27] *Id.* at 7.

[28] *Id.*

[29] Rec. Doc. 281 at 2–3.

[30] *Id.* at 3.

[31] *Id.* at 5.

settlement evidence found within the bankruptcy documents to be admitted for limited purposes and "does not provide a blanket prohibition to admission of all bankruptcy trust claims before the jury, which is what Plaintiffs preemptively seek here."[32] The Avondale Interests argue that evidence of settlements may be used to show witness prejudice or bias, which the Avondale Interests anticipate may be relevant in the instant case as "Plaintiff's counsel may attempt to minimize any evidence of [Decedent's] exposure to asbestos that is attributable to settled and bankrupt entities."[33] The Avondale Interests urge this Court to "consider the admissibility of settlement evidence" within the bankruptcy documents on a case-by-case basis during trial" instead.[34]

### C.    Plaintiffs' Arguments in Further Support of the Motion

Plaintiffs respond to the Avondale Interests' opposition by asserting that the Avondale Interests "do not dispute that the bankruptcy settlement agreements do not release [Decedent's] lung cancer claims."[35] Plaintiffs assert that, therefore, the bankruptcy documents are "irrelevant to the issue of virile share credits" and should not be admitted into evidence for that purpose.[36]

Plaintiffs allege that the Avondale Interests instead seek to admit the bankruptcy documents to prove causation and damages.[37] Plaintiffs argue that these documents are inadmissible to show causation or liability and that this Court already "ruled that the bankruptcy

---

[32] Id. at 6.

[33] Id. at 7.

[34] Id.

[35] Rec. Doc. 293 at 2.

[36] Id.

[37] Id. at 2, 4.

documents containing settlement information will not be admitted either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[38] Plaintiffs contend that this ruling precludes the use of the bankruptcy documents for issues of causation or damages. [39]

### III. Legal Standard

#### A.    *Legal Standard on a Motion for Reconsideration*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[40] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[41] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[42] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[43] with relief being warranted only when the basis for relief is "clearly establish[ed]."[44] Courts in the Eastern District of Louisiana have

---

[38] *Id.* at 4–5.

[39] *Id.*

[40] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[41] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Rule 54).

[42] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[43] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[44] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo*, 2010 WL 1424398, at *3.

generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)     the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)     the movant presents newly discovered or previously unavailable evidence;

(3)     the motion is necessary in order to prevent manifest injustice; or

(4)     the motion is justified by an intervening change in controlling law.[45]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[46] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[47] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[48] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[49]

---

[45] *See, e.g., Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[46] *Id.* (quoting *Templet*, 367 F.3d at 478-79).

[47] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[48] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[49] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

**B.      *Legal Standard on the Admissibility of Settlement Agreements***

Federal Rule of Evidence 408 governs the admissibility of settlement agreements.[50] Rule 408 prohibits evidence of compromise negotiations, as well as conduct or statements made during compromise negotiations, from being admitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."[51] However, such evidence is admissible to show the bias or prejudice of a witness.[52] Although the contents or amount of a settlement is typically inadmissible, the existence of a settlement may be admissible to reduce a jury's confusion about absent defendants.[53] "Whether to permit the evidence for another purpose is within the discretion of the trial court."[54]

## IV. Analysis

Plaintiffs seek reconsideration of this Court's September 16, 2020 Order. In that Order, the Court denied Plaintiffs' request to exclude bankruptcy documents, which include information on past settlements Decedent entered with bankrupt entities, for all purposes.[55] Instead, the Court held that evidence regarding the bankruptcy settlements was admissible for certain limited purposes. Therefore, the Court declined to issue a blanket order excluding all such evidence, as requested by Plaintiffs.

Pursuant to Federal Rule of Evidence 408, the Court excluded the bankruptcy settlement

---

[50] Fed. R. Evid. 408.

[51] Fed. R. Evid. 408(a)(1).

[52] Fed. R. Evid. 408(b).

[53] *Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014).

[54] *Branch v. Fid. & Cas. Co. of New York*, 783 F.2d 1289, 1294 (5th Cir. 1986).

[55] Rec. Doc. 255.

documents to the extent that such evidence is not admissible to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or contradiction.[56] The Court also excluded any evidence within the bankruptcy documents that would reveal the amount of any settlement agreement Decedent entered with the bankrupt entities.[57]

However, the Court noted that the bankruptcy documents, and evidence of a settlement therein, may be admissible for other purposes such as to show a witness's bias or prejudice.[58] The Court noted that it could not evaluate the admissibility of the bankruptcy documents for calculating virile share credits because Plaintiffs had not submitted the specific documents they wished to exclude.[59] Notably, the Order did not state that evidence of a settlement within the bankruptcy documents *would* be admitted for another purpose. Instead, this issue must be decided in the context of trial and it would be inappropriate to issue a blanket order excluding all bankruptcy documents in advance of trial. Therefore, the Court denied the motion to exclude in all other respects.[60]

Plaintiffs now argue that the bankruptcy documents should be excluded in their entirety because they contain evidence of settlement agreements Decedent entered with the bankrupt entities. Plaintiffs' argument, however, is too sweeping. Federal Rule of Evidence 408 "contains a broad exception" under which evidence of a settlement may be admitted for certain purposes,

---

[56] *Id.* at 6–7.

[57] *Id.*

[58] *Id.* at 7.

[59] *Id.*

[60] *Id.*

including proving witness bias and prejudice.[61] Because Rule 408 clearly allows for the admissibility of such evidence in certain limited circumstances, it would be inappropriate to issue a blanket order prohibiting the admission of bankruptcy documents containing evidence regarding settlements for all purposes in advance of trial. These issues must be decided in the context of trial. Thus, because this Court "has discretion to admit evidence of a settlement" for purposes other than to prove or disprove the validity or amount of a disputed claim or to impeach by prior inconsistent statement or contradiction,[62] Plaintiffs have not shown that reconsideration of the September 16, 2020 Order is warranted.[63]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Reconsider the Judgment Regarding Plaintiffs' Motion *in Limine* to Exclude Bankruptcy Documents or, Alternatively, Motion for Clarification of Existing Order"[64] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this _____ 12th day of March, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[61] *Ball v. LeBlanc*, 881 F.3d 346, 354 (5th Cir.), *cert. dismissed*, 139 S. Ct. 499 (2018).

[62] *WordPerfect Corp. v. Fin. Servs. Mktg. Corp.*, 85 F.3d 619 (5th Cir. 1996).

[63] Based on the opposition the Avondale Interests filed to the instant motion, it does not appear that the Avondale Interests intend to introduce the bankruptcy claim forms to establish virile share credits. Rec. Doc. 281. Nevertheless, to the extent this issue is raised at trial it will be decided by the Court, not the jury.

[64] Rec. Doc. 276.