# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CALLEN DEMPSTER, ET AL.                    CIVIL ACTION

VERSUS                                     CASE NO. 20-95

LAMORAK INSURANCE CO., ET AL.              SECTION: "G" (1)

## ORDER AND REASONS

In this litigation, Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster

Martinez, Marla Dempster Loupe, Callen Dempster Jr., Annette Dempster Glad, and Barnett

Dempster (collectively, "Plaintiffs")[1] allege that Callen L. Dempster ("Mr. Dempster") was

exposed to asbestos and asbestos-containing products that were designed, manufactured, sold,

and/or supplied by a number of Defendant companies while Mr. Dempster was employed by

Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a

Northrop Grumman Ship Systems, Inc., and f/k/a Avondale Industries, Inc., and f/k/a Avondale

Shipyards, Inc.) ("Avondale").[2] Pending before the Court is a "Motion to Enforce Stay and Notice

of Liquidation and Statutory Stay" filed by Defendant Lamorak Insurance Company

---

[1] On August 6, 2020, Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster were substituted as plaintiffs for Louise Ella Simon Dempster. Rec. Doc. 239.

[2] *See* Rec. Doc. 1-2; Rec. Doc. 1-8. In particular, Plaintiffs bring claims against Lamorak Insurance Company, Huntington Ingalls Inc., Albert Bossier, Jr., J. Melton Garrett, Eagle, Inc., Bayer Cropscience, Inc., Foster-Wheeler LLC, General Electric Co., Hopeman Brothers, Inc., McCarty Corporation, Taylor-Seidenbach, Inc., CBS Corporation, Uniroyal, Inc., International Paper Company, Houston General Insurance Company, Berkshire Hathaway Specialty Insurance Company, Northwest Insurance Company, United Stated Fidelity and Guaranty Company, Fist State Insurance Company, The American Insurance Company, Louisiana Insurance Guaranty Association, and the Traveler's Indemnity Company. Rec Doc. 1-8 at 2–3.

("Lamorak").[3] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court stays and administratively closes the instant action and sets a status conference for September 15, 2021.

## I. Background

In this litigation, Plaintiffs allege that Mr. Dempster was employed by Avondale from 1962 to 1994.[4] During that time, Plaintiffs aver that Mr. Dempster was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Mr. Dempster breathing in asbestos fibers and later developing asbestos-related cancer.[5] Plaintiffs assert strict liability and negligence claims against various Defendants.[6]

Mr. Dempster filed a "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on March 14, 2018.[7] Defendants Huntington Ingalls Incorporated and Albert Bossier, Jr. (the "Avondale Interests"), J. Melton Garret, and Lamorak Insurance Company removed the case to the United States District Court for the Eastern District of Louisiana for the first time on June 21, 2018.[8] On January 7, 2019, this Court remanded the case to the Civil District Court for the Parish of Orleans.[9]

Mr. Dempster passed away on November 24, 2018, and a First Supplemental and

---

[3] Rec. Doc. 310.

[4] Rec. Doc. 1-2 at 5.

[5] *Id.*

[6] *Id.* at 7–8.

[7] Rec. Doc. 1-2.

[8] Case No. 18-6158, Rec. Doc. 1 at 2.

[9] Case No. 18-6158, Rec. Doc. 89.

Amending Petition for Damages was filed in state court substituting Mr. Dempster's heirs as Plaintiffs on January 17, 2019.[10] Trial was scheduled to begin before the state trial court on January 13, 2020.[11] However, on January 9, 2020, Avondale removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[12] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[13]

On May 5, 2021, Lamorak filed the instant "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay."[14] The Avondale Interests adopted the motion to stay.[15] On May 25, 2021, Plaintiffs filed an opposition.[16] On May 27, 2021, with leave of Court, Lamorak filed a reply brief in further support of the motion to stay.[17]

## II. Parties' Arguments

### A. Lamorak's Arguments in Support of the Motion to Stay

In the instant motion, Lamorak requests a stay of the instant case and a continuance of the October 25, 2021 trial date.[18] Lamorak raises three arguments in favor of a stay. First, Lamorak

---

[10] Rec. Doc. 1-8.

[11] Rec. Doc. 1-12.

[12] Rec. Doc. 1.

[13] Rec. Doc. 17.

[14] Rec. Doc. 310.

[15] Rec. Doc. 314.

[16] Rec. Doc. 317.

[17] Rec. Doc. 320.

[18] Rec. Doc. 310-2 at 7.

asserts that it has been declared insolvent and placed into liquidation.[19] Specifically, Lamorak avers that Bedivere Insurance Company ("Bedivere"), a foreign insurance company that includes by merger Lamorak, was declared insolvent and placed into liquidation on March 11, 2021 by Judge Brobson in the Commonwealth Court of Pennsylvania.[20] Lamorak points to the Liquidation Order issued by the Commonwealth Court of Pennsylvania, which states:

> All above-enumerated actions currently pending against Bedivere in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed; relief sought in these actions shall be pursued by filing a proof of claim against the estate of Bedivere pursuant to Section 538 of Article V, 40 P.S. § 221.38.[21]

Lamorak now urges the Court to enforce the permanent stay of claims against Lamorak instituted by the Commonwealth Court of Pennsylvania.[22]

Second, Lamorak argues that under Louisiana Revised Statute § 22:2068 ("La. R.S. 22:2068"), claims against Lamorak and any party Lamorak is obligated to defend are subject to an automatic statutory stay of claims.[23] Lamorak contends that it is an "insolvent insurer" under the terms of Louisiana Revised Statute § 22:2055(7), the Louisiana Insurance Guaranty Association Law.[24] Therefore, Lamorak asserts that the Louisiana Insurance Guaranty Association ("LIGA") "has all rights, duties and obligations of the insolvent insurer, herein Bedivere Insurance Company/Lamorak, as if the insurer had not become insolvent, including the obligation to defend

---

[19] *Id.* at 1.

[20] *Id.*

[21] *Id.* at 2.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 3.

the insured(s)."[25] Lamorak claims that as an insolvent insurer, La. R.S. 22:2068 mandates a stay of claims against Lamorak and any party it is obliged to defend, including the Avondale Interests, Eagle, Inc., and McCarty Corporation, for a period of six months or until September 11, 2021.[26]

Third, and finally, Lamorak argues that this Court "has inherent authority to stay proceedings to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[27] Lamorak contends that a "stay of all proceedings is justified under the court's inherent authority."[28]

The Avondale Interests adopted the arguments set forth in the motion to stay.[29]

**B.     *Plaintiffs' Arguments in Opposition to the Motion to Stay***

Plaintiffs contend that a stay of this matter is not warranted given that deadlines for discovery and the filing of dispositive motions has passed and therefore, "there is no risk of discovery occurring without LIGA being able to participate."[30]

Plaintiffs further claim that La. R.S. 22:2068 does not apply to this case because it is a state procedural law.[31] Even if the Louisiana statute is applied, however, Plaintiffs argue that it should apply only to stay claims against Lamorak, not the entire matter.[32] Plaintiffs contend that in the

---

[25] *Id.*

[26] *Id.* at 2–7.

[27] *Id.* at 7 (internal quotation marks omitted).

[28] *Id.*

[29] Rec. Doc. 314.

[30] Rec. Doc. 317 at 4.

[31] *Id.*

[32] *Id.* at 7.

event a stay is issued until September 11, 2021, it should not affect the October 25, 2021 trial date in this matter.[33]

### C.      *Lamorak's Arguments in Further Support of the Motion to Stay*

In reply, Lamorak reasserts its argument that a stay of Plaintiffs' claims against Lamorak is "clearly necessary and authorized by law."[34] In addition to a stay, Lamorak argues that this Court should continue the October 25, 2021 trial date in this matter.[35] Lamorak claims that because the proposed stay would expire a little more than a month prior to trial, it "is in the interests of justice" to continue the trial to "protect the rights of the parties affected by the insolvency of Lamorak."[36]

Lamorak further argues that LIGA does not simply "step[] into the shoes" of Lamorak, but instead has "additional limitations and defenses" that Lamorak did not have.[37] Lamorak contends that La. R.S. 22:2068 is "not merely a procedural stay" but instead "provides substantive rights to insureds who are adversely affected by the insolvency of their insurer."[38] Lamorak claims that the automatic stay under La. R.S. 22:2068 "prevents claims proceeding for a short period of time against insureds who will be prejudiced by not having insurance to pay for the defense of the suit" and also "provides the time necessary for LIGA to evaluate its obligations."[39]

---

[33] *Id.* at 2.

[34] Rec. Doc. 320 at 1.

[35] *Id.*

[36] *Id.*

[37] *Id.* at 2–3.

[38] *Id.* at 3.

[39] *Id.* at 4.

### III. Legal Standard for a Motion to Stay

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[40] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[41] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[42] Furthermore, a district court may exercise this discretionary power *sua sponte*.[43]

### IV. Analysis

Lamorak moves the Court to stay all proceedings in the instant matter due to Lamorak being declared insolvent and placed into liquidation by the Commonwealth Court of Pennsylvania on March 11, 2021.[44] Lamorak provides three bases to stay this matter, urging this Court to (1) enforce the permanent stay of claims against it initiated by the Commonwealth Court of Pennsylvania; (2) enforce the automatic statutory six-month stay of claims against it and any party it is obligated to defend as set forth by La. R.S. 22:2068; and (3) use its inherent authority to stay proceedings for judicial economy and allow LIGA time to determine its obligations in this

---

[40] 299 U.S. 248, 254 (1936).

[41] *Id.* at 254–55.

[42] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[43] *See Begum v. Miner*, 213 F.3d 639, at *1 n.1 (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir. 1999) ("we have held that the district court may *sua sponte* stay a suit as a form of abstention.").

[44] Rec. Doc. 310-2 at 1–2.

matter.[45] Lamorak also seeks to continue the October 25, 2021 trial date.[46] The Avondale Interests represent that they are insureds of Lamorak and therefore adopt the arguments set forth by Lamorak in the instant motion to stay.[47]

The Court will stay all proceedings against Lamorak pursuant to the liquation order of the Commonwealth Court of Pennsylvania. As the Court recently noted in a similar case,[48] Fifth Circuit precedent holds that "insolvent insurers are subject to the comprehensive oversight of state administrative agencies and courts" and "[f]ederal law consigns to the states the primary responsibility for regulating the insurance industry."[49] Accordingly, the Fifth Circuit in *Clark v. Fitzgibbons* held that "allowing a creditor or claimant to proceed against an insolvent insurer in federal court while a state insolvency proceeding is pending would usurp [the state's] control over the liquidation proceeding by allowing [the claimant] to preempt others in the distribution of [the insurance company's] assets."[50] The Fifth Circuit, relying on the full faith and credit clause of the United States Constitution, explained that "a federal court judgment against [an Arizona insolvent insurer] inevitably would destabilize Arizona's efforts to manage [the] insolvency."[51]

---

[45] *Id.* La. R.S. 22:2068(A) provides: All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

[46] Rec. Doc. 310-2 at 7.

[47] Rec. Doc. 314.

[48] *Gooding v. Liberty Mutual Ins., et al.*, No. 20-1133, 2021 WL 2002463, at *1 (E.D. La. May 19, 2021) (Brown, C.J.).

[49] *Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997) (citing the McCarran–Ferguson Act).

[50] *Id.* (internal citation and quotation omitted)

[51] *Id.* at 1053.

Similarly, in *Anshutz v. J. Ray McDermott Co., Inc.*, an insurer was placed under a "Final Order of Liquidation" by the Circuit Court of Cook County, Illinois while an appeal against it was pending in federal court. [52] The Fifth Circuit stayed the appeal, holding that "[a]n orderly liquidation requires that this Court not interfere with the order of the Circuit Court of Cook County" and explaining that "[r]ecognition by this Court of the effectuation of the liquidation of this insurance company by the State of Illinois is in accordance with federal policy which directs that the control over the insurance business remain in the hands of the states."[53] Thus, in light of Fifth Circuit precedent admonishing courts to avoid interfering with state administrative processes involving insolvent insurers, the Court will stay the claims pending against Lamorak. [54]

The Court will also exercise its inherent authority to stay this matter as to all other defendants. There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," [55] and that this authority includes the district court's wide discretion to grant a stay in a pending matter. [56] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings. [57] In determining whether to grant a stay, courts

---

[52] *Anshutz v. J. Ray McDermott Co.*, 642 F.2d 94, 95 (5th Cir. 1981).

[53] *Id.*

[54] *See also Olin Corp. v. Lamorak Ins. Co.*, No. 84-1968 (JSR), 2021 WL 982426 (S.D.N.Y. Mar. 15, 2021) (staying an action in which Lamorak is a defendant in light of the Commonwealth Court of Pennsylvania's Liquidation Order in part under the "principles of comity.").

[55] *Landis*, 299 U.S. at 254.

[56] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[57] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also, Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

consider the following factors as set out in *Landis v. North American Co.*: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[58] Applying the *Landis* factors here, the Court finds a stay is warranted.

Under the first factor, as noted above, because Lamorak, the moving party, was declared insolvent in liquidation proceedings, "a stay is required so as not to interfere with its orderly liquidation."[59] Moreover, Lamorak is obliged to defend the Avondale Interests, Eagle, Inc., and McCarty Corporation. Staying claims against Lamorak but proceeding against Lamorak's insureds would be highly prejudicial to such insured parties. Furthermore, "absent a stay, LIGA would not have sufficient time to investigate the claims against Lamorak, now that LIGA stands in Lamorak's shoes as to those claims."[60] Given that the Court should "take into account the hardships these litigants and LIGA would experience were litigation to proceed before LIGA had the opportunity to prepare a defense" in weighing a stay,[61] the Court finds that the first *Landis* factor favors a stay.

Under the second *Landis* factor, Plaintiffs do not make any arguments regarding the prejudice they may face if the case is stayed. Regardless, even if there is a level of prejudice to Plaintiffs, the third *Landis* factor again weighs in favor of granting a stay. Proceeding with this case against parties other than Lamorak would frustrate judicial economy. Plaintiffs' claims

---

[58] *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2021 WL 2018073, at *4 (E.D. La. May 20, 2021) (Vance, J.) (quoting *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014)) (internal quotation marks omitted).

[59] *Id.*

[60] *Id.*

[61] *Id.*

against the non-Lamorak parties in this action all arise from the same transaction or occurrence, namely Mr. Dempster's alleged asbestos exposure while working for Avondale from 1962 to 1994. Consequently, all claims involve common questions of fact and law. A stay against only Lamorak would result in litigation "proceed[ing] in a haphazard and inefficient manner."[62] Accordingly, considering the three *Landis* factors, the Court finds that a stay against all parties is necessary.

Finally, Lamorak requests a continuance of the October 25, 2021 trial date in this matter. In opposition, Plaintiffs correctly note that all discovery and motions deadlines have passed, and the case is ready for trial. Therefore, it would be premature to continue the trial date in this matter at this time. Accordingly, the Court will schedule a status conference for September 15, 2021 to discuss the status of the case.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay"[63] filed by Defendant Lamorak Insurance Company is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED**.

---

[62] *Id.*

[63] Rec. Doc. 310.

11

**IT IS FURTHER ORDERED** that a status conference is set for September 15, 2021 at 3:00 PM.

**NEW ORLEANS, LOUISIANA**, this ____ 13th day of July, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**