UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLEN DEMPSTER et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-95** |
| **LAMORAK INSURANCE CO. et al.** | **SECTION: "G"** |

## ORDER AND REASONS

This litigation arises out of alleged asbestos exposure to Callen Dempster while working for Avondale Industries, Inc. ("Avondale") from 1962 to 1994.[1] Before the Court is Plaintiffs Tanna Faye Dempster, Steven Louis Dempster, Janet Dempster Martinez, Marla Dempster Loupe, Callen Louis Dempster, Jr., Annette Ruth Dempster Glad, and Barnett Lynn Dempster's (collectively, "Plaintiffs") "Motion for Review of and Objections to Magistrate Judge's Ruling."[2] In the motion, Plaintiffs object to and seek review of the Magistrate Judge's October 28, 2021 Order granting two Motions for Leave to File Supplemental Answers and Affirmative Defenses filed by Defendants Eagle, Inc. ("Eagle") and Albert L. Bossier, Jr. ("Bossier") (collectively, "Movants").[3] Movants oppose the motion.[4] Having considered the motion, the memoranda in support and in opposition, the arguments made during oral argument, the record, and the applicable law, the Court sustains Plaintiffs' objections, grants the motion, and vacates the Magistrate Judge's

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 358.

[3] *Id.* at 1.

[4] Rec. Docs. 362, 364, 366.

1

October 28, 2021 Order.

## I. Background

*A.    Factual Background*

According to the Petition, Plaintiffs allege that Mr. Dempster was employed by Avondale from 1962 to 1994.[5] During that time, Plaintiffs aver that Mr. Dempster was exposed to asbestos and asbestos-containing products in various locations and work sites, resulting in Mr. Dempster breathing in asbestos fibers and later developing asbestos-related cancer.[6] Plaintiffs assert strict liability and negligence claims against various Defendants.[7]

*B.    Procedural Background*

Mr. Dempster filed a Petition in the Civil District Court for the Parish of Orleans, State of Louisiana ("CDC"), on March 14, 2018.[8] Defendants removed the case to this Court for the first time on June 21, 2018.[9] On January 7, 2019, this Court remanded the case to CDC.[10]

Mr. Dempster passed away on November 24, 2018, and on January 17, 2019, a First Supplemental and Amending Petition was filed in state court substituting Mr. Dempster's heirs as Plaintiffs.[11] Trial was scheduled to begin before the state trial court on January 13, 2020.[12]

---

[5] Rec. Doc. 1-2 at 5.

[6] *Id.*

[7] *Id.* at 7–8.

[8] Rec. Doc. 1-2.

[9] Case No. 18-6158, Rec. Doc. 1 at 2.

[10] Case No. 18-6158, Rec. Doc. 89.

[11] Rec. Doc. 1-8.

[12] Rec. Doc. 1-12.

However, on January 9, 2020, Avondale removed the case to this Court for a second time.[13] On January 28, 2020, the Court denied the motion to remand, finding that this case was properly removed to this Court under the federal officer removal statute.[14] Additionally, on July 4, 2020, Mr. Dempster's surviving spouse, Louise Ella Simon Dempster, passed away.[15]

On May 5, 2021, Defendant Lamorak Insurance Company ("Lamorak") moved to stay the case.[16] Lamorak asserted that Bedivere Insurance Company ("Bedivere"), which includes Lamorak by merger, was declared insolvent by the Commonwealth Court of Pennsylvania.[17] On July 13, 2021, the Court granted the motion and stayed the case.[18] On September 15, 2021, upon joint motion of the parties, this Court lifted the stay and reopened the case.[19]

### C. Magistrate Judge's Decision

Two weeks later, Movants moved for leave to file supplemental answers asserting affirmative defenses that they allege were made available to them by Bedivere's insolvency.[20] Pursuant to Local Rule 72.1, the motion was automatically referred to the assigned Magistrate Judge for determination.

Plaintiffs opposed the motion for four reasons. First, Plaintiffs argued that Movants were dilatory in bringing their motions for leave to file amended answers because Bedivere became

---

[13] Rec. Doc. 1.

[14] Rec. Doc. 17.

[15] Rec. Doc. 238.

[16] Rec. Docs. 63, 310.

[17] Rec. Doc. 310.

[18] Rec. Doc. 321.

[19] Rec. Docs. 329, 330.

[20] Rec. Docs. 334, 335.

insolvent in March 2021, but Movants did not file their motions until October 2021.[21] Second, Plaintiffs argued that they will be prejudiced by the amendment because it will require significant additional discovery *after* discovery has already closed.[22] Third, Plaintiffs argued the amendment should be denied because their causes of action accrued before Bedivere became insolvent.[23] Fourth, Plaintiffs argued the amendment was futile.[24]

Ultimately, the Magistrate Judge granted Movants leave to file an amended Answer.[25] In making her decision, the Magistrate Judge was forced to decide whether the amendment would be futile and, consequently, weighed in on an issue of first impression regarding the interpretation of certain provisions in Louisiana's LIGA Law.[26] Plaintiffs then filed the instant Objections to and Motion for Review of the Magistrate Judge's Order.[27] Plaintiffs requested oral argument, which this Court held on December 1, 2021.[28]

## II. Parties' Arguments

### A. *Plaintiffs' Objections to the Magistrate Judge's Order*

Plaintiffs object to the Magistrate Judge's October 28, 2021 Order (the "Order") and move the Court to review the decision. First, Plaintiffs object that the Order "has the potential to change

---

[21] Rec. Doc. 355 at 2.

[22] *Id.* at 2–3.

[23] *Id.* at 3.

[24] *Id.*

[25] *Id.* at 20.

[26] *Id.* at 7–18.

[27] Rec. Doc. 358.

[28] Rec. Docs. 359, 365, 370.

4

the landscape of asbestos litigation moving forward" by deterring settlement.[29] Second, Plaintiffs contend that the Order retroactively applies "the 2010 amendment to the LIGA Law allowing for a dollar-for-dollar credit."[30] Third, Plaintiffs contend that Movants were dilatory by not filing their motion in the four months between the Bedivere insolvency order and this Court's stay order.[31] Next, Plaintiffs argue that the amendment is futile because the defenses in the proposed amendment either do not apply or cannot apply.[32] Finally, Plaintiffs contend that granting leave to amend will cause them severe prejudice.[33] Plaintiffs argue that the proposed amendment will completely upend this litigation by altering the credit owed to Movants.[34] Plaintiffs assert that this change will preclude settlement with any other parties and require significant additional discovery.[35]

**B.     *Movants' Arguments in Opposition to Plaintiffs' Objections***

In opposition, Movants assert they were not dilatory because they moved for leave to amend shortly after the stay was lifted.[36] Movants argue that the Magistrate Judge correctly concluded that the amendment is not futile because Movants maintain that they are entitled to certain statutory defenses.[37] Finally, Movants assert that the amendment is not unduly prejudicial because it will only require limited additional discovery and will not require a continuance of the

---

[29] Rec. Doc. 358-1 at 2.

[30] *Id.* at 3.

[31] *Id.* at 4–5.

[32] *Id.* at 12–20.

[33] *Id.* at 8.

[34] *Id.* at 8–12.

[35] *Id.*

[36] Rec. Doc. 362 at 7–8.

[37] *Id.* at 8–14.

trial.[38]

### III. Legal Standard

*A.     Standard of Review of a Magistrate Judge's Order*

With certain exceptions not applicable here, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the [district] court."[39] When objections are raised to non-dispositive pretrial matters, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law."[40] Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."[41]

*B.     Leave to Amend*

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the scheduling order's deadline to amend has expired.[42] Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[43] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[44] As the Fifth Circuit has explained, the four factors bearing on good cause in the context of untimely motions to amend

---

[38] *Id.* at 14.

[39] 28 U.S.C. § 636(b)(1)(A).

[40] Fed. R. Civ. P. 72(a).

[41] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[42] *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[43] Fed. R. Civ. P. 16(b)(4).

[44] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 535; 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

pleadings are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[45] Ultimately, whether to grant leave to amend is "tempered by the necessary power of a district court to manage a case."[46]

## IV. Analysis

Plaintiffs object to and seek review of the Magistrate Judge's October 28, 2021 Order granting two Motions for Leave to File Supplemental Answers and Affirmative Defenses filed by Eagle and Bossier.[47] Plaintiffs' primary argument is that amending the Answer would be futile because Movants are not entitled to the supplemental defenses they seek to add.[48] Plaintiffs also contend that Movants' motion should have been denied because Movants delayed in moving for leave to amend and because the proposed amendment will severely prejudice Plaintiffs.[49] In opposition, Movants argue that the Magistrate Judge correctly concluded that the statutory defenses are applicable.[50] Likewise, Movants assert that they were not dilatory in moving for leave to amend and that the amendment is not unduly prejudicial.[51]

The Magistrate Judge first considered whether the proposed amendment would be futile

---

[45] *Sw. Bell Tel. Co.*, 346 F.3d at 546 (quoting *S&W Enters.*, 315 F.3d at 536)).

[46] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987)) (applying the more deferential Federal Rule of Civil Procedure 15 analysis). *See also Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 WL 2861819, at *2 (E.D. La. June 23, 2014) (Milazzo, J.) (reversing Magistrate Judge's grant of leave to amend).

[47] Rec. Doc. 358.

[48] Rec. Doc. 358-1 at 8, 13–14.

[49] *Id.* at 4–6.

[50] Rec. Doc. 362 at 10–11.

[51] *Id.* at 6–7, 14.

before considering whether the amendment would cause undue prejudice.[52] The Court pretermits analysis of whether the amendment is futile because the issue of prejudice is conclusive. As the Fifth Circuit has explained, "[a] finding is clearly erroneous only if it is implausible in the light of the record considered as a whole."[53] The Magistrate Judge's Order was clearly erroneous in at least one respect. From the vantage point of the district judge, the practical realities of this particular case mandate that leave to amend be denied.

This litigation began in March of 2018.[54] Defendants first removed the case to this Court in June of 2018.[55] Mr. Dempster passed away on November 24, 2018.[56] This Court remanded the case to the Civil District Court for the Parish of Orleans on January 7, 2019. Once back in CDC, the case was set for trial on January 13, 2020.[57] However, on the Friday before trial, Defendants again removed the case to this Court.[58] The case was promptly set for trial in May of 2020. When the case was removed for the second time, discovery was not reopened. However, the Court allowed the parties to refile numerous dispositive and evidentiary motions that had previously been filed in state court. Thereafter, this Court ruled on seven dispositive motions[59] and twenty-three motions in limine and/or *Daubert* motions.[60]

---

[52] Rec. Doc. 355 at 7–18.

[53] *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006).

[54] Rec. Doc. 1-2.

[55] *Dempster v. Lamorak Ins. Co.*, No. 18-6158, Rec. Doc. 1.

[56] Rec. Doc. 1 at 4.

[57] *Id.*

[58] *Id.*

[59] Rec. Docs. 219, 236, 237, 243, 244, 245, 298.

[60] Rec. Docs. 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 259, 261, 262, 263, 264, 265, 266, 267, 268,

In March of 2020, the COVID-19 pandemic led to the suspension of jury trials in this Court. But for the pandemic, this case would have been tried in May of 2020. Instead, the trial was continued to October 19, 2020,[61] and then again to October 25, 2021.[62] Additionally, while trials were suspended, on July 4, 2020, Mr. Dempster's surviving spouse, Louise Ella Simon Dempster, passed away.[63]

Jury trials were to resume on September 20, 2021.[64] Unfortunately, this case was continued a third time because of Hurricane Ida.[65] Given the age of this case, the Court was inclined to set this trial as soon as possible after the Hurricane Ida-related suspension ended. However, due to the complexity and number of parties involved, selecting a date was a difficult logistical challenge. This was particularly so given the significant backlog in the Court's trial calendar created by the pandemic. Ultimately, the trial was set for March 7, 2022 to accommodate maternity leave for one of the defense counsel.[66]

However, for all practical purposes, the case has been ready for trial for almost two full years—since January of 2020. After Defendants removed this case a second time, the Court decided seven different dispositive motions.[67] That total does not include the many other issues

---

269, 270, 271, 272.

[61] Rec. Doc. 225.

[62] Rec. Doc. 329.

[63] Rec. Doc. 238.

[64] *See* EDLA Gen. Order 21-11.

[65] *See* EDLA Gen. Order 21-14.

[66] Rec. Docs. 329, 330.

[67] Rec. Docs. 219, 236, 237, 243, 244, 245, 298.

the Court has decided, including but not limited to, a motion to remand,[68] a motion to stay,[69] four motions for reconsideration,[70] and twenty-three motions in limine and/or *Daubert* motions.[71] Notably, Movants have been on notice of Bedivere's insolvency since at least March 2021.[72] In the two months before Lamorak filed its motion to stay, Movants never requested leave to file their amended answers. Even then, it was unlikely the Court would have allowed Movants' proposed amendment because this case has been ready for trial ever since it was removed for the second time.

Considering the sheer volume of issues that have already been decided, this case must proceed to trial. To allow amendment at this stage will have an unsettling and disruptive effect on this case. Plaintiffs have negotiated numerous settlements under the assumption that one set of rules applied to this case. This amendment may cause those settlements already entered to operate to the detriment of Plaintiffs. This is particularly prejudicial when considering that this case should have been tried nearly two full years ago. Earlier settlement agreements would not have been affected had this case proceeded to trial as it should have in May 2020. For all purposes, this case is ready for trial. Allowing this amendment at the end stage of this litigation would have a confounding effect on not just Plaintiffs, but also on other Defendants in this case. At the end stages of this litigation, all parties would be prejudiced by changing the rules, reopening discovery, and delaying this case even longer.

---

[68] Rec. Doc. 17.

[69] Rec. Doc. 321.

[70] Rec. Docs. 227, 299, 300, 301.

[71] Rec. Docs. 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 259, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272.

[72] *See* Rec. Doc. 310.

Additionally, the demands on the Court's time that would result from amendment are impracticable. As explained above, this Court has already decided numerous issues and motions, even though the case was removed on the eve of trial and all pre-trial issues had been resolved by the state court. At oral argument, Movants assured the Court that their amendment would require only limited additional discovery. However, discovery is closed and has been closed since October 2019.[73] This Court has never reopened discovery because this case has been ready for trial since it was removed for the second time in January 2020. If the Court allows this amendment and reopens discovery, what happens if another insurer becomes insolvent before the March trial? Must the Court start this litigation all over again?

At oral argument, Movants also assured the Court that they would not request a continuance of the trial based on this amendment. This assurance is disingenuous. There is simply not enough time to reopen discovery and to decide related motions by the pretrial conference date. This amendment will effectively force a continuance to allow the Court adequate time to address the issues that will arise from this amendment and additional discovery. Two months may be adequate time in an ordinary case, but this is an asbestos case. Asbestos litigation is complex and time-consuming given the gravity of the alleged harm and the large number of interested parties. In such complex cases, even the most limited additional discovery can lead to large complications. At oral argument, Plaintiffs asserted that there are documents and information relevant to the proposed amendment not in their possession. Movants noted that Plaintiffs need not turn over documents or information not in their control, but Plaintiffs retorted that such a response will inevitably lead to a motion to compel from Movants. As it stands, if this Court reopened discovery—even for a limited purpose—there is an exceptionally short time between when discovery would close and

---

[73] *See* Rec. Docs. 226, 332-1.

the February 16, 2022 pretrial conference. All issues must be decided before the February 16, 2022 pretrial conference if this trial is to proceed as scheduled.

Additionally, if this Court were to reopen discovery, it would be unfair to deny Movants an opportunity to file any motions that may arise out of that discovery. That will likely include additional motions in limine. Given the tight turnaround between when discovery would close and the pretrial conference, allowing Movants to amend their Answers will in all likelihood require a continuance of the trial date if for no other reason than to allow the Court sufficient time to address additional motions before the pretrial conference. Yet, to continue this matter again, after this many years and the death of two Plaintiffs, would cause great prejudice to all parties.

This outcome is consistent with other asbestos litigation in this Court. Indeed, this case is markedly similar to *Savoie v. Pennsylvania General Insurance Co.*[74] In that case, the Magistrate Judge denied Eagle's motion for leave to file supplemental answer, finding that amendment "[would] not promote the economic and speedy disposition of the entire controversy between the parties, [would] cause undue delay and trial inconvenience, and [would] prejudice the rights of the other parties to the action."[75] There, Eagle moved for leave to amend its answer two months before the case was set to proceed to trial.[76] Likewise, in this case, when the stay was lifted on September 15, 2021, trial was set for just *one* month later, on October 25, 2021.[77] As explained above, the trial was reset for March 2022 to accommodate an attorney's maternity leave. Otherwise, this case would have proceeded to trial before the end of 2021. Here, like in *Savoie*, granting leave to amend

---

[74] *See Savoie v. Penn. Gen. Ins. Co.*, Case No. 15-1220.

[75] *Savoie v. Penn. Gen. Ins. Co.*, Case No. 15-1220, Rec. Doc. 623.

[76] *See Id.* (denying leave to amend). *See also Savoie v. Penn. Gen. Ins. Co.*, Case No. 15-1220, Rec. Docs. 604 (moving for leave to amend on September 21, 2021), 671 (noting trial set for November 30, 2021).

[77] *See* Rec. Doc. 329.

"[would] not promote the economic and speedy disposition of the entire controversy between the parties, [would] cause undue delay and trial inconvenience, and [would] prejudice the rights of the other parties to the action."[78]

Now, as the *fifth* trial date fast approaches, this amendment will disrupt and destabilize this litigation. Crucially, nothing about the LIGA Law requires that Movants make this amendment at this specific stage of the litigation. The credit that Movants are owed only becomes an issue if Movants are cast in judgment *and* Plaintiffs attempt to collect against the Association. Then, Plaintiffs, Movants, and the Association can litigate the credit owed to the Association and/or Movants. To permit this amendment at this stage in the litigation would only create a new set of issues to be resolved, all of which could be handled after trial. Nevertheless, even if it cannot, this litigation has proceeded too far to allow any amendment without undue prejudice. Therefore, the Court finds that allowing this amendment at this stage of the litigation would cause undue prejudice. Accordingly, Movants' request for leave to amend their answers must be denied.

---

[78] *Savoie v. Penn. Gen. Ins. Co.*, Case No. 15-1220, Rec. Doc. 623.

## V. Conclusion

Based on the foregoing, the Court sustains Plaintiffs' objections, grants Plaintiffs' motion, and reverses the Magistrate Judge's October 28, 2021 Order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Objections are **SUSTAINED**, the Motion is **GRANTED**,[79] and the Magistrate Judge's October 28, 2021 Order is **REVERSED**.

**NEW ORLEANS, LOUISIANA**, this 14th day of December, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[79] Rec. Doc. 358.